1  Richard J. Reynolds (SBN 89911)
   E-mail:  rreynolds@bwslaw.com
2  Fabio R. Cabezas (SBN 131998)
   E-mail:  fcabezas@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   1851 East First Street, Suite 1550
4  Santa Ana, CA  92705-4067
   Tel:  949.863.3363   Fax:  949.863.3350
5
6  Attorneys for Defendant
   SPECIAL DEFAULT SERVICES, INC.
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  CECILIA MANGAOANG,                    Case No.  5:19-cv-03125-LHK

12              Plaintiff,                **NOTICE OF MOTION AND MOTION TO
                                          DISMISS COMPLAINT AGAINST
13        v.                              SPECIAL DEFAULT SERVICES, INC.
                                          FOR FAILURE TO STATE A CLAIM
14  SPECIAL DEFAULT SERVICES, INC.;       UPON WHICH RELIEF MAY BE
    TRINITY FINANCIAL SERVICES, LLC;      GRANTED; MEMORANDUM OF POINTS
15  NEWPORT BEACH HOLDINGS, LLC;          AND AUTHORITIES IN SUPPORT
    WILMINGTON TRUST, NA,                 THEREOF**
16  SUCCESSOR TRUSTEE TO CITIBANK,
    N.A. AS TRUSTEE, FOR THE BENEFIT      **[Filed Concurrently with Request for
17  OF REGISTERED HOLDERS OF              Judicial Notice]**
    STRUCTURE ASSET MORTGAGE
18  INVESTMENTS II TRUST 2007-AR3,        **[Fed. R. Civ. P. Rule 12 (b)(6)]**
    MORTGAGE PASS-THROUGH
19  CERTIFICATES, SERIES 2007-AR3,        Date:      October 24, 2019
                                          Time:      1:30 p.m.
20              Defendants.               Judge:     Hon. Virginia K. DeMarchi
                                          Courtroom: 2
21

22

23  **TO THE HONORABLE VIRGINIA K. DEMARCHI, UNITED STATES DISTRICT**

24  **JUDGE, AND TO PLAINTIFF CECILIA MANGAOANG ("PLAINTIFF"):**

25         **PLEASE TAKE NOTICE** that on October 24, 2019, at 1:30 p.m., or as soon thereafter

26  as the matter may be heard, in Courtroom 2 on the 5th Floor of the above entitled court, located at

27  the San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, SPECIAL DEFAULT

28  SERVICES, INC. ("SDS") will and does hereby move this Court to dismiss the Complaint of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1          - 1 -          NOTICE OF MOTION AND MOTION TO DISMISS
                                               COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                               INC. FOR FAILURE TO STATE A CLAIM

1    Plaintiff *with prejudice*, for failure to state a claim upon which relief may be granted.  This

2    Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure:

3           Specifically and further, SDS moves to dismiss with prejudice the entire Complaint and

4    the following claims:

5           1.      The entire Complaint is barred by the doctrine of judicial estoppel.

6           2.      The entire Complaint is barred by res judicata.

7           3.      The First, Third, Fourth, Fifth and Sixth Claims are barred by collateral estoppel.

8           4.      The entire Complaint is barred by Plaintiff's violation of FRCP, Rules 8 and 9(b),

9    as to all the claims found in the Complaint as to SDS.

10          5.      Plaintiff's First Claim for Quiet Title fails to state a claim upon which relief may

11   be granted.

12          6.      Plaintiff's claim for damages found in First Claim for Quiet Title fails on grounds

13   of failure to state a claim upon which relief may be granted.

14          7.      Plaintiff's Second Claim for "Fair Debt Collection Practices Act (15 USC § 1692

15   et seq.) ("FDCPA") fails to state a claim upon which relief may be granted.

16          8.      Plaintiff's Third Claim for Cancellation of Instrument(s) fails on grounds of failure

17   to state a claim upon which relief may be granted.

18          9.      Plaintiff's claim for damages found in Third Claim for Cancellation of

19   Instrument(s) fails on grounds of failure to state a claim upon which relief may be granted.

20          10.     Plaintiffs' Fourth Claim for Wrongful Foreclosure fails on grounds of failure to

21   state a claim upon which relief may be granted.

22          11.     Plaintiff's claim for damages found in Fourth Claim for Wrongful Foreclosure

23   fails on grounds of failure to state a claim upon which relief may be granted.

24          12.     Plaintiff's Fifth Claim for Replevin fails on grounds of failure to state a claim

25   upon which relief may be granted.

26          13.     Plaintiff's claim for damages found in Fifth Claim for Replevin on grounds of

27   failure to state a claim upon which relief may be granted.

28   / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                    - 2 -          NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1    14.    Plaintiff's Sixth Claim for Defamation fails on grounds of failure to state a claim

2   upon which relief may be granted.

3    15.    Plaintiff's claim for damages found in Sixth Claim for Defamation fails on

4   grounds of failure to state a claim upon which relief may be granted.

5    This Motion will be made and based upon this Notice, SDS' Memorandum of Points and

6   Authorities submitted herewith, SDS' Request for Judicial Notice in Support of this Motion,

7   which is concurrently filed under separate cover, the Notice of Motion and Motion to Dismiss of

8   Defendants Trinity Financial Services, LLC ("Trinity") and Newport Beach Holdings, LLC

9   ("NBH") (collectively, "Trinity Defendants"); their Memorandum of Points and Authorities and

10  their Request for Judicial Notice in support of their Motion to Dismiss and upon all pleadings,

11  papers and documents on file herein, together with those matters of which judicial notice has been

12  requested, and any oral argument which may be presented at the time of the hearing.

13  Dated:  July 11, 2019                         Burke, Williams & Sorensen, LLP

14

15                                   By: /s/ Fabio R. Cabezas

16                                       Richard J. Reynolds
                                        Fabio R. Cabezas
17                                       Attorneys for Defendant
                                        SPECIAL DEFAULT SERVICES, INC.

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4825-8786-7804 v1                    - 3 -              NOTICE OF MOTION AND MOTION TO DISMISS
                                                            COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                            INC. FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................. 1

II. BACKGROUND .................................................................................. 2

    A.  Loan and Foreclosure Background ................................................ 2

    B.  Bankruptcy Case History ............................................................. 3

        1.  In re: Cecilia Mangaoang, Voluntary Petition Under Chapter 13 of the U.S. Bankruptcy Code filed on March 11, 2009, in the United States Bankruptcy Court, Northern District, Case Number 09-51662 ("2009 Bankruptcy Case") ............................................................ 3

        2.  In re: Cecilia Mangaoang, Voluntary Petition under Chapter 13 of the U.S. Bankruptcy Code filed on December 8, 2016, in the United States Bankruptcy Court, Northern District, Case Number 16-53447 ("2016 Bankruptcy Case") ....................................................... 4

        3.  In re: Cecilia Mangaoang, Voluntary Petition under Chapter 13 of the U.S. Bankruptcy Code filed on January 31, 2017, in the United States Bankruptcy Court, Northern District , Case no. 17-50208 ("2017 Bankruptcy Case"). ..................................................... 4

        4.  In re: Cecilia Mangaoang,  Voluntary petition under Chapter 13 of the U.S. Bankruptcy Code filed on October 4, 2018, in the United States Bankruptcy Court, Northern District, case no. 18-52245 ("2018 Bankruptcy Case") .......................................................... 5

        5.  Cecilia Mangaoang v. Special Default Services, Inc. et al., adv. case no. 18-05062 in the United States Bankruptcy Court, Northern District action ("2018 Adversary Case"). ...................................... 5

    C.  State Civil Case History ................................................................ 6

        1.  Trinity Financial Services, LLC v. Cecilia Mangaoang, Superior Court of the State of California, County of Santa Clara, case number 18CV339119 ("UD Action") ............................................. 6

III. LEGAL STANDARDS APPLICABLE TO A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) ......................................................... 6

    A.  General Pleading Requirements. .................................................... 6

    B.  Plaintiff's Complaint In Its Entirety Asserts Conclusions, Implausible Statements, and Contradictory Statements Against SDS in Violation of the Rules of Pleading ................................................................... 7

    C.  Construction of Exhibits Referred to in the Complaint or Attached to a Rule 12(b)(6) Motion. ................................................................ 8

IV. THE ADV DISMISSAL IS RES JUDICATA BARRING THIS ACTION ...................... 9

V.  JUDICIAL ESTOPPEL BARS THIS ACTION ........................................... 10

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1

- i -

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**
(continued)

Page

VI.    THE UD JUDGMENT IS COLLATERAL ESTOPPEL OR RES JUDICATA BARRING CLAIMS ARISING FROM THE FORECLOSURE AND THE VALIDITY OF TITLE BEING GRANTED TO TRINITY............................................. 12

VII.    SDS' CONDUCT WAS PRIVILEGED ......................................................... 13

VIII.    SDS OWES NO DUTIES TO PLAINTIFF OTHER THAN THOSE STATED IN THE SECOND DOT OR BY STATUTE ........................................................ 14

IX.    THE PRESUMPTION IS THE SALE WAS CONDUCTED REGULARLY AND FAIRLY ................................................................................................ 16

X.    PLAINTIFF HAS FAILED TO MAKE A VALID AND STRAIGHTFORWARD OFFER OFTENDER NEGATING THE ABILITY TO CHALLENGE THE SALE...... 17

XI.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR QUIET TITLE AGAINST SDS .................................................................................... 18

XII.    PLAINTIFF HAS FAILED TO STATE CLAIM FOR CANCELLATION OF INSTRUMENTS AND WRONGFUL FORECLOSURE AGAINST SDS ..................... 19

XIII.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR REPLEVIN AGAINST SDS ............................................................................................... 20

XIV.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DEFAMATION AGAINST SDS .................................................................................... 21

XV.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF THE FDCPA AGAINST SDS ......................................................................... 22

XVI.    CONCLUSION ................................................................................. 24

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                       - ii -

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
### Federal Cases

4

Albrecht v. Lund,
5
    845 F.2d 193 (9th Cir. 1988)......................................................................24

6
Allen v. City of Beverly Hills,
    911 F.2d 367(9th Cir.)............................................................................24
7

