1    THOMAS A. WOODS (SB #210050)
     thomas.woods@stoel.com
2    BRYAN L. HAWKINS (SB #238346)
     bryan.hawkins@stoel.com
3    STOEL RIVES LLP
     500 Capitol Mall, Suite 1600
4    Sacramento, CA  95814
     Telephone:  916.447.0700
5    Facsimile:  916.447.4781

6    Attorneys for Defendants
     WILMINGTON TRUST, NA, SUCCESSOR
7    TRUSTEE TO CITIBANK, N.A. AS TRUSTEE,
     FOR THE BENEFIT OF REGISTERED HOLDERS
8    OF STRUCTURED ASSET MORTGAGE
     INVESTMENTS II TRUST 2007-AR3,
9    MORTGAGE PASS-THROUGH CERTIFICATES,
     SERIES 2007-AR3 and SELECT PORTFOLIO
10    SERVICING, INC.

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                      SAN JOSE DIVISION

| | |
|---|---|
| Cecilia Mangaoang, | Case No. 5:19-cv-03125-SVK |
|          Plaintiff, | DEFENDANTS WILMINGTON TRUST, NA, SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3 AND SELECT PORTFOLIO SERVICING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
|          v. | |
| SPECIAL DEFAULT SERVICES, INC.; TRINITY FINANCIAL SERVICES, LLC; NEWPORT BEACH HOLDINGS, LLC; WILMINGTON TRUST, NA, SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3,; SELECT PORTFOLIO SERVICING, INC. | |
|          Defendant. | Date:  August 27, 2019<br>Time: 10:00 a.m.<br>Ctrm:  6 – 4th Floor<br>Judge: Magistrate Judge Susan van Keulen |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA

19-CV-03125-SVK

102850441.1 0052161-07275

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 8

I. INTRODUCTION .................................................................................. 8

II. BACKGROUND FACTS ........................................................................ 8

    A. The First Deed of Trust ............................................................ 8

    B. The Second Deed of Trust and Related Foreclosure ................... 9

III. RELEVANT PROCEDURAL HISTORY ................................................ 9

    A. Plaintiff's Prior Bankruptcy Action ......................................... 9

    B. Plaintiff's Current Action ....................................................... 10

IV. STANDARD OF REVIEW .................................................................... 10

V. LEGAL ARGUMENT ........................................................................... 11

    A. Plaintiff's Claims Fail as a Matter of Law ................................ 11

        1. Plaintiff's Claims Are Barred as a Matter of Law by the Doctrine of Judicial Estoppel .................................. 11

        2. Even Assuming the Doctrine of Judicial Estoppel Does Not Apply, Plaintiff's Claim Still Fails as a Matter of Law ........... 13

            a. Plaintiff's First Cause of Action for Quiet Title Fails as a Matter of Law ............................................ 13

            b. Plaintiff's Second Cause of Action for Violation of the Fair Debt Collection Practices Act Fails as a Matter of Law ...................................................................... 14

            c. Plaintiff's Third Cause of Action for Cancellation of Instruments Fails as a Matter of Law ......................... 15

            d. Plaintiff's Fifth Cause of Action for Replevin Fails as a Matter of Law ...................................................... 17

            e. Plaintiff's Sixth Cause of Action for Defamation Fails as a Matter of Law ...................................................... 17

VI. CONCLUSION .................................................................................... 18

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA

-2-

19-CV-03125-SVK

102850441.1 0052161-07275

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguirre v. Cal–Western Reconveyance Corp.,*
  2012 WL 273753 (C.D. Cal. Jan. 30, 2012) ................................................14

*Amer v. Wells Fargo Bank NA,*
  2017 WL 4865564 (N.D. Cal. Oct. 27, 2017) ..............................................12

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...........................................................................10, 15

*Aubert v. Am. Gen. Fin., Inc.,*
  137 F.3d 976 (7th Cir. 1998) ..................................................................14

*Avila v. Wells Fargo Bank, Nat'l Ass'n,*
  No. C 16-05904 WHA, 2016 WL 7425925 (N.D.Cal., Dec. 23, 2016) ...................16

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1990) ..................................................................11

*Benedict v. Hewlett-Packard Company,*
  Case No. 13-cv-00119-LHK, 2014 WL 234218 (N.D. Cal. Jan. 21, 2014) ...............17

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC,*
  162 Cal.App.4th 858 (2008) ..................................................................14

*Brown v. Stroud,*
  Case No. C 08-02348 JSW, 2011 WL 3501729 (N.D. Cal. Aug. 10, 2011) ..............17

*California Packing Corp. v. Stone,*
  64 Cal.App. 488 (1923) .......................................................................17

*Carr v. Beverly Health Care*
  *\* Rehab. Servs., Inc.* Case No 12-cv-2980-EMC, 2013 WL 5946364 (N.D. Cal.
  Nov. 5, 2013) .................................................................................12