Andrade v. Wachovia Mortg., FSB,
8
    2009 WL 1111182 (S.D. Cal.) ..............................................................19

9
Ashcroft v. Iqbal,
10
    556 U.S. 662 (2008)..........................................................................6, 7

11
Bank of America, N.A. v. Knight,
    725 F.3d 815 (7th Cir. 2013)....................................................................8
12

Bell Atlantic v. Twombly,
13
    550 U.S. 544 (2007)..........................................................................6, 7

14
Bissessur v. Indiana Univ. Bd. of Trustees,
15
    581 F.3d 599 (7th Cir. 2009).....................................................................8

16
Bushlow v. MTC Financial, Inc.,
    2019 WL2295681 (9th Cir.)..................................................................23
17

Caltex Plastics, Inc. v. Lockheed Martin Corporation,
18
    824 F.3d 1156 (9th Cir. 2016)...................................................................7

19
Chaparro v. Carnival Corp.
20
    693 F3d 1333 (11th Cir. 2012)..................................................................8

21
Cisneros v. Instant Capital Funding Group,
    263 F.R.D. 595 (E.D. Cal. 2009) .............................................................14
22

Dancy v. Aurora Loan Services, LLC
23
    2011 WL 835787 (N.D. Cal).................................................................12

24
Duenas v. Ocwen Loan Servicing Corp,
25
    2014 WL 4627203 (E.D. Cal.).................................................................18

26
Emrich v. Touche Ross & Co.,
    846 F.2d 1190 (9th Cir. 1988).....................................................................8
27

Fortaleza v. PNC Financial Services Group, Inc.,
28
    642 F. Supp.2d 1012 (N.D. Cal. 2009) ......................................................21

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1

- iii -

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

Hamilton v. State Farm Fire & Casualty Company
   270 F.3d 778 (9th Cir.2001).................................................................................11

Ho v. ReconTrust Co., NA,
   858 F.3d 568 (9th Cir. 2016)..........................................................................22, 23

Jacobson v. Balboa Arms Drive Trust #5402,
   2011 WL 2784126 (S.D. Cal.) .........................................................................14

Kramer v. Federal Home Mortgage Loan Corporation,
   2012 WL 13015002 (C.D. Cal. 2012)...............................................................12

Morris v. Morgan Stanley & Co.,
   942 F.2d 648 (9th Cir. 1991)............................................................................10

Ngoc Nguyen v. Wells Fargo Bank, N.A.,
   749 F.Supp.2d 1022 (N.D. Cal. 2010) .............................................................17

Obduskey v. McCarthy & Holthus LLP,
   139 S.Ct. 1029 (2019 ......................................................................................23

Parks School of Business, Inc. v. Symington,
   51 F.3d 1480 (9th Cir. 1995)..............................................................................8

Razawi v. F.D.I.C.,
   2009 WL 2914120 (E.D. Cal.) .........................................................................18

Reynoso v. Paul Financial, LLC,
   2009 WL 3833298 (N.D.Cal.).........................................................................17

Rieber v. One West Bank FSB,
   2014 U.S. Dist. LEXIS 62682 (S.D. Cal. May 6, 2014).............................................7

Rodriguez v. JP Morgan Chase & Co.,
   809 F.Supp.2d 1291 (S.D. Cal. 2011) ..............................................................14

Russell v. Rolfs,
   893 F.2d 1033 (9th Cir.1990)...........................................................................11

Schlegel v. Wells Fargo Bank, NA,
   720 F.3d 1204 (9th Cir. 2013)..........................................................................23

Shwarz v. United States,
   234 F.3d 428 (9th Cir. 2000)..............................................................................8

Stan Lee Media Inc. v. Lee,
   2012 WL 4048871 (C.D. Cal.)...........................................................................9

Stewart v. US Bancorp,
   297 F.3d 953 (9th Cir.2002)...............................................................................9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

<u>Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg. Planning Agency</u>,
   322 F.3d 1064 (9th Cir.2003)........................................................................9

<u>Thompson v. Illinois Dept. of Professional Regulation</u>
   300 F3d 750 (7th Cir. 2002)........................................................................8

<u>Wheeler v. Premiere Credit of N. Am., LLC</u>,
   80 F. Supp. 3d 1108 (S.D. Cal. 2015).......................................................22

<u>Wood v. Aegis Wholesale Corp.</u>,
   2009 WL 1948844 (E.D. Cal.).....................................................................18

### State Cases

<u>Banc of America Leasing & Capital, LLC v. Three Arch Trustee Services, Inc.</u>,
   180 Cal.App.4th 1090 (2009).......................................................................13

<u>Biancalana v. T.D. Service Company</u>,
   56 Cal.4th 807 (2013) ..................................................................................16

<u>Brown v. Busch</u>,
   152 Cal.App.2d 200 (1957)..........................................................................16

<u>Citrus El Dorado, LLC v. Chicago Title Co.</u>,
   32 Cal.App.5th 943 (2019)...................................................................15, 16

<u>Diediker v. Peelle Financial Corp.</u>
   60 Cal.App.4th 288 (1997)...........................................................................14

<u>Fleisher v. Continental Auxiliary Co.</u>,
   215 Cal.App.2d 136-140 (1963) ..................................................................15

<u>Garretson v. Post</u>,
   156 Cal.App.4th 1508 (2007).......................................................................14

<u>Guerin v. Kirst</u>,
   33 Cal.2d. 402 (1949) ..................................................................................20

<u>Heritage Oaks Partners v. First American Title Ins. Co.</u>
   (2007) 155 Cal.App.4th 339 ........................................................................15

<u>Kachlon v. Markowitz</u>,
   168 Cal.App.4th 316 (2008).........................................................................14

<u>Majd v. Bank of Am., N.A.</u>
   243 Cal.App.4th 1293 (2016).......................................................................19

<u>Miles v. Deutsche Bank National Trust Co.</u>,
   236 Cal.App.4th 394 (2015).........................................................................17

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1     - V -     NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

<u>Moeller v. Lien</u>,
  25 Cal. App. 4th 822 (1994)..................................................................................23

<u>Monterey S.P. Partnership v. W.L. Bangham, Inc.</u>
  (1989) 49 Cal.3d 454 .........................................................................................15

<u>Pro Value Properties, Inc. v. Quality Loan Service Corp.</u>
  (2009) 170 Cal.App.4th 579 ..........................................................................14, 15

<u>Shimpones v. Stickney</u>,
  219 Cal. 637 (1934) ............................................................................................19

<u>Thompson v. Ioane</u>,
  11 Cal.App.5th 1180 (2017)................................................................................19

**Federal Statutes**

15 U.S.C. § 1692(e) ........................................................................................................22

15 U.S.C. § 1692a(3) .....................................................................................................22

15 U.S.C. § 1692a(5) .....................................................................................................22

15 U.S.C. § 1692a(6) ................................................................................................22, 23

15 U.S.C. §§ 1692a-1692o .............................................................................................22

15 U.S.C. § 1692e ..........................................................................................................22

15 U.S.C. § 1692f(6) ......................................................................................................23

**State Statutes**

Civ. Code § 47 ...............................................................................................................13

Civ. Code § 2020.5 ........................................................................................................18

Civ. Code §§ 2920-2944.5 .............................................................................................13

Civ. Code § 2924 ..............................................................................................16, 20, 21

Civ. Code § 2924(a)(1) ..................................................................................................23

Civ. Code § 2924(c) .......................................................................................................16

Civ. Code § 2924(d)........................................................................................................13

Code Civ. Proc. § 764.030 .............................................................................................18

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1

- vi -

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

**Other Authorities**

FRCP, Rule 9(b) ........................................................................................20, 21

FRCP, Rule 12(b)(6) ......................................................................................6, 8

FRCP, Rule 8 .............................................................................................7, 20

FRCP, Rule 8(a) ................................................................................................7

FRCP, Rule 9(b) ................................................................................................8

FRCP, Rule 41(b) .........................................................................................2, 9

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4825-8786-7804 v1

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Complaint is a sham. It consists of claims of quiet title, violation of FDCPA, cancellation of instruments, wrongful foreclosure, replevin, and defamation. Plaintiff's intent is to harass defendants for the foreclosure of the subject real property and because she was evicted from the property after an unlawful detainer judgment. Plaintiff is a serial bankruptcy filer, who abused the bankruptcy court to delay foreclosure and to file a specious adversary complaint.

Plaintiff's complaint is patently false and implausible. She literally contends that *each and every* act committed and document drafted, signed, and/or recorded from loan origination to when the trustee's deed upon sale was recorded was marked by fraud, falseness, or some material error. That is not possible and as such, the complaint provides no notice of the claims asserted sufficient for SDS to defend against them.

The complaint is marked by consistencies. In one breadth, Plaintiff claims defects with the subject deed of trust and loan, including but not limited to, its assignment. In the next breadth, she claims to have submitted a loan modification application with the intent of wanting a loan modification. In one breadth, she claims the deed of trust and note are void or voidable, and in other breadths, she claims she had the ability to tender when the foreclosure sale took place and later she pleads that she satisfied the debt. Plaintiff's complaint is replete with conclusions unsupported by sufficient facts against SDS, and *facts are required when suit is brought against a foreclosure trustee like SDS which is afforded a number of statutory protections and immunities, as discussed below.*

Plaintiff's complaint is blatantly inconsistent with her bankruptcy filings in 2017 and 2018 giving rise to the defense of judicial estoppel. In those filings, Plaintiff states she has no claims, demands, or lawsuits as to third parties. Plaintiff identifies her first and second deeds of trust as secured claims on the Property, and that the deeds of trust are undisputed [contrary to her pleading]. Plaintiff filed a motion re: valuation of residence ("Motion to Value") on May 1, 2017 in one of her bankruptcies. In the Motion to Value, Plaintiff's declaration admits to first and second deeds of trust secured loans with balances owing.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                  - 1 -                  NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1       The defense of res judicata is also availing to SDS because a bankruptcy court earlier

2   dismissed Plaintiff's adversary pleadings consisting of essentially identical claims and facts

3   pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 41(b), which is adjudication on the

4   merits.  The defense of res judicata or collateral estoppel is also availing to SDS on the basis of

5   Trinity's unlawful detainer judgment following its purchase of the real property at the foreclosure

6   auction with winning credit bid.