*De Jesus Vega v. Saxon Mortg. Servs.,*
  No. 08-CV-2194-IEG (CAB), 2009 U.S. Dist. LEXIS 22791 (C.D. Cal. Mar.
  16, 2009) ......................................................................................14

*Francis v. Dun & Bradstreet, Inc.,*
  3 Cal. App. 4th 535 (1992) ....................................................................18

*Gerhard v. Stephens*
  (1968) 68 Cal.2d 864 ......................................................................13, 14

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                              -3-                    19-CV-03125-SVK

102850441.1 0052161-07275

*Ghuman v. Wells Fargo Bank, N.A.*,
  989 F.Supp.2d 994 (E.D. Cal. 2013).........................................................................16

*Hamilton v. Greenwich Investors XXVI, LLC*
  195 Cal.App.4th 1602 (2011) ..................................................................................12

*Hamilton v. State Farm Firm & Casualty Co.*
  270 F.3d 788 (9th Cir. 2001)....................................................................................11

*Harris v. Dixon Cadiallac Co.*,
  132 Cal.App.3d 485 (1982).......................................................................................17

*Hejmadi v. Amfac, Inc.*,
  202 Cal. App. 3d 525 (1988).....................................................................................18

*Herrera v. Fed. Nat. Mortg. Assn.*
  205 Cal.App.4th 1495 (2012) ...............................................................................15, 16

*Herrera v. U.S. Bank, N.A.*,
  2014 WL 1806923 (S.D. Cal. May 5, 2014)..............................................................14

*Hobbs v. Wells Fargo Bank, NA*
  Case No. 2:17-cv-01920 KJM CKD PS, 2018 WL 288015 (E.D. Cal. Jan. 4,
  2018) ...........................................................................................................................12

*HPG Corp. v. Aurora Loan Services, LLC*
  (E.D. Cal. 2010) 436 B.R. 569 .................................................................................12

*Kelley v. Mortgage Elec. Registration Sys.*,
  642 F.Supp.2d 1048 (N.D. Cal. 2009) .................................................................13, 14

*Lane v. Vitek Real Estate Industries Group*,
  713 F.Supp.2d 1092 (E.D. Cal. 2010).......................................................................16

*Mehl v. Wells Fargo Home Mortgage LLC*
  Case No. 2:17-cv-1099 JAM AC PS, 2018 WL 1382023 (E.D. Cal. March 19,
  2018) ...........................................................................................................................12

*Morgan v. Aurora Loan Services, LLC*,
  No. 14-55203 2016 WL 1179733 (9th Cir., Mar. 28, 2016 ......................................16

*Pettit v. Retrieval Masters Creditor Bureau, Inc.*,
  211 F.3d 1057 (7th Cir. 2000)...................................................................................14

*Pollice v. Nat'l Tax Funding, L.P.*,
  225 F.3d 379 (3d Cir. 2000)......................................................................................14

*Rabidou v. Wachovia Corporation*,
  Case No. 5:14-cv-03684-PSG, 2015 WL 1737926 (N.D. Cal. April 8, 2015) ..................11, 12

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                    -4-                    19-CV-03125-SVK

102850441.1 0052161-07275

*Rajamin v. Deutsche Bank Nat'l Trust Co.*,
  757 F.3d 79 (2d Cir. 2014)..................................................................................16

*Ratliff v. JPMorgan Chase Bank, N.A.*,
  2017 WL 2876141 (N.D. Cal. July 6, 2017)........................................................16

*Ringler Associates Inc. v. Maryland Casualty Co.*,
  80 Cal. App. 4th 1165 (2000) .............................................................................18

*Saterbak v. JPMorgan Chase Bank, N.A.*,
  245 Cal.App.4th 808, 816 ...................................................................................16

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)........................................................................10, 15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011)......................................................................11, 15

*Talosig v. US Bank NA*
  Case No. 2:15-cv-02433-MCE-CKD, 2016 WL 632796 (E.D. Cal. Feb. 17,
  2016) ...................................................................................................................12

*Vertkin v. Wells Fargo Home Mortgage*
  Case No. 10-00775-RS, 2010 WL 3619798 (N.D. Cal. 2010) .................................12

*Yvanova v. New Century Mortg. Corp.*
  (2016) 62 Cal.4th 919 ...................................................................................15, 16

*Zekaessian v. Zakaessian*
  70 Cal.App.2d 721 (1945) ...................................................................................15

**Statutes**

11 USC 521(a)(1)(B)(i).................................................................................................11

Cal. Civ. Code § 2923.55(c) ...........................................................................................9

Cal. Civ. Proc. Code § 343.............................................................................................15

Cal. Civ. Proc. Code § 761.020.....................................................................................13

**Rules**

Fed. R. Civ. Proc. 12(b)(6)............................................................................................10

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                          -5-                          19-CV-03125-SVK

102850441.1 0052161-07275

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 27, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Susan van Keulen in Courtroom 6 of the United States District Court for the Northern District of California (San Jose Division), located at 280 South First Street, Fourth Floor, San Jose, CA 95113, Defendants Select Portfolio Servicing, Inc. and Wilmington Trust, NA, Successor Trustee to Citibank, N.A. as Trustee, for the benefit of Registered Holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates, Series 2007-AR3 will and hereby do move this Court for an order dismissing them from the first cause of action for quiet title, second cause of action for violation of the Fair Debt Collection Practices Act, third cause of action for cancellation of instruments, fifth cause of action for replevin, and sixth cause of action for defamation Pro Plaintiff Cecilia Mangaoang's Complaint.