7       The court is respectfully requested to dismiss this case as to SDS to avoid any further

8   prejudice to SDS.

9   **II.**    **BACKGROUND**

10       **A.**    **Loan and Foreclosure Background**

11       A deed of trust was recorded with the Santa Clara County Recorder on January 18, 2007

12   ("First DOT").  See, Ex. 1 to the Request for Judicial Notice of Trinity Financial Services, LLC

13   ("Trinity") ("Trinity RJN") filed June 26, 2019 in this case.  In the First DOT, the borrower is the

14   Plaintiff, the lender is Aidan West Financial Group ("Aidan"), and the beneficiary and nominee

15   of the lender and lender's successors and assigns is Mortgage Electronic Registration Systems,

16   Inc. ("MERS").  The First DOT refers to a loan note secured in the sum of $524,000.00.  The

17   collateral for the note is that certain real property commonly known as 2901 Capewood Lane, San

18   Jose, CA 95132 (the "Property").

19       A deed of trust was recorded with the Santa Clara County Recorder on January 18, 2007

20   ("Second DOT").  See, Ex. "2" to the Trinity RJN.  The borrower is the Plaintiff, the lender is

21   Aidan, and the beneficiary and nominee of the lender and lender's successors and assigns is

22   MERS.  The Second DOT refers to a loan note secured in the sum of $131,000.00.  The collateral

23   for the note is the Property.

24       A corporate assignment of deed of trust was recorded with the Santa Clara County

25   Recorder on December 17, 2015 ("First Assignment").  See, Ex "3" of the Trinity RJN.  The First

26   Assignment assigns the Second DOT from Aidan to Newport Beach Holdings, LLC ("NBH").

27   / / /

28   / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1    - 2 -    NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1       A corporate assignment of deed of trust was recorded with the Santa Clara County

2   Recorder on September 12, 2018 ("Second Assignment").  See, Ex. "4" of the Trinity RJN.  The

3   Second Assignment assigns the Second DOT from NBH to Trinity.

4       A Substitution of trustee ("Substitution") was recorded with the Santa Clara County

5   Recorder on September 9, 2016 ("SOT").  See, Ex. "5" of the Trinity RJN.  The Substitution

6   substitutes SDS as foreclosure trustee as to the Second DOT.

7       A notice of default and election to sell under deed of trust ("NOD") was recorded with the

8   Santa Clara County Recorder on September 9, 2016 ("NOD").  See, Ex. "6" of the Trinity RJN.

9   The NOD reflects that Plaintiff had been in default on the note secured by the Second DOT since

10  July 1, 2008.  In contrast to what Plaintiff argues, the NOD had no legal expiration date by law

11  when it was recorded.

12      A notice of trustee's sale of the Property was recorded with the Santa Clara County

13  Recorder on January 6, 2017, as instrument number 23552011 ("NOTS1").  See, Ex. "7" of the

14  Trinity RJN.  The sale date was February 1, 2017.

15      A notice of trustee's sale of the Property was recorded with the Santa Clara County

16  Recorder on September 6, 2018 ("NOTS2").  See, Ex. "8" of the Trinity RJN.  The date set for

17  sale was October 5, 2018.

18      A trustee's deed upon sale recorded with the Santa Clara County Recorder on

19  November 15, 2018 ("TDUS").  See, Ex. "9" of the Trinity RJN.  The TDUS reflects the public

20  auction sale was November 5, 2018, and the winning bidder was Trinity with its credit bid of

21  $300,408.97.

22      **B.    Bankruptcy Case History**

23          1.      In re: Cecilia Mangaoang, Voluntary Petition Under Chapter 13 of the U.S.
                    Bankruptcy Code filed on March 11, 2009, in the United States Bankruptcy
24                  Court, Northern District, Case Number 09-51662 ("2009 Bankruptcy
                    Case")
25

26      Plaintiff filed a voluntary chapter 13 petition in the "2009 Bankruptcy Case.  See,

27  Ex. "10" of the Trinity RJN.  Contrary to Plaintiff's "present" posture of the lack of valid loans

28  and DOTS, *Plaintiff's Schedule A of her voluntary petition reflects the Property securing two*

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4825-8786-7804 v1                          - 3 -                NOTICE OF MOTION AND MOTION TO DISMISS
                                                                    COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                                    INC. FOR FAILURE TO STATE A CLAIM

1    *loans*.  The Bankruptcy Court filed an order and notice of dismissal entered on March 31, 2009,

2    in the 2009 Bankruptcy Case.  See, Ex. "11" of the Trinity RJN.

3              2.    In re: Cecilia Mangaoang, Voluntary Petition under Chapter 13 of the U.S.
4                    Bankruptcy Code filed on December 8, 2016, in the United States
                     Bankruptcy Court, Northern District, Case Number 16-53447 ("2016
5                    Bankruptcy Case")

6         Plaintiff filed a voluntary chapter 13 petition in the 2016 Bankruptcy Case.  See, Ex. "12"

7    of the Trinity RJN.  *The petition misrepresents the last time Plaintiff filed a bankruptcy*.  The

8    Bankruptcy Court filed an order and notice of dismissal entered on December 23, 2016.  See,

9    Ex. "13" of the Trinity RJN.

10             3.    In re: Cecilia Mangaoang, Voluntary Petition under Chapter 13 of the U.S.
                     Bankruptcy Code filed on January 31, 2017, in the United States
11                   Bankruptcy Court, Northern District , Case no. 17-50208 ("2017
12                   Bankruptcy Case").

13        Plaintiff filed a chapter 13 voluntary petition in the 2017 Bankruptcy Case.[1]  See, a copy

14   of which is attached as Exhibit "14" of the Trinity RJN.  *The petition misrepresents the last time*

15   *Plaintiff filed a bankruptcy.  The petition reflects the Property is not Plaintiff's primary*

16   *residence.*  In her petition in response to question 33 of Schedule A/B Property, *Plaintiff states*

17   *she has no claims, demands, or lawsuits as to third parties.*  In Schedule D of the petition,

18   *Plaintiff identifies First and Second DOTs as secured claims on the Property, and that the DOTs*

19   *are undisputed.*[2]  Plaintiff filed a motion re:  valuation of residence ("Motion to Value") on

20   May 1, 2017.  See, Ex. "16" to the Trinity RJN.  In the Motion to Value, *Plaintiff's declaration*

21   *admits to the First DOT and Second DOT securing loans with balances owing as of the date of*

22   *the filing.*  The Bankruptcy Court filed an order and notice of dismissal entered on May 31, 2018.

23   See, Ex. "17" to the Trinity RJN.

24   / / /

---

[1]  Plaintiff obviously had <u>notice</u> of the sale date of February 1, 2017 having filed the 2017
Bankruptcy Case on January 31, 2017.

[2]  The lack of any dispute is further shown by Plaintiff's lack of contest of the proof of claim
related to the Second DOT filed by NBH on or about March 3, 2017.  See, Ex. "15" to the Trinity
RJN.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1          - 4 -          NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

4.   <u>In re: Cecilia Mangaoang</u>,  Voluntary petition under Chapter 13 of the U.S. Bankruptcy Code filed on October 4, 2018, in the United States Bankruptcy Court, Northern District, case no. 18-52245 ("2018 Bankruptcy Case")

Plaintiff filed a voluntary petition in the 2018 Bankruptcy Case.  See, Ex. "18" of the Trinity RJN.[3]  In her petition in response to question 33 of Schedule A/B Property, *Plaintiff states she has no claims, demands, or lawsuits as to third parties*.  In Schedule D of the petition, *Plaintiff identifies the first and second loan notes as secured claims on the Property, and that the two loans are undisputed*.  The Bankruptcy Court filed an order and notice of dismissal entered on March 25, 2019.  See, Ex. "19" to the Trinity RJN.

5.   <u>Cecilia Mangaoang v. Special Default Services, Inc. et al.</u>, adv. case no. 18-05062 in the United States Bankruptcy Court, Northern District action ("2018 Adversary Case").

Plaintiff filed an adversary amended complaint ("AMC") on December 7, 2018 in the 2018 Adversary Case.  See, RJN, Ex. "20".  *Just like in the instant action*, AMC pleads quiet title, violation of FDCPA, cancellation of instruments, and wrongful foreclosure against the <u>same</u> parties as in the instant suit, and *the fact allegations are essentially the same*.  The defendants filed their answers to the AMC on June 17, 2019.  See, Exs. "21" and "22" of the Trinity RJN and RJN, Ex. "27".

On February 11, 2019 Plaintiff filed a motion for leave to file the second amended complaint ("SAC") in the 2018 Adversary Case attaching the proposed SAC.  See, Ex. "23" of the Trinity RJN.  The SAC is essentially identical to the instant complaint in this case. Importantly, while trying to negate the existence of first and second DOTs and attendant secured loans, Plaintiff at the same  time *acknowledges their existence and in particular the validity of the First DOT and attendant loan.*  Ex. "23" of the Trinity RJN, pp. 5 of 21- 7 of 21, 24 of 27-25 of 27.

The Bankruptcy Court filed an order to show cause on March 18, 2019 in the 2018 Adversary Case.  See, Ex. "24" of the Trinity RJN. Defendants SDS, NBH and TFS' response in

---

[3]  Plaintiff obviously had <u>notice</u> of the sale date of October 5, 2018 since the 2018 Bankruptcy Case was filed October 4, 2018.  Thus, there is no prejudice to Plaintiff that she was not warned that a foreclosure sale was going to take place swiftly in the future.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4825-8786-7804 v1                          - 5 -                 NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1  support of order to show cause was filed on March 26, 2019.  See, Ex. "25" of the Trinity RJN.