Defendants' Motion To Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the aforementioned causes of action fail to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the Complaint and its exhibits, any reply memorandum, the pleading and files in this action, and such other matters as may be presented at or before the hearing.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                                    -6-                            19-CV-03125-SVK

102850441.1 0052161-07275

1

DATED:  July 19, 2019

2

STOEL RIVES LLP

3

4

By:/s/Bryan L. Hawkins

5

THOMAS A. WOODS
BRYAN L. HAWKINS

6

Attorneys for Defendants
WILMINGTON TRUST, NA,

7

SUCCESSOR TRUSTEE TO CITIBANK,
N.A. AS TRUSTEE, FOR THE BENEFIT

8

OF REGISTERED HOLDERS OF
STRUCTURED ASSET MORTGAGE

9

INVESTMENTS II TRUST 2007-AR3,
MORTGAGE PASS-THROUGH

10

CERTIFICATES, SERIES 2007-AR3 and
SELECT PORTFOLIO SERVICING, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                                             -7-                                   19-CV-03125-SVK

102850441.1 0052161-07275

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pro Per Plaintiff  Cecilia Mangaoang ("Plaintiff") is a serial filer who time and time again has filed frivolous lawsuits based on loans she took out on the real property located at 2901 Capewood Lane, San Jose, California 95132.  This action is no different and is based on the purported invalidity of these loans and related Deeds of Trust.  Plaintiff's allegations are conclusory and belied by judicially noticeable documents, including her filings in prior lawsuits. For these reasons, Defendants Select Portfolio Servicing, Inc. ("SPS") and Wilmington Trust, NA, Successor Trustee to Citibank, N.A. as Trustee, for the benefit of Registered Holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates, Series 2007-AR3 (the "Trust") respectfully request that the Court grant their motion and dismiss them from this action in its entirety.

### II.    BACKGROUND FACTS

Plaintiff's action is based on two loans she obtained, both of which are secured by the real property located at 2901 Capewood Lane, San Jose, California 95132 (the "Property").  On November 5, 2018, co-defendant Newport Beach Holdings, LLC foreclosed on the Property pursuant to the second loan.  As discussed below, Defendants SPS and the Trust only have interests in the first loan and had no involvement in the November 5, 2018 foreclosure sale.

#### A.    The First Deed of Trust

On January 9, 2007, Plaintiff Cecilia Mangaoang obtained a loan in the amount of $524,000 from Aidan West Financial Group ("Aidan"), the repayment of which was secured by a Deed of Trust ("DOT 1") on the real property located at 2901 Capewood Lane, San Jose, California 95132 (the "Property").  Request for Judicial Notice ("RJN"), at Exh. A.  The DOT 1 identified Plaintiff as the "Borrower," Aidan as the "lender" and Mortgage Electronic Registration Systems, Inc. ("MERS")  as the beneficiary and nominee for Aidan, its successors and assigns.

On March 20, 2009, MERS executed an Assignment of Deed of Trust ("ADOT 1") assigning the DOT 1 to the Trust.  RJN  RJN, Exh. C.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                                    -8-                            19-CV-03125-SVK

102850441.1 0052161-07275

1   As discussed below, Defendants SPS and the Trust are only involved in this first Deed of

2   Trust and the loan connected to that Deed of Trust.

3       B.      **The Second Deed of Trust and Related Foreclosure**

4       That same day, January 9, 2007, Plaintiff obtained a second loan in the amount of

5   $131,000 from Aidan, the repayment of which was secured by a second Deed of Trust ("DOT 2")

6   on Property.  RJN, at Exh. B.  The DOT 2 identified Plaintiff as the "Borrower," Aidan as the

7   "lender" and Mortgage Electronic Registration Systems, Inc. ("MERS")  as the beneficiary and

8   nominee for Aidan, its successors and assigns.  As discussed below, all of the allegedly wrongful

9   foreclosure activity was done pursuant to DOT 2.  Defendants SPS and the Trust had no

10  involvement with DOT 2 or the underlying loan.  *See* RJN, Exhs. A-G; Complaint, ¶ 62.

11      On July 21, 2015, MERS executed an Assignment of Deed of Trust ("ADOT 2")

12  assigning the DOT 2 to Newport Beach Holdings, LLC.  RJN  RJN, Exh. D.