2  Defendants SDS, NBH and TFS' response in support of order to show cause was filed on March

3  26, 2019.  See, Ex. "25" of the Trinity RJN.  The Bankruptcy Court filed a dismissal entered on

4  April 23, 2019 ("Adv. Dismissal").  See, Ex. "26" of the Trinity RJN.

5       **C.**    **State Civil Case History**

6              1.    <u>Trinity Financial Services, LLC v. Cecilia Mangaoang</u>, Superior Court of
7                   the State of California, County of Santa Clara, case number 18CV339119 ("UD Action")

8       Trinity filed an unlawful detainer complaint in the UD Action.  On March 14, 2019,

9  judgment ("UD Judgment") was entered in the UD Action in favor of Trinity and against

10  Plaintiff.  See, RJN, Ex. "28".  Plaintiff acknowledges the UD Action, and that she and her family

11  evicted from the Property on May 21, 2019.  Complaint, ¶4.

12  **III.**   **LEGAL STANDARDS APPLICABLE TO A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

13

14       **A.**    **General Pleading Requirements.**

15       A motion to dismiss is proper under Fed. R. Civ. P. ("FRCP"), Rule 12(b)(6) where the

16  pleadings fail to state a claim upon which relief can be granted.  Dismissal under FRCP, 12(b)(6)

17  for failure to state a claim is proper only if the pleadings fail to allege enough facts so as to

18  demonstrate a 'plausible entitlement to relief.'  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 553-558

19  (2007).  While a complaint attacked by an FRCP, Rule 12(b)(6) motion to dismiss does not need

20  detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment]

21  to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a

22  cause of action will not do.  Factual allegations must be enough to raise a right to relief above the

23  speculative level on the assumption that all the allegations in the complaint are true (even if

24  doubtful in fact).  <u>Id</u>.  Only a complaint that states a plausible claim for relief survives a motion to

25  dismiss.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2008) *citing* <u>Bell Atlantic v.</u>

26  <u>Twombly</u>, 550 U.S. 544, 556 (2007).

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1     - 6 -     NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

**B.**   **Plaintiff's Complaint In Its Entirety Asserts Conclusions, Implausible Statements, and Contradictory Statements Against SDS in Violation of the Rules of Pleading**

SDS incorporates herein all of the arguments made by Trinity and NBH in their motion to dismiss ("Trinity Motion"), Section VI, p 10, lns. 7-28- p. 11, lns. 1-3. RJN, Ex. 31

With respect to pleading a complaint, FRCP, Rule 8(a) states:

"**(a) Claim for Relief.**  A pleading that states a claim for relief must contain:

**(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief."

When allegations are contradictory and inherently implausible, such claims violate Rule 8, Twombly, and Iqbal.  See, Rieber v. One West Bank FSB, 2014 U.S. Dist. LEXIS 62682 at *8 (S.D. Cal. May 6, 2014) ("Plaintiff's Complaint pleads contradictory facts that fail to provide fair notice to Defendants regarding the basis of the FDCPA claim[, and]...keeps Plaintiff's FDCPA claim from meeting Rule 8's requirement of a short and plain statement of the claim showing that the pleader is entitled to relief rising above a speculative level.") (Internal quotations omitted).  In the instant case, Plaintiff claims the notes secured by the First and Second DOT are invalid and all recorded documents are false and not mailed.  In the same pleading, she asserts she submitted a loan modification application with respect to the loan secured by the Second DOT.

"... the complaint "must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Furthermore, the underlying factual allegations must "plausibly suggest an entitlement to relief." Id." Caltex Plastics, Inc.  v. Lockheed Martin Corporation, 824 F.3d 1156, 1159 (9th Cir. 2016).

Plaintiff pleads sham conclusions of falsity regarding all documents recorded, prepared, and/or served or posted by SDS.  Plaintiff pleads no facts as to how she came to her conclusions of falsity with respect to all documents prepared, recorded, and/or served, mailed, or posted. Plaintiff's Compliant is also a sham in asserting "conclusions" without pleading underlying facts that SDS had notice or knowledge of the loan's origination, the loan assignments, and the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                    - 7 -                    NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1    servicing of the loan, as well as the entirety of SDS' non-judicial foreclosure procedure being

2    conducted defectively.[4]  Indeed, Plaintiff's pleading as drafted provides no notice and does not

3    allow SDS the means to effectively defend if Plaintiff is allowed to plead her conclusions.  See,

4    Bissessur v. Indiana Univ. Bd. of Trustees, 581 F.3d 599, 603 (7th Cir. 2009) ["[Twombly/Iqbal]

5    "teaches that a defendant should not be forced to undergo costly discovery unless the complaint

6    contains enough detail … to indicate that the plaintiff has a substantial case."]; See also, Chaparro

7    v. Carnival Corp. 693 F3d 1333, 1337 (11th Cir. 2012) ["if allegations are indeed more

8    conclusory than factual, then the court does not have to assume their truth"].

9         Another defect in the pleading is "lumping" the conduct of all Defendants together when

10   SDS is only a foreclosure trustee.  See, Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th

11   Cir. 2013) [complaint based on a theory of collective responsibility must be dismissed].

12   **C.**     **Construction of Exhibits Referred to in the Complaint or Attached to a Rule**
                **12(b)(6) Motion.**
13

14        "The court need not accept as true... allegations that contradict facts that may be judicially

15   noticed by the court, and may consider documents that are in the complaint whose authenticity no

16   party questions." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) (citations omitted).

17        "[E]xhibits attached to the complaint, as well as matters of public record may be

18   considered in determining whether dismissal was proper without converting the motion to one for

19   summary judgment.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.

20   1995).[5]  "[W]hen a written instrument contradicts allegations in a complaint to which it is

21   attached, *the exhibit trumps the allegations*." Thompson v. Illinois Dept. of Professional

22   Regulation 300 F3d 750, 754 (7th Cir. 2002).

23

24   [4]  Plaintiff asserts that SDS recorded false documents and *never* served or mailed documents to
     her despite SDS' representations in the TDUS that it had.  This is the pleading indirectly of a
25   "fraud" count requiring a higher standard of pleading.  See, FRCP, Rule 9(b) ["In alleging fraud
     or mistake, a party must state with particularity the circumstances constituting fraud or mistake.
26   Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."]
     Plaintiff's conclusions pleaded as to SDS are inadequate.

27   [5]  The court may also take judicial notice of documents that are "a matter of general public
     record." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).  The foregoing
28   exhibits again make it abundantly clear that SDS is *merely* a foreclosure trustee.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                          - 8 -                NOTICE OF MOTION AND MOTION TO DISMISS
                                                                    COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                                    INC. FOR FAILURE TO STATE A CLAIM

1    **IV.    THE ADV. DISMISSAL IS RES JUDICATA BARRING THIS ACTION**

2         SDS incorporates herein the arguments found in Trinity's Motion as to the res judicata

3    bar.  See, p. 7, lns. 11 -28, p. 8, lns. 1-28, p. 9, lns. 1-28, p. 10, lns. 1-5.

4         Res judicata bars lawsuits based on any claims that were raised or could have been raised'

5    in a prior action.  See, <u>Stewart v. US Bancorp</u>, 297 F.3d 953, 956 (9th Cir.2002)

6         "Res judicata applies to bar a suit where there is "(1) an identity of claims; (2) a final

7    judgment on the merits; and (3) identity or privity between parties." *Stewart,* 297 F.3d at

8    956 (internal citation omitted)." <u>Stan Lee Media Inc. v. Lee</u>, 2012 WL 4048871 *2 (C.D. Cal.).

9         With respect to explaining an identity of claims, the District Court in <u>Stan Lee Media Inc.</u>

10   <u>v. Lee</u>, 2012 WL 4048871 *2 stated:

11        "Four criteria, which are not applied mechanistically, determine whether there is
         an identity of claims: "(1) whether the two suits arise out of the same transactional
12       nucleus of facts; (2) whether rights or interests established in the prior judgment
         would be destroyed or impaired by prosecution of the second action; (3) whether
13       the two suits involve infringement of the same right; and (4) whether substantially
         the same evidence is presented in the two actions." <u>Mpoyo v. Litton Electro–</u>
14       <u>Optical Sys.</u>, 430 F.3d 985, 987 (9th Cir. 2005).  Moreover, "[n]ewly articulated
         claims based on the same nucleus of facts may still be subject to a res judicata
15       finding if the claims could have been brought in the earlier action." <u>Tahoe–Sierra</u>
         <u>Pres. Council, Inc. v. Tahoe Reg. Planning Agency</u>, 322 F.3d 1064, 1078 (9th
16       Cir.2003)."

17        The amended and second amended adversary complaints in the 2018 Adversary Case

18   plead a wrongful foreclosure style case against SDS.  See, Trinity RJN, Exs. 20, 23.  Based on the

19   "same nucleus of facts" found herein in the instant action, the amended adversary complaint

20   pleads the <u>same</u> claims for quiet title, violation of FDCPA, cancellation of instruments, and

21   wrongful foreclosure.  The second amended adversary complaint has almost identical facts as the

22   instant action and the <u>same</u> claims except also having claims of avoidance of wholly unsecured

23   claim and negligence [against her bankruptcy lawyer].  Hence, the instant complaint and the ones

24   in the 2018 Adversary Case plead the <u>same</u> case with very minor variation against SDS.  SDS

25   prevailed in the 2018 Adversary Case.  *SDS is spending its resources to litigate again the same*

26   *case to its detriment or prejudice* since it prevailed in the 2018 Adversary Case.

27        In the 2018 Adversary Case, there was a final judgment on the merits.  In this regard,

28   FRCP, Rule 41(b) states:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                                    - 9 -                    NOTICE OF MOTION AND MOTION TO DISMISS
                                                                                  COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                                                  INC. FOR FAILURE TO STATE A CLAIM

**"(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."  See also, <u>Stewart v. US Bancorp</u>, 297 F.3d at 956.

A dismissal based on the granting of a motion for failure to prosecute can be adjudication on the merits. See, <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 651 (9th Cir. 1991) ["[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."]

On March 19, 2019, the Bankruptcy Court in the 2018 Adversary Case filed an Order to Show Cause for failure to prosecute presenting a long <u>list</u> of remarks including that Plaintiff failed to appear at hearings and conferences and failed to take actions required by the Court.  On April 22, 2019, the Court ordered the matter dismissed.  Dismissal was justified.

Privity is established since SDS is a defendant on all claims in the instant action and almost all claims in Plaintiff's 2018 Adversary Case.

"Privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." <u>F.T.C. v. Garvey</u>, 383 F.3d 891, 897 (9th Cir. 2004)(internal quotation marks omitted)…  At its core, 'privity exists between two parties who adequately represent the same legal interests.'…" <u>Stan Lee Media Inc. v. Lee</u>, 2012 WL 4048871 *2 (C.D. Cal.)

Thus, since all elements are met, res judicata applies.

## V.   <u>JUDICIAL ESTOPPEL BARS THIS ACTION</u>

SDS incorporates herein the arguments in Trinity's Motion as to the judicial estoppel bar. See, p. 5, lns. 13 -27, p. 6, lns. 1-28, p. 7, lns. 1-10.

The bankruptcy filings in the 2017 Bankruptcy Case and 2018 Bankruptcy Case have Plaintiff's <u>admissions</u> of the First and Second DOTs as secured claims on the Property, that the DOTs are undisputed, and that the First and Second DOTs secure loans with balances owing. Further, the Plaintiff <u>admits</u> in her 2017 Bankruptcy Case and 2018 Bankruptcy Case having no claims against SDS as least through at least October, 2018.  In the instant case, Plaintiff takes

///

1  positions to the contrary against SDS.  As such, SDS requests that the Court apply the doctrine of

2  judicial estoppel to not permit Plaintiff to litigate issues contrary to its admissions.

3       "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

4  advantage by asserting one position, then later seeking an advantage by taking a clearly

5  inconsistent position."  Hamilton v. State Farm Fire & Casualty Company 270 F.3d 778, 782 (9th

6  Cir.2001)  The Court in Hamilton granted a motion for summary judgment in favor of the

7  defendant based, on the plaintiff's (debtor's) failure to schedule plaintiff's claims in bankruptcy

8  stating as follows:

> "In the bankruptcy context, a party is judicially estopped from asserting a cause of
> action not raised in a reorganization plan or otherwise mentioned in the debtor's
> schedules or disclosure statements.  Hay v. First Interstate Bank of Kalispell, N.A.,
> 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause of
> action in bankruptcy schedules and Disclosure Statements estops the debtor from
> prosecuting that cause of action); In re Coastal Plains, 179 F.3d 197, 208 (5th Cir.
> 1999), cert. denied, 528,117, S.Ct. 936, 145 L.Ed.2d 814 (2000) (holding that a
> debtor is barred from bringing claims not disclosed in its bankruptcy schedules);
> Payless Wholesale Distributors, Inc. v.  Alberto Culver (P.R.) Inc., 989 F.2d 570,
> 572 (1st Cir.), cert. denied, 510 U.S. 931, 114 S.Ct. 344, 126 L.Ed.2d 309(1993)
> (debtor who obtained relief on the representation that no claims existed cannot
> resurrect such claims and obtain relief); Oneida Motor Freights Inc. v. United
> Jersey Bank, 848p F.2d 414, 419 (3rd Cir.), cert. denied, 488 U.S. 967, 109 S.Ct.
> 495, 102 L.Ed.2d 532 (1988) (debtor's failure to list potential claims against a
> creditor "worked in opposition to preservation of the integrity of the system which
> the doctrine of judicial estoppel seeks to protect," and debtor is estopped by reason
> of such failure to disclose)."  Hamilton v. State Farm Fire & Casualty Company
> 270 F.3d at 782

19       The doctrine of equitable estoppel is intended to protect the integrity of the judicial

20  process.  (Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990), cert. denied, 501 U.S. 1260, 111

21  S.Ct. 2915, 115 L.Ed.2d 1078 (1991).

22       In the instant case, the Court is requested to bar all of Plaintiff's allegations and claims on

23  the grounds of judicial estoppel at least for all facts, conduct or inaction pleaded through October,

24  2018.  This would only leave out the event of the auction foreclosure sale and the recording of the

25  TDUS in November, 2018.

26  / / /

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1

- 11 -

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

**VI.**   **THE UD JUDGMENT IS COLLATERAL ESTOPPEL OR RES JUDICATA
BARRING CLAIMS ARISING FROM THE FORECLOSURE AND THE
VALIDITY OF TITLE BEING GRANTED TO TRINITY.**

The issues in the Complaint comprising the claims of quiet title, cancellation of

instruments, wrongful foreclosure, replevin, and defamation were resolved against Plaintiff by the

UD Judgment (RJN, Ex. 28) either by res judicata or collateral estoppel.  The elements of res

judicata are above.  See, Section V.

> "Issue preclusion [collateral estoppel] bars relitigation of issues adjudicated in an
> earlier proceeding if three requirements are met: (1) the issue necessarily decided
> at the previous proceeding is identical to the one which is sought to be relitigated;
> (2) the first proceeding ended with a final judgment on the merits; and (3) the party
> against whom collateral estoppel is asserted was a party or in privity with a party
> at the first proceeding…"  Kramer v. Federal Home Mortgage Loan Corporation,
> 2012 WL 13015002 *3 (C.D. Cal. 2012)

In regard to application of the UD Judgment as a collateral estoppel bar or res judicata bar,

the District Court in Dancy v. Aurora Loan Services, LLC, 2011 WL 835787 *5,6 (N.D. Cal)

stated:

> "The California Court of Appeal's recent decision in Malkoskie v. Option One
> Mortg. Corp., 188 Cal.App.4th 968, 115 Cal.Rptr.3d 821 (2010)—…is particularly
> instructive. In Malkoskie, plaintiffs defaulted on their mortgage, which resulted in
> the commencement of foreclosure proceedings by Alliance Title Company
> ("Alliance"), as trustee for Option One, the beneficiary named in the deed of
> trust… Wells Fargo Bank ("Wells Fargo") acquired the property at the trustee's
> sales, and filed an unlawful detainer action against plaintiffs under § 1161 a. Id. In
> response, plaintiffs argued that the foreclosure sale was invalid due to improper
> notice and because there were "irregularities in the sale." Id. at 972… At the time
> of trial, however, plaintiffs and Wells Fargo agreed to the entry of a stipulated
> judgment…. Id.  Plaintiffs later filed a civil lawsuit against Option One and Wells
> Fargo, among others, alleging causes of action for declaratory relief, quiet title,
> cancellation of trustee's deed, willful wrongful foreclosure, negligent wrongful
> foreclosure, wrongful eviction and negligence.  The trial court sustained the
> defendants' demurrer without leave to amend.
>
> The Court of Appeal affirmed and held that "the stipulated judgment in the related
> unlawful detainer action brought by Wells Fargo against plaintiffs was res judicata
> as to plaintiffs' claims in this action which all arise from the alleged invalidity of
> the foreclosure sale." Id. at 973… In reaching its decision, the Court of Appeal
> rejected the plaintiffs' contention that the issue of whether the trustee had the legal
> authority to proceed with the foreclosure was not embraced or resolved by the
> unlawful detainer action. Id.  The court explained that by predicating its unlawful
> detainer complaint on § 1161 a, "the validity of Wells Fargo's title had to be
> resolved in the unlawful detainer action." Id.  "By stipulating to judgment against
> them, plaintiffs conceded the validity of Wells Fargo's allegations that the sale had
> been duly conducted and operated to transfer 'duly perfected' legal title to the
> property." Id.  As a result, the court found that the plaintiffs' claim "that no valid
> legal title passed to Wells Fargo in the sale … [was] foreclosed by their voluntary

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4825-8786-7804 v1                                          - 12 -                    NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

stipulation to a judgment that necessarily decided valid title passed to Wells Fargo entitling the bank to possess the property." Id.

In the instant case, all of Plaintiff's claims are based on the same primary right at issue in the unlawful detainer proceeding; namely, the alleged invalidity of the foreclosure sale. The FAC alleges that after the loan was originated, the lender sold the Note to a third party; and that "[w]hen the Note was conveyed to the third party, whatever authority MERS had relating to the Deed of Trust, if any, was extinguished." FAC ¶ 10. He asserts that since MERS allegedly no longer had any rights under the Deed of Trust, it correspondingly had no power to appoint Quality to act as substitute trustee and proceed with the foreclosure. Id. ¶ 13, 115 Cal.Rptr.3d 821. However, as in Malkoskie, Plaintiff's challenges to the foreclosure and Aurora's acquisition of the Property necessarily were encompassed by Aurora's unlawful detainer action. As a result, the judgment rendered in that action, which was affirmed on appeal, bars all claims by Plaintiff which challenge Defendants' right to proceed with the foreclosure and trustee's sale. Malkoskie, 188 Cal.App.4th at 975–76."

In the instant action, the UD Judgment bars the claims and issues arising from Trinity's right to have performed the foreclosure and trustee's sale. Those claims include quiet title, cancellation of instruments, wrongful foreclosure, replevin, and defamation. SDS has privity. In the instant case, SDS acted as agent of the beneficiary of the deed of trust in performing the foreclosure.

## VII.   SDS' CONDUCT WAS PRIVILEGED

Non-judicial foreclosure sales are governed by a comprehensive statutory scheme which evidences a legislative intent that a sale which is properly conducted constitutes a final adjudication of the rights of the borrower and lender. Banc of America Leasing & Capital, LLC v. Three Arch Trustee Services, Inc., 180 Cal.App.4th 1090 (2009). Civil Code § 2924(d), which is at the beginning of the statutes governing foreclosures, specifically provides that the mailing, publication, and delivery of notices as required herein, and the performance of the procedures set forth in the Article,[6] shall constitute privileged communications within Section 47. This refers to Civil Code § 47. This essentially encompasses the entire foreclosure process, including the sale and the distribution of proceeds from the sale.