13      On September 9, 2016, Special Default Services, Inc. ("SDS") caused to be recorded a

14  Notice of Default and Election To Sell Under Deed of Trust ("NOD") confirming Plaintiff's

15  default under the Note secured by DOT 2.  RJN, Exh. E.  Attached to the NOD was a Declaration

16  of Compliance evidencing Defendants' compliance with California Civil Code section

17  2923.55(c).

18      On September 6, 2018, a Notice of Trustee's Sale was recorded on the Property pursuant

19  to DOT 2.  RJN, Exh. F.

20      On November 5, 2018, the Property was sold at foreclosure sale to Trinity Financial

21  Services, LLC.  RJN, Exh. G.  The sale was pursuant to DOT 2.  On November 15, 2018, a

22  Trustee's Deed Upon Sale was recorded.  *Id.*

23      SPS acted as loan servicer for the loan secured by DOT 1 and played no role in the loan

24  secured by DOT 2 or the foreclosure of the Property pursuant to DOT 2.  Complaint, ¶ 62.

25  **III.   RELEVANT PROCEDURAL HISTORY**

26      A.      **Plaintiff's Prior Bankruptcy Action**

27      On October 4, 2018, Plaintiff filed for bankruptcy protection.  RJN, Exh. H (docket report

28  from Plaintiff's bankruptcy – case number 18-52245).  At no point during the bankruptcy did

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                            -9-                        19-CV-03125-SVK

102850441.1 0052161-07275

Plaintiff inform the Court of any purported pre-filing claims against Defendants SPS or the Trust. *See* RJN, at Exhs. H (docket report from Plaintiff's bankruptcy), I (page 14 of 46, item number 33) (bankruptcy schedule from Plaintiff's bankruptcy), J (adversary action from bankruptcy case number 18-52245 against SDS and Trinity Financial Services, LLC). Indeed, during that bankruptcy Plaintiff confirmed the validity of the DOT 1. *See* RJN, Exhs. K at p. 2 of 8 (acknowledging both pre and post petition arrears owed to the Trust), Exk L at p. 4 of 10 (same). As stated below, these acts judicially estops them from asserting her claims in this action.

On December 4, 2018, Plaintiff initiated an Adversary Proceeding in her bankruptcy action against SDS and Trinity Financial Services, LLC. RJN, Exh. J.

On March 25, 2019, Plaintiff's bankruptcy case number 18-52245, was dismissed. RJN, Exh. H.

On April 22, 2019, Plaintiff's Adversary Proceeding was dismissed. RJN, Exh. J.

B.    **Plaintiff's Current Action**

On June 5, 2019, Plaintiff filed this action. ECF No. 1.

On June 5, 2019, Plaintiff filed a motion requesting permission to record a Notice of Pendency of Action on the Property. ECF No. 2. The hearing on that motion is scheduled for July 23, 2019.

On June 26, 2019, co-defendants Newport Beach Holdings, LLC and Trinity Financial Services, LLC filed their motion to dismiss. ECF No. 17. The hearing on that motion is scheduled for August 13, 2019.

IV.    **STANDARD OF REVIEW**

Rule 12(b)(6) directs dismissal of any complaint that fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Bald assertions and legal conclusions are "not entitled to the assumption of truth." *Id*. at 679. Indeed, the Court "need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal is

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                    -10-                    19-CV-03125-SVK

102850441.1 0052161-07275

1  proper where there is either a "lack of a cognizable legal theory or [an] absence of sufficient facts

2  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

3  (9th Cir. 1990).  The allegations in a complaint must be "sufficiently plausible" such that "it is not

4  unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*,

5  652 F.3d 1202, 1216 (9th Cir. 2011).

6  **V.      LEGAL ARGUMENT**

7       A.      **Plaintiff's Claims Fail as a Matter of Law**

8          1.      Plaintiff's Claims Are Barred as a Matter of Law by the Doctrine of

9              Judicial Estoppel

10  "Judicial estoppel is an equitable doctrine that precludes a party from gaining advantage

11  by asserting one position, and then later seeking an advantage by taking a clearly inconsistent

12  advantage." *Rabidou v. Wachovia Corporation*, Case No. 5:14-cv-03684-PSG, 2015 WL

13  1737926, *1 (N.D. Cal. April 8, 2015).)  A court invokes judicial estoppel not only to prevent a

14  party from gaining an advantage by taking inconsistent positions, but also because of general

15  considerations of the orderly administration of justice and regard for the dignity of judicial

16  proceedings, and to protect against a litigant playing fast and loose with the courts." *Id.*  "The

17  application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the

18  same litigation, but is also appropriate to bar litigants from making incompatible statements in

19  two different cases." (*Ibid.*)

20  In the bankruptcy context, a party is judicially estopped from asserting a cause of action

21  not raised in a reorganization plan or otherwise mentioned in the debtor's schedules of disclosure

22  statements. *See Hamilton v. State Farm Firm & Casualty Co.* 270 F.3d 788, 783 (9th Cir. 2001).