"Our Legislature's purpose in declaring these procedures privileged was "to give trustees some measure of protection from tort liability arising out of the performance of their statutory duties.""…That purpose is fulfilled only if *all* of the procedural steps attendant to a nonjudicial foreclosure are privileged, from the recording of the notice of default and notice of sale through the recording of the

---

[6]  The "Article" encompasses the sale. It covers Sections 2920 through 2944.5.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4825-8786-7804 v1                - 13 -

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1    trustee's deed upon sale following the foreclosure sale." <u>Schep v. Capital One,
2    N.A.</u>, 12 Cal.App.5th 1331, 1336 (2017)

3         A number of Courts have held that the litigation privilege to be applied to foreclosure
4    trustees is the absolute standard. *See*, <u>Garretson v. Post</u>, 156 Cal.App.4th 1508, 1517 (2007);
5    <u>Cisneros v. Instant Capital Funding Group</u>, 263 F.R.D. 595 (E.D. Cal. 2009); <u>Jacobson v. Balboa
6    Arms Drive Trust #5402</u>, 2011 WL 2784126 at *9 (S.D. Cal.); <u>Rodriguez v. JP Morgan Chase &
7    Co.</u>, 809 F.Supp.2d 1291, 1299 (S.D. Cal. 2011).   However, other courts have held that trustee's
8    actions are considered to be privileged communications under the less protective standard of a
9    qualified common interest privilege. <u>Kachlon v. Markowitz</u>, 168 Cal.App.4th 316, 333 (2008).
10   *This standard still requires that Plaintiff show factually that the trustee acted with malice in
11   order to overcome the immunity protections of <u>Civil Code</u> § 2924(d) and <u>Civil Code</u> § 47.*  <u>Id.</u>
12   Plaintiff has failed factually to state any tort or damages claim against SDS because *malice* is not
13   *factually* pleaded.  This would include the claims of quiet title, wrongful foreclosure, cancellation
14   of instruments replevin, and defamation and corresponding damages' claims.

15        SDS had no duties under the non-judicial foreclosure scheme with respect to loan
16   origination, loan assigning, any loan modifying, and/or any loan servicing.  As already argued,
17   there are no plausible, specific facts (showing malice) pleaded to show that SDS participated in
18   or had notice of the specifics of any of the foregoing acts.  It *sole* duties, which it carried out, was
19   to adhere to the statutory scheme for conducting a non-judicial foreclosure.  Plaintiff's
20   <u>conclusions</u> that SDS did not carry out its statutory duties fall short of Plaintiff's obligation to
21   plead facts constituting malice by SDS to support the conclusions.  Consequently, *SDS is entitled
22   to the privilege barring tort claims and all damages' claims.*

23   **VIII.   SDS OWES NO DUTIES TO PLAINTIFF OTHER THAN THOSE STATED IN
24           THE SECOND DOT OR BY STATUTE**

25        A trustee performs only ministerial acts that result in the transfer of title.  <u>Pro Value
26   Properties, Inc. v. Quality Loan Service Corp.</u>, (2009) 170 Cal.App.4th 579, 583.  Common law
27   does not impose any additional obligations on the foreclosure trustee other those specifically
28   stated in the deed of trust or the governing statutes.  <u>Diediker v. Peelle Financial Corp.</u> 60

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1            - 14 -            NOTICE OF MOTION AND MOTION TO DISMISS
                                                   COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                   INC. FOR FAILURE TO STATE A CLAIM

1   Cal.App.4th 288, 295 (1997). Thus, the scope and nature of the trustee's duties are exclusively

2   defined by the deed of trust and the governing statutes. No other common law duties exist. Pro

3   Value Properties, Inc. v. Quality Loan Service Corp., 170 Cal.App.4th at 583.

4          A trustee under a deed of trust does not have a true trustee's interest in, and control over,

5   the trust property. Nor it is bound by the fiduciary duties that characterize a true trustee.

6   Monterey S.P. Partnership v. W.L. Bangham, Inc. (1989) 49 Cal.3d 454, 462-463.

7          SDS merely acts as a common agent for the trustor and beneficiary of the deed of trust.

8   Pro Value Properties, Inc. v. Quality Loan Service Corp., 170 Cal.App.4th at 583. As such, the

9   only duties of a trustee under a deed of trust are: (1) upon default, to undertake the steps

10  necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt, to reconvey

11  the deed of trust. Heritage Oaks Partners v. First American Title Ins. Co., (2007) 155

12  Cal.App.4th 339, 345. The reason for the great deal of protection afforded to trustees is that there

13  are:

14         "persuasive policy reasons which militate against a judicial expansion (of the
           trustee's duties as specified in the deed and the statutes). The non-judicial
15         foreclosure statutes...reflect a carefully crafted balancing of the interests of the
           beneficiaries, trustors, and trustees... Trustees, the middlemen, need to have clearly
16         defined responsibilities to enable them to discharge their duties effectively and to
           avoid embroiling the parties in a time-consuming and costly litigation." Id., 345-
17         346.

18         In Heritage Oaks Partners v. First American Title Ins. Co., 155 Cal.App.4th at 341,342,

19  the Court of Appeal rejected the argument that before conducting foreclosure, the trustee had to

20  verify it was the trustee of record (that was due to a mistake by the trust deed beneficiary). See

21  also, Fleisher v. Continental Auxiliary Co., 215 Cal.App.2d 136-140 (1963) ["The court of appeal

22  rejected the argument, finding the trustee had a duty to investigate the status of the underlying

23  debt."]. See also, Citrus El Dorado, LLC v. Chicago Title Co., 32 Cal.App.5th 943, 951 (2019)

24  [conclusory assertions of pleading no notice of postponement of the sale date, no auction sale

25  taking place, and fraudulent or improper credit bid are inadequate to survive demurrer.] In Citrus

26  El Dorado, LLC v. Chicago Title Co., 32 Cal.App.5th at 948, 949, the Court of Appeal further

27  found the trustee had no duty to verify that the beneficiary received a valid loan assignment or to

28  verify the authority of the person who signed the substitution of trustee.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                  - 15 -                  NOTICE OF MOTION AND MOTION TO DISMISS
                                                               COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                               INC. FOR FAILURE TO STATE A CLAIM

1      *SDS only had duties of a foreclosure trustee and there are no facts pleaded specifically*

2 *and factually to the contrary.* In the instant case, no facts are pleaded specifically to show SDS

3 has any liability for loan origination, loan servicing, loan modifying (including under the

4 Homeowner's Bill of Rights), loan assignments, or SDS' appointment as trustee. As for its duties

5 as a foreclosure trustee, Plaintiff's pleading of conclusions without facts to back up the

6 conclusions is inadequate to show any breach of duty. Accordingly, *no state law claims*

7 *especially claims or pleas for damages can be maintained against SDS.*

## IX.    THE PRESUMPTION IS THE SALE WAS CONDUCTED REGULARLY AND FAIRLY

10      In the instant case, there is a common law rebuttable presumption that the subject

11 foreclosure sale by SDS was conducted regularly and fairly. *See*, <u>Brown v. Busch</u>, 152

12 Cal.App.2d 200, 204 (1957). The TDUS states, "All requirements of law and of said Deed of

13 Trust relating to this sale and to notice thereof having been complied with." This *is prima facie*

14 *evidence that Defendants complied with the notice requirements and conducted a regular and*

15 *proper foreclosure.* See, Civil Code section 2924(c). Under Civil Code section 2924(c), the

16 above statement found in the TDUS, "**shall constitute prima facie evidence** of compliance with

17 these requirements [Civil Code section 2924]…" (Emphasis added); see also, <u>Biancalana v. T.D.</u>

18 <u>Service Company</u>, 56 Cal.4[th] 807, 814 (2013) ["If the trustee's deed recites that all statutory

19 notice requirements and procedures required by law for the conduct of the foreclosure have been

20 satisfied, a rebuttable presumption arises that the sale has been conducted regularly and

21 properly."]. Thus, from <u>start to finish</u> of the subject non-judicial foreclosure, all recitals in the

22 TDUS are prima facie evidence of compliance with the requirements of the statutory scheme and

23 the DOT. In response to this rebuttable presumption, Plaintiff has pleaded contradictory

24 statements to the admissions made in the Bankruptcy Court and in the Complaint itself. Further,

25 Plaintiff pleads <u>conclusions</u> about SDS' conduct of the foreclosure process unsupported by

26 underlying facts to overcome the presumption. See, <u>Citrus El Dorado, LLC v. Chicago Title Co.</u>,

27 32 Cal.App.5[th] at p. 951 ["…conclusory assertions … are inadequate to survive demurrer].

28 ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1      - 16 -     NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1    But, even if Plaintiff did plead *factually* some "technical violation" of the foreclosure

2    process by SDS, technical violations do not give rise in this instance to a tort claim against SDS.

3    See, <u>Miles v. Deutsche Bank National Trust Co.</u>, 236 Cal.App.4th 394, 408-409 (2015).  Further

4    with insufficient and contradictory facts pleaded to support Plaintiff's charges and *conclusions*

5    and her *admissions* made in the 2017 and 2018 Bankruptcy Cases, Plaintiff could never establish

6    any "violation" of the foreclosure process caused prejudiced to her.  She obviously had notice of

7    the sale dates. See, footnotes 1 and 3.

8        "Courts have 'rejected claims of deficient notice where no prejudice was suffered
         as a result of a procedural irregularity.' <u>Pantoja v. Countrywide Home Loans Inc.</u>,
9        (N.D.Cal. 2009) 640 F.Supp.2d 1177; (rejecting claim that notice of default failed
         to name beneficiary); *see also*, <u>Lehner v. United States</u>, 685 F. 2d 1187,1190-91
10       (9th Cir. 1982) (rejecting due process claim based on failure to provide written
         notice of foreclosure sale where plaintiff had actual notice); and <u>Knapp v. Doherty</u>,
11       123 Cal. App.4th 76, 93-94, 20 Cal.Rptr.3d 1 (Ct.App.2004) (rejecting claim
         based on deviation from foreclosure notice requirement where '[t]here was no
12       prejudicial procedural irregularity")." <u>Reynoso v. Paul Financial, LLC</u>, 2009 WL
         3833298 at *4 (N.D.Cal.).
13

14   **X.    PLAINTIFF HAS FAILED TO MAKE A VALID AND STRAIGHTFORWARD**
          **OFFER OFTENDER NEGATING THE ABILITY TO CHALLENGE THE SALE**
15
          As Plaintiff has not made a valid offer of tender, she is precluded from challenging the
16
     foreclosure sale.
17

18       "California district courts apply the tender rule in examining wrongful foreclosure
         claims.  <u>Anaya v. Advisors Lending Group</u>, 2009 WL 2424037 at 10 (E.D .Cal.
19       Aug. 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her
         debt to warrant disruption of non-judicial foreclosure"); <u>Alicea v. GE Money</u>
20       <u>Bank</u>, 2009 WL 213696, at 3 (N.D. Cal. July 16, 2009) ("When a debtor is in
         default of a home mortgage loan, and a foreclosure is either pending or has taken
21       place, the debtor must allege a credible tender of the amount of the secured debt to
         maintain any cause of action for foreclosure."); <u>Montoya v. Countrywide Home</u>
22       <u>Loans</u>, 2009 WL 1813973 at *11-12 (N.D. Cal. June 25, 2009) ("Under California
         law, the 'tender rule' requires that as a precondition to challenging a foreclosure
23       sale, or any cause of action implicitly integrated to the sale, the borrower must
         make a valid and viable tender of payment of the debt").  The application of the
24       "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a
         technical ground when the party making the challenge has not established his
25       ability to purchase the property." <u>Williams v. Countywide Home Loans</u>, 1999 WL
         740375 at *2 (N.D. Cal. Sept. 15, 1999)..." <u>Ngoc Nguyen v. Wells Fargo Bank,</u>
26       <u>N.A.</u>, 749 F.Supp.2d 1022, 1034 (N.D. Cal. 2010).