23  A bankrupt debtor has a duty to file schedules of assets and liabilities.  11 USC 521(a)(1)(B)(i).

24  The debtor may amend the schedules as a matter of course at any time before the case is closed.

25  As such, the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative

26  duty to disclose all assets, including contingent and unliquidated claims, or separate actions as

27  assets, that continues for the duration of the bankruptcy proceeding. *See Hamilton*, 270 F.3d at p.

28  785.  Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                    -11-                    19-CV-03125-SVK

102850441.1 0052161-07275

1  that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend

2  his or her schedules or disclosure statements to identify the cause of action as a contingent asset.

3  *See Greenwich Investors XXVI, LLC* 195 Cal.App.4th 1602, 1613-14 (2011); *Carr v. Beverly*

4  *Health Care * Rehab. Servs., Inc.* Case No 12-cv-2980-EMC, 2013 WL 5946364, * 5 (N.D. Cal.

5  Nov. 5, 2013); *Vertkin v. Wells Fargo Home Mortgage* Case No. 10-00775-RS, 2010 WL

6  3619798, * 3 (N.D. Cal. 2010).

7          Based upon this law, numerous California courts have determined that a bankrupt debtor's

8  failure to list potential foreclosure related claims during the course of his or her bankruptcy case

9  estopped the debtor from raising those claims in a subsequent civil suit.  *See e.g. Hamilton v.*

10  *Greenwich Investors XXVI, LLC* 195 Cal.App.4th 1602, 1613-14 (2011); *Rabidou*, 2015 WL

11  1737926; *HPG Corp. v. Aurora Loan Services, LLC* (E.D. Cal. 2010) 436 B.R. 569, 578-79;

12  *Talosig v. US Bank NA* Case No. 2:15-cv-02433-MCE-CKD, 2016 WL 632796, *3-4 (E.D. Cal.

13  Feb. 17, 2016); *Hobbs v. Wells Fargo Bank, NA* Case No. 2:17-cv-01920 KJM CKD PS, 2018

14  WL 288015 (E.D. Cal. Jan. 4, 2018); *Amer v. Wells Fargo Bank NA,* 2017 WL 4865564, *6-9

15  (N.D. Cal. Oct. 27, 2017); *Mehl v. Wells Fargo Home Mortgage LLC* Case No. 2:17-cv-1099

16  JAM AC PS, 2018 WL 1382023, *6-7 (E.D. Cal. March 19, 2018).  *Rabidou* is instructive on this

17  point.

18          In *Rabidou*, plaintiff borrower filed for bankruptcy protection subsequent to defaulting on

19  his mortgage.  He subsequently filed suit against the beneficiary under his deed of trust alleging

20  the improper denial of his loan modification application.  The Court granted defendant Wells

21  Fargo's motion to dismiss on the grounds that plaintiff's claims were barred by the doctrine of

22  judicial estoppel given his failure to identify his potential claims at any point during the pendency

23  of his bankruptcy.  Specifically, the Court found that (1) plaintiff's failure to disclose his

24  purported claims against Wells Fargo during his bankruptcy constituted a "clearly inconsistent"

25  position to his subsequent civil suit, (2) plaintiff's failure misled the bankruptcy court, and (3)

26  absent estoppel, plaintiff would have derived an unfair benefit by proceeding with his civil case.

27          The same result should follow here.  Plaintiff failed to identify during her prior

28  bankruptcy any of the claims she is now alleging against Defendants SPS and the Trust.  RJN,

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                          -12-                          19-CV-03125-SVK

102850441.1 0052161-07275

1    Exh. H (docket report from Plaintiff's bankruptcy – case number 18-52245); I (page 14 of 46,

2    item number 33) (bankruptcy schedule from Plaintiff's bankruptcy), J (adversary action from

3    bankruptcy case number 18-52245 against SDS and Trinity Financial Services, LLC).  This

4    failure misled the bankruptcy court and provided an unfair benefit to Plaintiff.  Pursuant to the

5    law above, those claims are now barred as a matter of law.

6          Plaintiff is also barred from now alleging the nonexistence of DOT 1 and the underlying

7    loan.  Specifically, in her bankruptcy petition she acknowledged that loan's existence and

8    validity.  *See* RJN, Exh. I at p. 19 of 46[1].  She also acknowledged the loan in her proposed

9    Chapter 13 Plans.  *See* RJN, at Exhs. K at p. 2 of 8 (acknowledging both pre and post petition

10   arrears owed to the Trust), Exk L at p. 4 of 10 (same).

11        2.      Even Assuming the Doctrine of Judicial Estoppel Does Not Apply,
                  Plaintiff's Claim Still Fails as a Matter of Law

12

13               a.      Plaintiff's First Cause of Action for Quiet Title Fails as a Matter of
                         Law

14        Plaintiff's first claim for relief is for quiet title.  This claim fails.

15         "A quiet title action must include: (1) a description of the property in question; (2) the

16   basis for plaintiff's title; and (3) the adverse claims to plaintiff's title."  *Kelley v. Mortgage Elec.*

17   *Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009) (citing Cal. Civ. Proc. Code

18   § 761.020).  "[G]enerally in a quiet title action the plaintiff can prevail only by the establishment

19   of his own title and not by reliance upon a weakness in defendant's title."  *Gerhard v. Stephens*

20   (1968) 68 Cal.2d 864, 918.  In *Kelley*, the court properly dismissed the plaintiffs' claim for quiet

21   title where the plaintiffs failed to allege that they satisfied their obligations under their applicable

22   deed of trust.  Kelley, 642 F.Supp.2d at 1057.