27       The Second DOT reflects a default on the attendant note since 2008.  Plaintiff has not

28   pleaded factually and specifically she had the resources to tender or even to reinstate.  She has not

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1          - 17 -          NOTICE OF MOTION AND MOTION TO DISMISS
                                                COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                INC. FOR FAILURE TO STATE A CLAIM

1   pleaded factually and specifically she was prevented from tendering or reinstating the funds owed

2   assuming she had the funds.  She obviously had notice of the sale dates found in NOS1 and

3   NOS2.

4         Plaintiff was also not entitled to a loan modification including under the California

5   Homeowner's Bill of Rights ("HOBOR").  In this regards, Cal. Civ. Code § 2020.5 states in

6   relevant part:

7         "For purposes of this article, the following definitions apply:

8         … (b) "Foreclosure prevention alternative" means a first lien loan modification or
    another available loss mitigation option.

9

10        (c)(1) Unless otherwise provided and for purposes of Sections 2923.4, 2923.5,
    2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, 2924.18, and 2924.19,
    "borrower" means any natural person who is a mortgagor or trustor and who is

11  potentially eligible for any federal, state, or proprietary foreclosure prevention
    alternative program offered by, or through, his or her mortgage servicer…

12

13        (d) "First lien" means the most senior mortgage or deed of trust on the property
    that is the subject of the notice of default or notice of sale."

14        The Second DOT and its attendant note is not a First Lien as already discussed. Therefore,

15  Plaintiff was not entitled to the protections offered by HOBOR.

16  **XI.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR QUIET TITLE AGAINST**
       **SDS**

17

18        SDS incorporates herein the arguments to this first claim found in Trinity's Motion. See,

19  p. 17, lns. 13-24.

20        A quiet title action has an effect *only* against one who claims an interest in the Property.

21  *See*, Code of Civil Procedure § 764.030.  Trustee Corps acted merely as the foreclosure trustee,

22  and has *never* made ***any*** claim of interest in the subject property.  *See*, Wood v. Aegis Wholesale

23  Corp., 2009 WL 1948844 at *5 (E.D. Cal.) ["MTC correctly notes that it is not subject to a quiet

24  title claim because as the trustee it claims neither a legal nor equitable interest in the property, and

25  its relationship to the property is limited to California non-judicial foreclosure statutes."]; *see*

26  *also*, Razawi v. F.D.I.C., 2009 WL 2914120 at *7 (E.D. Cal.); Duenas v. Ocwen Loan Servicing

27  Corp, 2014 WL 4627203 *15 (E.D. Cal.).  These cases involved the granting of motions to

28  dismiss on quiet title with prejudice.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1      - 18 -      NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1    Also, "a mortgagor cannot quiet title against the mortgagee without paying the debt

2    secured." <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649 (1934). See, the arguments in Section VI

3    above. Consequently, Plaintiff's first claim fails.

4    **XII.    PLAINTIFF HAS FAILED TO STATE CLAIM FOR CANCELLATION OF
         <u>INSTRUMENTS AND WRONGFUL FORECLOSURE AGAINST SDS</u>**

5

6    <u>Thompson v. Ioane</u>, 11 Cal.App.5th 1180, 1193, 1194 (2017) provides the elements of a

7    cancellation of instruments claim

8    "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the
         instrument is void or voidable due to, for example, fraud; and (2) there is a
9        reasonable apprehension of serious injury including pecuniary loss or the
         prejudicial alteration of one's position. [Citation.]" See, also, <u>Cal. Civ. Code</u>
10       <u>§ 3412</u>

11   In <u>Andrade v. Wachovia Mortg., FSB,</u> 2009 WL 1111182 *4 (S.D. Cal.), the U.S. District

12   Court recognized no basis to cancel an instrument without pleading properly tender (similar to the

13   instant case— the where  cancellation of the loan documents is pleaded):

14   "… in an action for rescission or cancellation of instruments, a complainant is
         required to do equity "by restoring to the defendant any value the plaintiff received
15       from the transaction… As Plaintiff has not alleged she is prepared to return the
         loan proceeds…, she fails to state a claim for cancellation of the loan documents."
16
     The elements of the tort of wrongful foreclosure are:
17
18   " "'(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully
         oppressive sale of real property pursuant to a power of sale in a mortgage or deed
19       of trust; (2) the party attacking the sale (usually but not always the trustor or
         mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or
20       mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the
         secured indebtedness or was  excused from tendering' "; and (4) " 'no breach of
21       condition or failure of performance existed on the mortgagor's or trustor's part
         which would have authorized the foreclosure or exercise of the power of sale."
22       <u>Majd v. Bank of Am., N.A.</u> 243 Cal.App.4th 1293, 1306–07 (2016).

23       SDS incorporates herein the arguments to the third and fourth claims found in Trinity's

24   Motion. See, p. 11, lns. 7 -28, p. 12 lns. 1-28, p. 13, lns. 1-28, and p. 14, lns. 1-28, p. 15, lns. 1-

25   28, p. 16, lns. 1-28, p. 17, lns. 1-28, p. 19, lns. 1-9.

26       Plaintiff's <u>admissions</u> in the 2017 and 2018 Bankruptcies admit the validity of the Second

27   DOT and attendant note, and that she had no claims against Trustee Corps as of October, 2018.

28   As also discussed <u>above</u>, Plaintiff has not pleaded facts to implicate SDS within the narrow scope

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4825-8786-7804 v1                    - 19 -        NOTICE OF MOTION AND MOTION TO DISMISS
                                                       COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                       INC. FOR FAILURE TO STATE A CLAIM

1   of SDS' duties as a foreclosure trustee, to overcome the privilege afforded SDS, to overcome the

2   presumption the sale was conducted regularly and fairly, to overcome the recitals in in the TDUS

3   constituting prima facie evidence of compliance with the requirements under Cal. Civ. Code

4   § 2924, to meet the pleading requirements under FRCP, Rules 8 and 9(b), to demonstrate

5   prejudice, and to demonstrate tender or ability to tender.  Also, SDS incorporates herein its

6   arguments in Sections III(B) IV, V, VI, and VII above.  Consequently, Plaintiff has pleaded no

7   claim for wrongful foreclosure for cancellation of instruments.

8   **XIII.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR REPLEVIN AGAINST SDS**

9        "In a replevin action the owner may recover the value of the use of his property
10       where the amount thereof exceeds the interest on such value, inasmuch as the latter
         measure does not furnish adequate compensation for the wrongful detention...
11       However, in computing such damages it is only the 'net usable value less the
         expense of keeping up the property' which can be recovered by the aggrieved
12       party..." Guerin v. Kirst, 33 Cal.2d. 402, 414 (1949).

13       Plaintiff contends some *unspecified* Defendant has the note to the First DOT and the

14  Second DOT.  She claims the notes are her personal property; they are void or voidable,

15  incomplete, but satisfied.[7]  *The allegations consisting of contradictions are confusing.*  She claims

16  damages as a result of their not being retuned.

17       SDS incorporates herein the arguments to the fifth claim found in Trinity's Motion.  See,

18  p. 19, lns. 22 -28, p. 20 lns. 1-10. Additionally, Plaintiff's admissions in the 2017 and 2018

19  Bankruptcies concede the validity of the Second and First DOTs and attendant notes, and that she

20  had no claims against Trustee Corps as of October, 2018.  As also discussed above, Plaintiff has

21  not pleaded facts to implicate SDS within the narrow scope of SDS' duties as a foreclosure

22  trustee,[8] to overcome the privilege afforded SDS,[9] to overcome the presumption the sale was

23  conducted regularly and fairly, to overcome the recitals in in the TDUS constituting prima facie

---

[7]  Plaintiff also mentions elsewhere in her complaint that she was entitled to have her submitted
loan modification application reviewed for a foreclosure prevention alternative.

[8]  Plaintiff does not plead specific facts to show SDS has the notes or had a statutory duty or a
duty under the either of the DOTs to return the respective loan notes to Plaintiff.

[9]  Plaintiff does not plead facts to show SDS' actions or inactions were intentional or deliberate
assuming arguendo that SDS' actions or inactions were unlawful.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                                    - 20 -                NOTICE OF MOTION AND MOTION TO DISMISS
                                                                               COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                                               INC. FOR FAILURE TO STATE A CLAIM

1    evidence of compliance with the requirements under Cal. Civ. Code § 2924, to meet the pleading

2    requirements under FRCP, Rules 8 and 9(b) [in particular, not lumping defendants], to

3    demonstrate prejudice, and to demonstrate tender for the return of of the notes.  Also, SDS

4    incorporates herein its arguments in Sections III(B) IV, V, VI, and VII above.  Consequently,

5    Plaintiff has pleaded no claim for replevin.

6    **XIV.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DEFAMATION AGAINST SDS**

7

8    "The tort of defamation involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage…Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made…" Fortaleza v. PNC Financial Services Group, Inc., 642 F. Supp.2d 1012, 1026 (N.D. Cal. 2009)

9

10

11   Plaintiff contends an *unspecified* Defendant submitted false and misleading information to

12   credit bureaus related to Plaintiff allegedly falsely being in default causing damages to her.