23        Plaintiff's Complaint fails to establish her right to title because the judicially noticeable

24   public records (along with Plaintiff's own admissions) show that she has not satisfied her

25   obligations that are preconditions to their ownership of the Property.  RJN, Exhs. A-D. H-L.

26

27

28

---

[1] These numbers refer to the red ECF filing footer running along the bottom of every page.

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                    -13-                    19-CV-03125-SVK

102850441.1 0052161-07275

1    Indeed, Plaintiff has not asserted any rights to ownership in the Property superior to the recorded

2    Deeds of Trust.

3        Claims for quiet title -- like Plaintiff's -- that do not establish the *borrower's title,* are not

4    actionable.  *See  Kelley*, 642 F.Supp.2d at 1057.  Because Plaintiff has not satisfied (and cannot

5    satisfy) the critical element of having established her right to the Property, she is not entitled to

6    the Property.  *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC,* 162 Cal.App.4th 858, 867

7    (2008).  In addition to being incorrect, Plaintiff's claim of weakness in Defendants' interest in the

8    Property is irrelevant to her claim for quiet title.  *Gerhard*, 68 Cal.2d at 918.

9        For these reasons, this cause of action must be dismissed.

10           b.    Plaintiff's Second Cause of Action for Violation of the Fair Debt
                   Collection Practices Act Fails as a Matter of Law

11

12    Plaintiff's second cause of action alleging a violation of the Fair Debt Collection Practices

13    Act ("FDCPA") fails for a myriad of reasons.  First, Plaintiff cannot sufficiently plead the

14    elements of a viable FDCPA claim against Defendants.  Neither the Trust nor SPS is liable under

15    the FDCPA because they are not "debt collectors" to which the FDCPA applies.  As reflected in

16    the Complaint, the Trust is the creditor of the mortgage loan.  *See De Jesus Vega v. Saxon Mortg.*

17    *Servs.*, No. 08-CV-2194-IEG (CAB), 2009 U.S. Dist. LEXIS 22791, at *8-9 (C.D. Cal. Mar. 16,

18    2009); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (the statute

19    does not apply to creditors who collect in their own name and whose principal business is not

20    debt collection, only to debt collectors (citing *Pettit v. Retrieval Masters Creditor Bureau, Inc.*,

21    211 F.3d 1057, 1059 (7th Cir. 2000); *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir.

22    1998))).  The same is true of SPS who Plaintiff acknowledges is a loan servicer.  *See* Complaint,

23    ¶¶ 61-62; *Herrera v. U.S. Bank, N.A.*, 2014 WL 1806923 *2 (S.D. Cal. May 5, 2014) (citing

24    *Aguirre v. Cal–Western Reconveyance Corp.*, 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012))

25    ("[t]he law is well-settled that creditors, mortgagors (sic), and mortgage servicing companies are

26    not debt collectors and are statutorily exempt from liability under the FDCPA.").  Thus, these

27    Defendants not "debt collectors" per the FDCPA and the Complaint fails to state an FDCPA

28    claim against them.

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA

-14-

19-CV-03125-SVK

102850441.1 0052161-07275

1   Second, assuming, *arguendo*, that Defendants (1) met the definition of "debt collector,"

2   and (2) engaged in a "debt collection activity," nothing they are alleged to have done in pursuit of

3   Plaintiff's debt was unfair or unlawful.  Indeed, Plaintiff does not specifically allege any improper

4   collection activity by Defendants.  The only thing Plaintiff does is group all of the named

5   Defendants together and direct vague and conclusory allegations towards that group.  This is

6   insufficient to satisfy the standards espoused by the United States Supreme Court.  *See Ashcroft v.*

7   *Iqbal*, 556 U.S. 662, 678 (2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

8   2001); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

9   In sum, for various reasons, Plaintiff has not alleged and cannot allege a viable cause of

10   action against Defendants under the FDCPA, and so the claim asserted against Defendants must

11   be dismissed without leave to amend.