13   SDS incorporates herein the arguments to the sixth claim found in Trinity's Motion.  See,

14   p. 20, lns. 11 -28, p. 21 lns. 1-11.  Additionally, Plaintiff's admissions in the 2017 and 2018

15   Bankruptcies go to the truth of validity of the Second and First DOTs and attendant notes, and

16   that she had no claims against Trustee Corps as of October, 2018.  As also discussed above,

17   Plaintiff has not pleaded facts to implicate SDS within the narrow scope of SDS' duties as a

18   foreclosure trustee,[10] to overcome the privilege afforded SDS,[11] to overcome the presumption the

19   sale was conducted regularly and fairly, to overcome the recitals in in the TDUS constituting

20   prima facie evidence of compliance with the requirements under Cal. Civ. Code § 2924, to meet

21   the pleading requirements under FRCP, Rules 8 and 9(b).[12]  Also, SDS incorporates herein its

22   / / /

23

24   [10]  Plaintiff does not plead specific facts to show SDS breached its duties under the second DOT
25   and the statutory non-judicial foreclosure scheme by purportedly submitting false facts to credit bureaus or that it acted outside its duties in doing same.

26   [11]  Plaintiff does not plead specific facts to show SDS' actions or inactions were marked by
27   intentionally false or recklessly false statements to overcome privilege or show malice.

28   [12]  Plaintiff merely pleads conclusions that documents recorded by SDS were false, but without the underlying facts to show they were false.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1          - 21 -          NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1   arguments in Sections III(B) IV, V, VI, and VII above. Consequently, Plaintiff has pleaded no

2   claim for defamation against SDS.

3   **XV.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF THE**

4   **FDCPA AGAINST SDS**

5       SDS incorporates herein the arguments to the second claim found in Trinity's Motion.

6   See, p. 18, lns. 11 -28, p. 19 lns. 1-21.

7       Plaintiff asserts that "Defendants," <u>without any distinction</u> and impermissibly <u>lumping</u> the

8   defendants together, are debt collectors engaged in debt collection in violation of the Fair Debt

9   Collection Practices Act, <u>15 USC 1692 *et seq.*</u> ("FDCPA").  This statute prohibits debt collectors

10  from, among other things, using false and misleading representations or unfair and

11  unconscionable means to collect debts.  <u>15 USC §§ 1692e, 1692f</u>.

12      To prevail on a FDCPA claim, Plaintiff must allege the following: "(1) the plaintiff is a

13  'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for

14  personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the

15  defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o." <u>Wheeler v.</u>

16  <u>Premiere Credit of N. Am., LLC</u>, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing <u>Turner v.</u>

17  <u>Cook</u>, 362 F.3d 1219, 1226-27 (9th Cir. 2004)).  "The FDCPA imposes liability only when an

18  entity is attempting to collect debt." <u>Ho v. ReconTrust Co., NA</u>, 858 F.3d 568, 571 (9th Cir.

19  2016) (citing 15 U.S.C. § 1692(e)).

20      A "debt collector" includes any person:  (1) "who uses any instrumentality of interstate

21  commerce or the mails in any business the principal purpose of which is the collection of any

22  debts," or (2) "who regularly collects or attempts to collect, directly or indirectly, debts

23  owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).  The claim fails as

24  to SDS because foreclosure trustees are not debt collectors within the meaning of the FDCPA.[13]

25

26  [13]  Plaintiff must plead "factual content that allows the court to draw the reasonable inference"
    that SDS is a debt collector.  <u>Schlegel v. Wells Fargo Bank, NA</u>, 720 F.3d 1204, 1208 (9th Cir.

27  2013).  There are no <u>fact</u> allegations showing SDS <u>regularly</u> collects debts or its <u>principal</u> purpose
    is to collect debts.  Indeed, the contrary is the case as SDS is without any dispute a foreclosure

28  trustee, and the principal or regular practice of a foreclosure trustee is to conduct non-judicial
    foreclosures.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1        - 22 -        NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1    The Ninth Circuit has explicitly held that "actions taken to facilitate a non-judicial

2  foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect

3  'debt' as that term is defined by the FDCPA." Ho, 858 F.3d at 572.  "Because the money

4  collected from a trustee's sale is not money owed by a consumer, it isn't 'debt' as defined by the

5  FDCPA." Id. at 572.  "Foreclosing on a trust deed is an entirely different path than collecting

6  funds from a debtor." Id. (quoting Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D.

7  Or. 2002)).

8    A foreclosing entity must send a notice of default in order to conduct a trustee's sale. Ho,

9  858 F.3d at 573; see Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994) ("The foreclosure process

10  is commenced by the recording of a Notice of Default and Election to Sell by the trustee.").  "If [a

11  trustee] can administer a trustee's sale without collecting a debt, it must be able to maintain that

12  status when it takes the statutorily required steps to conduct the trustee's sale." Ho, 858 F.3d at

13  573.  As such, "[t]he right to 'enforce' the security interest necessarily implies the right to send

14  the required notices; to hold otherwise would divorce the notices from their context." Id

15    Except for a very limited exception, the United States Supreme Court has found the

16  conduct of foreclosure trustees outside the scope of the FDCPA. "… [B]ut for § 1692f(6), those

17  who engage in only nonjudicial foreclosure proceedings are not debt collectors within the

18  meaning of the Act." Obduskey v. McCarthy & Holthus LLP, 139 S.Ct. 1029, 1038 (2019); See

19  also, Bushlow v. MTC Financial, Inc.,---Fed.Appx.---, 2019 WL2295681 *1 (9th Cir.) ["The

20  district court property dismissed Bushlow's remaining FDCPA clams because defendant is not a

21  debt collector.]

22    As to the exception mentioned by the Supreme Court, 15 U.S.C. § 1692f(6) states :

23    "A debt collector may not use unfair or unconscionable means to collect or attempt
to collect any debt. Without limiting the general application of the foregoing, the
24    following conduct is a violation of this section:… **(6)** Taking or threatening to take
any nonjudicial action to effect dispossession or disablement of property if--
25
**(A)** there is no present right to possession of the property claimed as collateral
26    through an enforceable security interest;

27    **(B)** there is no present intention to take possession of the property; or

28    **(C)** the property is exempt by law from such dispossession or disablement.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                                                    - 23 -                    NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
INC. FOR FAILURE TO STATE A CLAIM

1    As already discussed Plaintiff admitted to the validity of the First and Second DOTs and

2   attendant loan and that she had no claims against SDS at through October, 2018. Judicial

3   estoppel, res judicata, and collateral estoppel bar claims as to Trinity's title and of any

4   irregularities in the foreclosure process. Finally, without facts pleaded but only conclusions,

5   Plaintiff has not pleaded specifically any irregularities in the foreclosure process committed by

6   SDS.Therefore, the claim fails as to SDS.

7   **XVI.    CONCLUSION**

8    For the foregoing reasons, SDS requests that the Court grant its Motion to Dismiss

9   Plaintiff's complaint in this matter with prejudice.  In order to survive a motion to dismiss for

10  failure to state a claim, a complaint must set forth enough facts to state a claim for relief that is

11  plausible on its face.  A Court need not permit an attempt to amend a complaint if, as here, it

12  determines that the pleading could not possibly be cured by allegations of other facts.  Albrecht v.

13  Lund, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); Allen v. City of

14  Beverly Hills, 911 F.2d 367, 373 (9th Cir.

15  1990) (amendment futile).  Accordingly, the complaint as to SDS should be dismissed *without*

16  *leave to amend.*

17  Dated:  July 11, 2019                           Burke, Williams & Sorensen, LLP

18

19                                                  By: /s/ *Fabio R. Cabezas*
                                                        Richard J. Reynolds
20                                                      Fabio R. Cabezas
                                                        Attorneys for Defendant
21                                                      SPECIAL DEFAULT SERVICES, INC.

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4825-8786-7804 v1                - 24 -              NOTICE OF MOTION AND MOTION TO DISMISS
                                                         COMPLAINT AGAINST SPECIAL DEFAULT SERVICES,
                                                         INC. FOR FAILURE TO STATE A CLAIM

1

**CERTIFICATE OF SERVICE**

2

Pursuant to Civil L.R. 5.1, I certify that I am an employee of **BURKE, WILLIAMS &**

3

**SORENSEN, LLP**, and that on **July 11, 2019**, I caused to be served a true **NOTICE OF**

4

**MOTION AND MOTION TO DISMISS COMPLAINT AGAINST SPECIAL DEFAULT**

5

**SERVICES, INC. FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY**

6

**BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

7

**THEREOF** addressed to all parties and counsel as identified on the Court-generated Notice of

8

Electronic Filing; all counsel being registered to receive CM/ECF Electronic Filing as follows:

9

- **Bryan Lakeith Hawkins** - bryan.hawkins@stoel.com, sharon.witkin@stoel.com,

10

docketclerk@stoel.com

11

- **Matthew S. Henderson** - matthew.henderson@piblaw.com,

12

julia.hernandez@piblaw.com

13

- **Richard Joseph Reynolds** - rreynolds@bwslaw.com, fcabezas@bwslaw.com,

14

psoeffner@bwslaw.com, rjr-nef@bwslaw.com, shagle@bwslaw.com,

15

tmims@bwslaw.com

16

- **Fabio R. Cabezas** - fcabezas@bwslaw.com, psoeffner@bwslaw.com, rjr-

17

nef@bwslaw.com, rreynolds@bwslaw.com, tmims@bwslaw.com

18

I further certify that some of the participants in the case are not registered CM/ECF users

19

and that I caused to be serviced a true copy by placing the document(s) listed above in a sealed

20

envelope with postage thereon fully prepaid, in the United States mail at Santa Ana, California

21

addressed as set forth below:

22

Cecilia Mangaoang
1765 Landess Avenue, PMB #232

23

Milpitas, CA  95035

24

*Plaintiff In Pro Per, Cecilia Mangaoang*

25

26

Patti Soeffner
Patti Soeffner

27

28

IRV #4829-7625-2571 v1
F0016-0002

CERTIFICATE OF SERVICE