12              c.      Plaintiff's Third Cause of Action for Cancellation of Instruments
                       Fails as a Matter of Law
13
      Plaintiff's third cause of action is not alleged against Defendants.  In this action, however,
14
      Plaintiff seeks to cancel DOT 1.  Complaint, ¶¶ 446, 448.  As such, Defendants feel the need to
15
      respond and, as set forth below, the claim fails.
16
      To start, Plaintiff's challenge to the DOT and to ADOT 1 are time barred.  A 4-year
17
      limitations period applies to a claim to cancel an instrument.  *See* Civ.Proc.Code § 343
18
      (cancellation); *see also Zekaessian v. Zakaessian* 70 Cal.App.2d 721, 725 (1945).  The DOT 1
19
      was executed and recorded in 2007 and ADOT in 2009.  As such, Plaintiff's efforts to cancel
20
      them in 2019 are time barred.
21
      Second, Plaintiff is judicially estopped from contending that these documents are invalid
22
      due to her bankruptcy filings.  *See* RJN, Exhs. H-L.
23
      Third, and contrary to her allegations, these documents bear her signature.  *See* RJN,
24
      Exhs. A and C.
25
      Fourth, MERS' ability to act as beneficiary and nominee is well accepted under California
26
      law.  (See *Herrera v. Fed. Nat. Mortg. Assn.* 205 Cal.App.4th 1495, 1506 (2012), disapproved of
27
      on unrelated grounds by *Yvanova v. New Century Mortg. Corp.* (2016) 62 Cal.4th 919 ("Because
28

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                          -15-                          19-CV-03125-SVK

102850441.1 0052161-07275

1    the DOT stated MERS held all the rights of the lender, including the right to foreclose, there was

2    no abuse of discretion in the trial court concluding plaintiffs were precluded from contesting

3    MERS' authority to assign to OneWest the DOT . . . . "); see also *Lane v. Vitek Real Estate*

4    *Industries Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010); *Ghuman v. Wells Fargo Bank,*

5    *N.A.*, 989 F.Supp.2d 994, 1002 (E.D. Cal. 2013); *Avila v. Wells Fargo Bank, Nat'l Ass'n*, No. C

6    16-05904 WHA, 2016 WL 7425925, at *3 (N.D.Cal., Dec. 23, 2016) (granting motion to dismiss

7    wrongful disclosure claim; internal citations omitted).)

8         Fifth, Plaintiff lacks standing to challenge the assignment.  As held by the California

9    Supreme Court, in order for a borrower to possess standing to challenge an assignment, the

10   borrower must (1) have suffered a nonjudicial foreclosure and (2) allege facts showing that the

11   allegedly underlying defect renders the assignment void, rather than merely voidable.  *See*

12   *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 924 (2016); *Morgan v. Aurora Loan*

13   *Services, LLC*, No. 14-55203 2016 WL 1179733 at *2 (9th Cir., Mar. 28, 2016 (holding that a

14   violation of a trust agreement renders an assignment voidable, not void)).  Appellant lacks

15   standing because she has failed to allege any facts demonstrating that the ADOT 1 was void,

16   rather than merely voidable.  *See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808,

17   816; *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88-89 (2d Cir. 2014)  ("the weight

18   of New York authority is contrary to plaintiffs' contention that any failure to comply with the

19   terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a

20   matter of trust law"; "an unauthorized act by the trustee is not void but merely voidable by the

21   beneficiary").

22        Sixth, Aidan's purported lack of status as a member of MERS is irrelevant.  This is

23   because it is the language in the DOT that confers authority on MERS to act, not a private

24   contract that the Plaintiff would have no right to enforce anyway. *See Herrera*, *supra*, 205

25   Cal.App.4th, at pp. 1504-1505 (MERS' authority to assign is dictated by the DOT, not by MERS'

26   membership rules); *Avila*, supra, 2016 WL 7425925, at * 3; *Ratliff v. JPMorgan Chase Bank,*

27   *N.A.*, 2017 WL 2876141, *8 (N.D. Cal. July 6, 2017).

28

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                                    -16-                      19-CV-03125-SVK

102850441.1 0052161-07275

1    To the extent this claim is alleged against Defendants SPS and the Trust, it should be

2    dismissed.

3         d.    Plaintiff's Fifth Cause of Action for Replevin Fails as a Matter of
                Law

4    Plaintiff's fifth cause of action is for replevin.  As is relevant to Defendants, Plaintiff

5    seeks to recover the note underlying the DOT 1.  This claim fails as a matter of law.

6    "Under California law, an action filed in replevin is an action to recover wrongfully seized

7    property." *Benedict v. Hewlett-Packard Company*, Case No. 13-cv-00119-LHK, 2014 WL

8    234218, * 9 (N.D. Cal. Jan. 21, 2014).  "The plaintiff in such an action 'never ceases to claim the

9    property as his own, but seeks to obtain it rather than its value.'"  *Id.* (citing *Harris v. Dixon

10   Cadiallac Co.*, 132 Cal.App.3d 485, 490 (1982).  "'In an action for replevin ..., being an action

11   for the recovery of specific personal property, in order to sustain a judgment for the plaintiff, it

12   must be shown that possession was in the defendant at the time of the beginning of the action, or

13   that he had the power to make delivery of the personal property for the recovery of which the

14   action is prosecuted.'"  *Id.* (citing *California Packing Corp. v. Stone,* 64 Cal.App. 488 (1923)).

15   This claim fails because Plaintiff has failed to allege any facts showing that Defendants

16   are wrongfully in possession of the Note secured by the DOT 1.  Indeed, and as discussed above,

17   Plaintiff previously conceded the legitimacy and validyt of the Note and DOT 1.  *See* RJN, at

18   Exhs. H-L.  Moreover, and to the extent Defendants are in wrongful possession of the Note,

19   Plaintiff has not alleged how such possession has caused any injury or harm.  Finally, and to the

20   extent Plaintiff alleges that the 2009 assignment was the date on which Defendants came into

21   wrongful possession of the Note, the claim is time barred.  *See Brown v. Stroud*, Case No. C 08-

22   02348 JSW, 2011 WL 3501729, * 2 (N.D. Cal. Aug. 10, 2011) (3-year limitations period

23   applicable to claim for replevin).

24        e.    Plaintiff's Sixth Cause of Action for Defamation Fails as a Matter
                of Law

25

26   Plaintiff's sixth cause of action is for defamation.

27   Defamation is "the intentional publication of a statement of fact that is false, unprivileged,

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA

-17-

19-CV-03125-SVK

102850441.1 072161-07275

1   and has a natural tendency to injure or that causes special damage." *Ringler Associates Inc. v.*

2   *Maryland Casualty Co.*, 80 Cal. App. 4th 1165, 1179 (2000).  Plaintiff's claim appears to be

3   based on both (1) Defendants' reporting of her default to various credit bureaus (¶¶ 505-506) and

4   the foreclosure under DOT 2.  As for the latter, Defendants have no connection to DOT 2.  *See*

5   RJN, Exhs. A-D.  As for the former, Plaintiff previously admitted the legitimacy of DOT 1 and

6   the underlying loan and her default thereunder.  *See* RJN, Exhs. H-L.  As such, any reports are

7   true, which is a defense to a claim of defamation.  *See Francis v. Dun & Bradstreet, Inc.*, 3 Cal.

8   App. 4th 535, 540 (1992); *Hejmadi v. Amfac, Inc.*, 202 Cal. App. 3d 525, 553 (1988).  For these

9   reasons, this claim fails and must be dismissed.

10   **VI.     CONCLUSION**

11           For any and all of the foregoing reasons, Defendants respectfully request that the Court

12   grant their motion and dismiss them from Plaintiffs' Complaint in its entirety.

13

14   DATED:  July 19, 2019

15                                                     STOEL RIVES LLP

16

17                                                     By:/s/Bryan L. Hawkins
18                                                         THOMAS A. WOODS
                                                           BRYAN L. HAWKINS
19                                                         Attorneys for Defendants
                                                           WILMINGTON TRUST, NA,
20                                                         SUCCESSOR TRUSTEE TO CITIBANK,
                                                           N.A. AS TRUSTEE, FOR THE BENEFIT
21                                                         OF REGISTERED HOLDERS OF
                                                           STRUCTURED ASSET MORTGAGE
22                                                         INVESTMENTS II TRUST 2007-AR3,
                                                           MORTGAGE PASS-THROUGH
23                                                         CERTIFICATES, SERIES 2007-AR3 and
                                                           SELECT PORTFOLIO SERVICING, INC.

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA                                    -18-                         19-CV-03125-SVK

102850441.1 0052161-07275

1

**DECLARATION OF SERVICE**

2

I declare that I am over the age of eighteen years and not a party to this action.  I am employed in the City and County of San Francisco and my business address is Three Embarcadero Center, Suite 1120, San Francisco, California  94111.

3

4

On July 19, 2019, at San Francisco, California, I served the attached document(s):

5

DEFENDANTS WILMINGTON TRUST, NA, SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3 AND SELECT PORTFOLIO SERVICING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

6

7

8

9

on the following parties:

10

Cecilia Mangaoang                    *Pro Se Plaintiff*
1765 Landess Ave, PMB #323
Milpitas, CA 95035
Phone: (408) 876-9950

11

12

13

☒  **BY FIRST CLASS MAIL:**  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service.  In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected.  On the date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, Three Embarcadero Center, Suite 1120, San Francisco, California  94111, a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

14

15

16

17

☐  **BY HAND DELIVERY:**  On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

18

☐  **BY EMAIL:**  On the date written above, I emailed a copy of the attached documents to the addressee, as shown on the service list.

19

☐  **BY OVERNIGHT MAIL:**  I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery.  In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected.  On the date written above, following ordinary business practices, I placed for collection and overnight delivery at the offices of Stoel Rives LLP, Three Embarcadero Center, Suite 1120, San Francisco, California  94111, a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

20

21

22

23

☒  **(Federal Courts Only)**  I declare that I am employed in the office of a member of this court at whose direction this service was made.

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on July 19, 2019, at San Francisco, California.

25

26

27

_____
Sharon R. Witkin

28

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION AND MOTION TO
DISMISS; MPA

-19-

19-CV-03125-SVK

102850441.1 0052161-07275