1    **PARKER IBRAHIM & BERG LLP**
     JOHN M. SORICH (CA Bar No. 125223)
2    john.sorich@piblaw.com
     MATTHEW S. HENDERSON (CA Bar No. 274252)
3    matthew.henderson@piblaw.com
     695 Town Center Drive, 16th Floor
4    Costa Mesa, California 92626
     Tel: (714) 361-9550
5    Fax: (714) 784-4190

6    Attorneys for Defendants
     TRINITY FINANCIAL SERVICES, LLC and
7    NEWPORT BEACH HOLDINGS, LLC

8

                        **UNITED STATES DISTRICT COURT**
9
                        **NORTHERN DISTRICT OF CALIFORNIA**
10

11   CECILIA MANGAOANG,                        **CASE NO.:** 5:19-cv-03125-SVK

12          Plaintiff,                         Assigned For All Purposes To:
                                               Hon. Susan van Keulen
13   v.
                                               **NOTICE OF MOTION AND MOTION**
14   SPECIAL DEFAULT SERVICES, INC.;           **OF DEFENDANTS TRINITY**
     TRINITY FINANCIAL SERVICES, LLC;          **FINANCIAL SERVICES, LLC, AND**
15   NEWPORT BEACH HOLDINGS, LLC;              **NEWPORT BEACH HOLDINGS, LLC,**
     WILMINGTON TRUST, NA, SUCCESSOR           **TO DISMISS THE COMPLAINT;**
16   TRUSTEE TO CITIBANK, N.A. AS TRUSTEE,     **MEMORANDUM OF POINTS AND**
     FOR THE BENEFIT OF REGISTERED             **AUTHORITIES IN SUPPORT**
17   HOLDERS OF STRUCTURED ASSET               **THEREOF**
     MORTGAGE INVESTMENTS II TRUST 2007-
18   AR3, MORTGAGE PASS-THROUGH
     CERTIFICATES, SERIES 2007-AR3; SELECT     *[Request for Judicial Notice filed*
19   PORTFOLIO SERVICING, INC.; Does # 1 -10,  *concurrently herewith]*
     inclusive,
20                                             Date:   September 3, 2019
            Defendants.                        Time:   10:00 a.m.
21                                             Ctrm:   6

22
                                               **TRIAL DATE:**       None set.
23                                             **ACTION FILED:**     June 5, 2019

24

25

26   ///

27   ///

28   ///

                                      1

1 | **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**
2 | **RECORD:**

3 |     **PLEASE TAKE NOTICE** that on **September 3, 2019, at 10:00 a.m.**, or as soon thereafter
4 | as this matter may be heard in courtroom 6 on the 4th Floor of the above-entitled court, located at the
5 | San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, Defendants Trinity Financial
6 | Services, LLC ("TFS") and Newport Beach Holdings, LLC ("NBH") (collectively, "Defendants")
7 | will and hereby do move this Court to dismiss the entire complaint ("Complaint") of plaintiff Cecilia
8 | Mangaoang ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP")
9 | for failure to state a claim upon which relief may be granted.

10 |     Specifically, the motion to dismiss will be made on the following grounds:

11 |     1.    The entire Complaint is barred by the doctrine of judicial estoppel;

12 |     2.    The entire Complaint is barred by the doctrine of res judicata;

13 |     3.    The entire Complaint is barred by Plaintiff's violation of FRCP Rule 8;

14 |     4.    The first cause of action for "Quiet Title" fails to state facts sufficient to constitute a
15 | claim for relief pursuant to FRCP 12(b)(6);

16 |     5.    The second cause of action for "Fair Debt Collection Practices Act (15 USC § 1692 et
17 | seq.)" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

18 |     6.    The third cause of action for "Cancellation of Instrument(s)" fails to state facts
19 | sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

20 |     7.    The fourth cause of action for "Wrongful Foreclosure" fails to state facts sufficient to
21 | constitute a claim for relief pursuant to FRCP 12(b)(6);

22 |     8.    The fifth cause of action for "Replevin" fails to state facts sufficient to constitute a
23 | claim for relief pursuant to FRCP 12(b)(6); and

24 |     9.    The sixth cause of action for "Defamation" fails to state facts sufficient to constitute a
25 | claim for relief pursuant to FRCP 12(b)(6);

26 | ///

27 | ///

28 | ///

1    This motion is made and based upon this notice, the attached memorandum of points and

2    authorities, the request for judicial notice filed concurrently herewith, the pleadings and papers on

3    file in this action, and such further oral and documentary evidence as may be presented at the

4    hearing on this motion.

5

6    DATED: July 24, 2019                    **PARKER IBRAHIM & BERG LLP**

7
                                            By:  _/s/ Matthew Henderson_
8                                               JOHN M. SORICH
                                                MATTHEW HENDERSON
9                                               Attorneys for Defendants
                                                TRINITY FINANCIAL SERVICES, LLC and
10                                              NEWPORT BEACH HOLDINGS, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

5967084.1

# TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT ............................................................................................. 1

II.    FACTUAL BACKGROUND................................................................................................. 1

    A.     The Underlying Loans and Deeds of Trust...................................................................... 1

    B.     In 2015 & 2018, Assignments are Recorded Followed By a

          Substitution of Trustee..................................................................................................... 2

    C.     A Notice of Default Was Recorded in 2016 and a Foreclosure Resulted...................... 2

    D.     Plaintiff's History of Bankruptcies ................................................................................ 2

    E.     Judgement Was Entered Against Plaintiff in TFS' Unlawful Detainer Action ............ 4

III.   STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6) .................................... 4

IV.    THE COMPLAINT IS BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL........... 5

V.     THE COMPLAINT IS BARRED BY RES JUDICATA............................................................ 7

    A.     The Claims Raised in the Complaint are the Same as Those in Bankruptcy................ 7

    B.     There is a Final Judgment on the Merits........................................................................ 8

    C.     There is Privity Among the Parties................................................................................. 9

    D.     Plaintiff's Failure to Object to NBH's Proof of Claim in the Bankruptcy is Res

          Judicata Barring This Action .......................................................................................... 9

VI.    PLAINTIFF'S CONTRADICTORY ALLEGATIONS VIOLATE RULE 8 ........................ 10

VII.   EVEN IF PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE DOCTRINES ABOVE,

    PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION FAIL SUBSTANTIVELY .............. 11

    A.     The First, Third and Fourth Causes of Action Fail ...................................................... 11

          1.     The wrongful foreclosure cause of action is meritless..................................... 11

          2.     The first cause of action for quiet title similarly fails...................................... 17

i

3.   The third cause of action for cancellation of instrument(s) similarly fails ..... 17

B.   The Second Cause of Action Under the FDCPA Fails ................................................ 18

C.   The Fifth Cause of Action for Replevin Fails.............................................................. 19

D.   The Sixth Cause of Action for Defamation Fails............:............................................. 20

VIII.   PUNITIVE DAMAGES ARE NOT WARRANTED.............................................................. 21

IX.   CONCLUSION...................................................................................................................... 22

ii

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3
*6 Angels, Inc.*, 85 Cal. App. 4th at 1283-1284.................................................................. 12

4
*Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996) .................................... 14

5
*Adler v. Taylor*, 2005 U.S. Dist. LEXIS 5862 at \*8 (C.D. Cal. February 2, 2005)............................. 19

6
*Aguirre v. Cal–Western Reconveyance Corp.*, 2012 WL 273753, at \*7 (C.D. Cal. Jan. 30, 2012)... 19

7
*Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009).......................................................................... 4, 10

8
*Beck v. Reinholtz*, 138 Cal. App. 2d 719, 723-724 (1956) ................................................................ 13

9
*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) ..................................................... 4, 10

10
*Caviness v. England*, 2007 WL 1302522 at \*12-13 (E.D. Cal. May 3, 2007) ...................................... 7

11
*Cobb v. California Bank*, 6 Cal. 2d 389, 390 (1936)......................................................................... 13

12
*Conservation Force v. Salazar*, 646 F.3d 1240, 1241-1242 (9th Cir. 2011) ........................................ 4

13
*Credit Bureau of San Diego v. Horeth*, 60 Cal. App. 2d 47, 48 (1943) .............................................. 20

14
*Cyrus v. Havision*, 65 Cal. App. 3d 306 (1976)................................................................................. 21

15
*Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 440 (2012)............................ 11

16
*Ephraim v. Metropolitan Trust Co. of California*, 28 Cal. 2d 824, 833 (1946).................................. 18

17
*Evanto v. Fannie Mae*, 814 F.3d 1295, 1298 (11th Cir. 2016)............................................................ 17

18
*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ....................................... 15

19
*Faulkner v. California Toll Bridge Authority*, 40 Cal. 2d 317 (1952)................................................. 22

20
*FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021-1024

21
(Ct. App. 1989) ................................................................................................................................. 15

22
*Francis v. Dun & Bradstreet, Inc.*, 3 Cal. App. 4th 535, 540 (1992).................................................. 20

23
*G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22 (1975) ........................................................ 22

24
*Garfinkle v. Superior Court*, 21 Cal. 3d 268, 279, fn. 16 (1978)....................................................... 13

25
*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154, 1156......................... 11, 12

26
*Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001).................................... 5, 6

27
*Hansen v. Western Progressive, LLC*, 15-CV-01426-MCE-CKD, 2016 WL 4248028, at \*4, fn.6

28
(E.D. Cal. Aug. 11, 2016) ................................................................................................................. 12

iii

1  *Hatch v. Collins*, 225 Cal. App. 3d 1104, 1113 (1990) ........................................................ 12

2  *Hauk v. JPMorgan Chase Bank, USA*, 552 F.3d 1114, 1120 (9th Cir. 2009) ..................................... 16

3  *Hejmadi v. Amfac, Inc.*, 202 Cal. App. 3d 525, 553 (1988).................................................... 20

4  *Henderson vs. Security Pac. Nat'l. Bank*, 72 Cal. App. 3d 764 (1977)................................................. 22

5  *Hernandez v. Select Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 82922 at *24

6     (C.D. Cal. June 25, 2015) ............................................................................................... 10

7  *Herrera v. U.S. Bank, N.A.*, 2014 WL 1806923 *2 (S.D. Cal. May 5, 2014) ..................................... 19

8  *Hilliard v. A.H. Robbins Co.*, 148 Cal. App. 3d 374 (1983)..................................................... 22

9  *HPG Corp. v. Aurora Loan Services, LLC*, 436 B.R. 569, 579-579 (2010)........................................... 7

10 *In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y 2011) ......................................................... 5

11 *Int'l Union of Operating Engineers v. Karr*, 944 F.2d 1426, 1429 (9th Cir. 1993) ............................... 8

12 *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) ....................................... 19

13 *Jones v. Aetna Casualty & Surety Corp.*, 26 Cal. App. 4th 1717, 1722 ............................................. 20

14 *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333-34 (2008)............................................................. 21

15 *Knapp, supra*, 123 Cal.App.4th at 93-94 ............................................................................. 14

16 *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) ...................................................... 4

17 *Locke v. Mitchell*, 7 Cal. 2d 599, 602 (1936)...................................................................... 21

18 *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104, 112, 134 (2011) ........................................... 11, 14

19 *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013)..................................... 17

20 *Melendrez v. D & I Investment, Inc.*, 127 Cal. App. 4th 1238, 1259 (2005)....................................... 12

21 *Miller v. California Reconveyance Co.* 2010 WL 2889103 at *10 (S.D. Cal. 2010) ......................... 14

22 *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994)............................................................. 13

23 *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 988 (9th Cir. 2005) .................................. 7, 8

24 *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003)........................................................... 15

25 *Nolan v. National Convenience Stores*, 95 Cal. App. 3d 279 (1979) ................................................. 21

26 *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1038 (2019) ............................................... 18

27 *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ..................................... 7

28 *Pacific States Corp. v. Hall*, 166 F.2d 668, 671 (9th Cir. 1948) ......................................................... 16

iv

1 | *Pacific States Savings & Loan Co. v. O'Neill*, 7 Cal. 2d 596, 599 (1936) ......................................... 13

2 | *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ......................................................................... 5

3 | *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) .............................. 18

4 | *Quinteros v. Aurora Loan Services* (E.D. Cal. 2010) 740 F.Supp.2d 1163, 1168-69 ........................ 14

5 | *Rieber v. OneWest Bank FSB*, 2014 U.S. Dist. LEXIS 62682 at *8 (S.D. Cal. May 6, 2014) ........... 10

6 | *Ringler Associates Inc. v. Maryland Casualty Co.*, 80 Cal. App. 4th 1165, 1179 (2000) ................. 20

7 | *Royal Thrift & Loan Co. v. County Escrow, Inc.*, 123 Cal. App. 4th 24, 32 (2004) .......................... 12

8 | *Rubio v. U.S. Bank N.A.*, 2014 WL 1318631 at *8 (N.D. Cal. Apr. 1, 2014) ...................................... 16

9 | *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808. 818 (2016) .................................... 18

10 | *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013) ..................................... 19

11 | *Seidell v. Tuxedo Land Co.*, 1 Cal. App. 2d 406, 409-410 (1934) ...................................................... 13

12 | *Sharp v. Nationstar Mortgage, LLC*, 2014 WL 4365116 at *6 (N.D. Cal. September 3, 2014) .......... 7

13 | *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ............................................................................... 17

14 | *Shuster v. BAC Home Loans Servicing, LP*, 211 Cal. App. 4th 505, 512 (2012) ............................... 15

15 | *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 528, 529-531 (9th Cir. 1998) ................. 9

16 | *Signori v. Fannie Mae*, 934 F.Supp.2d 1364, 1368 (S.D. Fla 2013) .................................................. 17

17 | *Smith v. Hatch*, 271 Cal. App. 2d 39, 47 (1969) ................................................................................. 21

18 | *Smithson v. Sparber*, 123 Cal. App. 225 (1932) ................................................................................. 22

19 | *Sorensen v. Hall*, 219 Cal. 680, 682-683 (1934) ................................................................................ 13

20 | *Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977) ............ 9

21 | *Spears v. First Guaranty Mortgage Corporation*, 2010 WL 1135803 at *3-4 (N.D. Cal. 2010)) ..... 14

22 | *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ............................................... 5

23 | *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011) ....................................... 15

24 | *Stevens v. Plumas Eureka*, 2 Cal. 2d 493, 496-97 (1935) ................................................................... 13

25 | *Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002) .............................................................. 7

26 | *Suter v. Goedert*, 396 B.R. 535, 541 (D. Nev. 2008) ............................................................................ 6

27 | *Swendsen v. Ocwen Loan Servicing, LLC*, 2014 WL 1155794 at *5 (E.D. Cal. March 21, 2014) ...... 7

28 |

v

1  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078

2     (9th Cir. 2003)..................................................................................................................... 8

3  *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061

4     (9th Cir. 2004)..................................................................................................................... 5

5  *Toole v. Richardson-Merrell, Inc.*, 251 Cal. App. 2d 689 (1967) ...................................... 21

6  *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150

7     (9th Cir. 2011)..................................................................................................................... 7

8  *United States v. Schimmels*, 127 F.3d 875, 881, 884 (9th Cir. 1997) ................................. 8, 9

9  *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1258 (9th Cir. 2007) ................................................ 5

10  *Warner v. Tinder Inc.*, 105 F. Supp.3d 1083, 1098 (C.D. Cal. 2015)................................. 10

11  *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1117, 1109 (N.D. Cal. 2003) ......................... 4, 5

12  **Statutes**

13  15 U.S.C. § 1640(e) ............................................................................................................. 16

14  15 U.S.C. § 1641(a) ............................................................................................................. 17

15  15 U.S.C. § 1641(e)(1)......................................................................................................... 17

16  15 U.S.C. § 1692 et seq......................................................................................................... 18

17  15 U.S.C. § 1692a(6) ........................................................................................................... 18

18  Cal. Civil Code § 47(c)(1) ............................................................................................... 20, 21

19  Cal. Civil Code § 2924............................................................................................................. 11, 12

20  Cal. Civil Code § 2924(a)(1) ............................................................................................... 12

21  Cal. Civil Code § 2924(c)..................................................................................................... 13

22  Cal. Civil Code §§ 2924-2924k ........................................................................................... 12

23  Cal. Civil Code § 2924.15..................................................................................................... 17

24  Cal. Civil Code § 3294........................................................................................................... 21

25  Cal. Civil Code § 3412........................................................................................................... 17

26  Cal. Code of Civ. Proc. § 760.020(a)..................................................................................... 17

27  Cal. Code of Civ. Proc. § 762.060(b) ................................................................................... 17

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF P&A IN SUPPORT
Case No. 5:19-cv-03125-SVK

5967084.1

1

**Rules**

2   Federal Rules of Civil Procedure, Rule 8(a)(2) ................................................................. 4

3   Federal Rule of Evidence, Rule 201 ................................................................................. 4

4   Federal Rule of Evidence, Rule 201(d) ............................................................................. 4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF P&A IN SUPPORT
Case No. 5:19-cv-03125-SVK

5967084.1

1

**MEMORANDUM**

2

Defendants Trinity Financial Services, LLC ("TFS") and Newport Beach Holdings, LLC

3 ("NBH") (collectively, "Defendants") respectfully submit the following points and authorities in

4 support of their motion to dismiss the complaint ("Complaint") of plaintiff Cecilia Mangaoang

5 ("Plaintiff") for failure to state a claim for relief ("Motion") as set forth below.

6

## I.    SUMMARY OF ARGUMENT

7

Defendants' Motion should be granted in its entirety without leave to amend. As explained

8 below, Plaintiff's Complaint, which suffers from numerous pleading defects, fails to state a claim for

9 relief and is uncertain. Moreover, each cause of action alleged against Defendants is barred by the

10 doctrines of res judicata, collateral estoppel, and judicial estoppel. Thus, leave to amend should not

11 be granted. Additionally, this action is duplicative of a lawsuit filed against Defendants in state

12 court, which matter is still pending, although Plaintiff has tried (unsuccessfully) to dismiss the case.

13

For these reasons, and as set forth in further detail below, Defendants respectfully request

14 that the Court grant Defendants' Motion without leave to amend.

15

## II.   FACTUAL BACKGROUND

16

### A.    The Underlying Loans and Deeds of Trust

17

On or about January 11, 2007, plaintiff Cecilia Mangaoang ("Plaintiff") obtained a loan in

18 the principal amount of $524,000.00 (the "First Loan") from Aidan West Financial Group ("Aidan").

19 Request for Judicial Notice ("RJN"), Ex. 1. Repayment of the Loan is secured by a deed of trust

20 ("First Deed of Trust") that encumbers the real property located at 2901 Capewood Lane, San Jose,

21 California 95132 (the "Property") and was recorded with the Santa Clara County Recorder on or

22 about January 18, 2007, as instrument number 19268025. RJN, Ex. 1. Also on or about January 11,

23 2007, Plaintiff obtained a second loan in the principal amount of $131,000.00 (the "Second Loan")

24 from Aidan. RJN, Ex. 2. The Second Loan was secured by a junior deed of trust ("Second Deed of

25 Trust") that encumbered the Property and was recorded with the Santa Clara County Recorder on or

26 about January 18, 2007, as instrument number 19268026. *Id.* The Second Deed of Trust identifies

27 Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary (in its capacity as nominee

28 for Aidan), Fidelity National Title as the trustee, and Plaintiff as borrower and trustor. *Id.*

1

**B.** **In 2015 & 2018, Assignments are Recorded Followed By a Substitution of Trustee**

On or about December 17, 2015, a corporate assignment of deed of trust ("First Assignment") was recorded with the Santa Clara County Recorder as instrument number 23175056. RJN, Ex. 3. The First Assignment memorialized the transfer of interest in the Second Deed of Trust from Aidan to NBH. *Id.* On or about September 12, 2018, a corporate assignment of deed of trust ("Second Assignment") was recorded with the Santa Clara County Recorder as instrument number 24022209. RJN, Ex. 4. The Second Assignment memorialized the transfer in interest of the Second Deed of Trust to TFS. *Id.* On or about September 9, 2016, a substitution of trustee ("SOT") was recorded with the Santa Clara County Recorder as instrument number 23426665 substituting Special Default Services, Inc. as trustee. RJN, Ex. 5.

**C.** **A Notice of Default Was Recorded in 2016 and a Foreclosure Resulted**

On or about September 9, 2016, a notice of default and election to sell under deed of trust ("NOD") in connection with the Second Loan was recorded with the Santa Clara County Recorder as instrument number 23426666. RJN, Ex. 6. On or about January 6, 2017, a notice of trustee's sale ("NOTS1") was recorded with the Santa Clara County Recorder as instrument number 19268026. RJN, Ex. 7. On or about September 6, 2018, a second notice of trustee's sale ("NOTS2") was recorded with the Santa Clara County Recorder as instrument number 24018268. RJN, Ex. 8.

On or about November 15, 2018, a trustee's deed upon sale ("TDUS") was recorded with the Santa Clara County Recorder as instrument number 24064356. RJN, Ex. 9. The TDUS reflects that the Property was sold TFS at public auction on November 5, 2018. *Id.*

**D.** **Plaintiff's History of Bankruptcies**

On or about March 11, 2009, Plaintiff filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code that was docketed as case no. 09-51662. RJN, Ex. 10. In the petition, Plaintiff listed her residence as 3178 Isadora Dr., San Jose, CA, a property separate and distinct from the subject Property. *Id.* After Plaintiff failed to file required documents, on or about March 31, 2009, the bankruptcy court entered an order of dismissal of Plaintiff's bankruptcy case. RJN, Ex. 11.

On or about December 8, 2016, Plaintiff filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code that was docketed as case no. 16-53447. RJN, Ex. 12. In the petition,

2

1    Plaintiff identified NBH and Special Default Services, Inc. as creditors of the estate. *Id.* After

2    Plaintiff failed to file required documents, on or about December 23, 2016, the bankruptcy court

3    entered an order of dismissal of Plaintiff's bankruptcy case. RJN, Ex. 13.

4    On or about January 31, 2017, Plaintiff filed a voluntary petition under Chapter 13 of the

5    U.S. Bankruptcy Code that was docketed as case no. 17-50208. RJN, Ex. 14. In the petition,

6    Plaintiff identified NBH and Special Default Services, Inc. as creditors of the estate. *Id.* Also, in her

7    Schedule D, Plaintiff identified NBH as a secured creditor and that the debt was undisputed. *Id.* On

8    or about March 3, 2017, NBH filed a proof of claim in the total amount of $273,157.28, with

9    $158,376.97 listed in pre-petition arrears. RJN, Ex. 15. On or about May 1, 2017, Plaintiff filed a

10   motion to value the Second Loan at $0.00. RJN, Ex. 16. But after Plaintiff failed to obtain a

11   confirmed chapter 13 plan, on or about May 31, 2018, the bankruptcy court entered an order of

12   dismissal of Plaintiff's bankruptcy case. RJN, Ex. 17.

13   On or about October 4, 2018, Plaintiff filed another voluntary petition under Chapter 13 of

14   the U.S. Bankruptcy Code that was docketed as case no. 18-52245. RJN, Ex. 18. In the petition,

15   Plaintiff identified NBH and Special Default Services, Inc. as creditors of the estate. *Id.* Also, in her

16   Schedule D, Plaintiff identified NBH as a secured creditor, that NBH's lien was based on an

17   agreement that Plaintiff made, and that the debt was undisputed. *Id.* On or about January 16, 2019,

18   the bankruptcy trustee filed a motion to dismiss the bankruptcy case for Plaintiff's failure to

19   prosecute. Thereafter, on or about March 25, 2019, the bankruptcy court entered an order of

20   dismissal of Plaintiff's bankruptcy case. RJN, Ex. 19.

21   During the pendency of Plaintiffs' bankruptcy case 18-52245, she also filed an adversary

22   complaint against the Defendants docketed as case no. 18-05062 based on the same nucleus of facts

23   alleged in this lawsuit. RJN, Ex. 20. On or about January 17, 2019, Defendants filed answers to the

24   adversary complaint. RJN, Ex. 21-22. Thereafter, Plaintiff filed a motion for leave to file a second

25   amended complaint. RJN, Ex. 23.

26   On or about March 19, 2019, the bankruptcy court issued an order to show cause for Plaintiff

27   to personally appear to show cause why the adversary proceeding should not be dismissed for failure

28   to prosecute. RJN, Ex. 24. In response to the OSC, Defendants filed a memorandum requesting that

3

1 the bankruptcy court dismiss the adversary proceeding. RJN, Ex. 25. On or about April 23, 2019,

2 the adversary proceeding was dismissed based, in part, on Plaintiff's failure to prosecute. RJN, Ex.

3 26.

**E.     Judgement Was Entered Against Plaintiff in TFS' Unlawful Detainer Action**

5 On or about March 14, 2019, the Superior Court of Santa Clara entered judgment in favor of

6 TFS granting possession to the Property in case no. 18CV339119. RJN, Ex. 27.

**III.    STANDARD FOR MOTION TO DISMISS UNDER RULE 12(B)(6)**

8 Under the Federal Rules of Civil Procedure, Rule 8(a)(2), a pleading must contain "a short

9 and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does

10 not require "'detailed factual allegations,'… it demands more than an unadorned, the-defendant-

11 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

12 · A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the sufficiency of a

13 claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-1242 (9th Cir. 2011). A district court

14 properly dismisses a complaint for failure to state a claim upon which relief may be granted "if there

15 is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

16 legal theory." *Id*. at 1242. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

17 not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to

18 relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's

19 elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual

20 allegations must be enough to raise a right to relief above the speculative level on the assumption

21 that all of the complaint's allegations are true." *Id*. "A claim has facial plausibility when the

22 plaintiff pleads factual content that allows the court to draw the reasonable inference that the

23 defendant is liable for the misconduct alleged." *Ashcroft, supra*, 556 U.S. at 663.

24 Also, a court may take judicial notice of matters of public record in accordance with Federal

25 Rule of Evidence 201 without converting a motion to dismiss to a motion for summary judgment.

26 *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001). Courts may take judicial notice

27 of documents outside of the complaint that are capable of accurate and ready determination by resort

28 to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201 (d); *Wietschner*

4

1 | *v. Monterey Pasta Co.*, 294 F. Supp. 2d 1117, 1109 (N.D. Cal. 2003).

2 | In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material
3 | allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v.*
4 | *F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true allegations
5 | that contradict matters properly subject to judicial notice or "allegations that are merely conclusory,
6 | unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*,
7 | 266 F.3d 979, 988 (9th Cir. 2001).

8 | Dismissal with prejudice of a complaint is proper if "it is clear…that the complaint could not
9 | be saved by any amendment." *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*,
10 | 368 F.3d 1053, 1061 (9th Cir. 2004). A court can dismiss claims without granting leave to amend if
11 | amending the complaint would be futile. *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1258 (9th Cir.
12 | 2007).

13 | **IV.    THE COMPLAINT IS BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL**

14 | "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage
15 | by asserting one position, and then later seeking an advantage by taking a clearly inconsistent
16 | position." *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782-783 (9th Cir. 2001).
17 | "This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking
18 | inconsistent positions, but also because of 'general consideration[s] of the orderly administration of
19 | justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing
20 | fast and loose with the courts.'" *Id.*

21 | Moreover, the doctrine of judicial estoppel prevents a debtor who fails to disclose a lender
22 | liability claim in a bankruptcy proceeding from later litigating that claim: "Hamilton clearly asserted
23 | inconsistent positions. He failed to list his claims against State Farm as assets on his bankruptcy
24 | schedules, and then later sued State Farm on the same claims." *Id.* at 784. "When an action is not
25 | disclosed by the debtor, it remains property of the bankruptcy estate even after the case is closed—
26 | indeed, unless it is administered or abandoned by the trustee, the action remains property of the
27 | estate 'forever.'" *In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y 2011).

28 | ///

5

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF P&A IN SUPPORT
Case No. 5:19-cv-03125-SVK
5967084.1

1    In *Hamilton v. State Farm Fire & Casualty Co.*, *supra*, the plaintiff failed to list an insurance

2    claim as an asset of his bankruptcy estate in his bankruptcy schedules, and then subsequently

3    brought a civil action against his insurer for denial of his claim.  270 F.3d at 781.  In entering

4    summary judgment in favor of the insurer on the ground that the plaintiff's claims were barred by

5    judicial estoppel, the district court noted that the plaintiff had taken contradictory positions by failing

6    to amend his bankruptcy schedules to include his insurance claim and then filing the action against

7    his insurer. *Id.* at 782.  The Ninth Circuit affirmed this judgment, explaining as follows:

8    
9    
10   
11   
12   

> "In this case, we must invoke judicial estoppel to protect the integrity of the
> bankruptcy process.  The debtor, once he institutes the bankruptcy process,
> disrupts the flow of commerce and obtains a stay and the benefits derived by
> listing all his assets.  The Bankruptcy Code and Rules 'impose upon the
> bankruptcy debtors an express, affirmative duty to disclose all assets,
> including contingent and unliquidated claims.'. . . Hamilton's failure to list
> his claims against State Farm as assets on his bankruptcy schedules deceived
> the bankruptcy court and Hamilton's creditors . . . ."

13   *Id.* at 785.

14   In Plaintiff's "Summary of Your Assets and Liabilities and Certain Statistical Information,

15   Schedule A/B: Property," Plaintiff was required to identify – under penalty of perjury – any

16   "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for

17   payment."  Plaintiff checked the box for "No" when she filed her bankruptcies. *See* RJN, Ex. 14

18   (Doc. 1, pg. 14 of 44) and Ex. 18 (Doc. 1, pg. 14 of 46).  Plaintiff was also required to identify any

19   "[o]ther contingent and unliquidated claims of every nature, including counterclaims of the debtor

20   and rights to set off claims." *Id.*  Again, Plaintiff checked the box for "No." *Id.*  Moreover, Plaintiff

21   listed Defendants' secured claim in her Schedule D and did not mark the claim as "disputed." *See*

22   RJN, Ex. 14 (Doc. 1, pg. 18 of 44) and Ex. 18 (Doc. 1, pg. 18 of 46).

23   Because Plaintiff failed to identify any claims she had against Defendants when she filed her

24   bankruptcy schedules, and acknowledged the underlying debt, Plaintiff is judicially-estopped from

25   alleging new claims against Defendants in this action and taking positions wholly inconsistent with

26   her bankruptcy filings.  Indeed, "[s]tatements made in bankruptcy schedules are executed under

27   penalty of perjury and, when offered against the debtor, 'are eligible for treatment as [evidentiary]

28   admissions.'" *Suter v. Goedert*, 396 B.R. 535, 541 (D. Nev. 2008).

6

1           Additionally, based on the recording of the Notice of Default, the timing of Plaintiff's

2 multiple bankruptcy filings, and Plaintiff's inability to confirm a chapter 13 plan, the Court should

3 draw a reasonable inference that Plaintiff's bankruptcies were filed with the sole intent to delay

4 lawful foreclosure proceedings by triggering the automatic stay protection. And, although Plaintiff

5 did not obtain a bankruptcy discharge, courts in the Ninth Circuit have routinely held that "obtaining

6 an automatic bankruptcy stay is sufficient 'judicial acceptance' to trigger judicial estoppel." *Sharp*

7 *v. Nationstar Mortg*age, LLC, 2014 WL 4365116 at \*6 (N.D. Cal. September 3, 2014); *see also*

8 *Swendsen v. Ocwen Loan Servicing, LLC*, 2014 WL 1155794 at \*5 (E.D. Cal. March 21, 2014);

9 *HPG Corp. v. Aurora Loan Services, LLC*, 436 B.R. 569, 579-579 (2010); *Caviness v. England*,

10 2007 WL 1302522 at \*12-13 (E.D. Cal. May 3, 2007).

11   **V.**    **THE COMPLAINT IS BARRED BY RES JUDICATA**

12           "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could*

13 *have been raised*' in a prior action." *Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002)

14 citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis

15 added). In determining whether res judicata is applicable, courts look to whether "there is (1) an

16 identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States*

17 *v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

18           Here, to the extent Plaintiff has viable claims (which she does not), they are all barred by the

19 doctrine of res judicata because all three (3) requirements recited above are met.

20      **A.**    **The Claims Raised in the Complaint are the Same as Those in Bankruptcy**

21           In determining whether there is an "identity of claims" for purposes of res judicata, courts

22 assess four factors: "(1) whether rights or interests established in the prior judgment would be

23 destroyed or impaired by prosecution of the second action; (2) whether substantially the same

24 evidence is presented in the two actions; (3) whether the two suits involve infringement of the same

25 right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *U.S. v.*

26 *Liquidators, supra*, 630 F.3d at 1150. The fourth factor—the same nucleus of facts—is the most

27 important. *Id*. Indeed, if the transactional or common nucleus of operative fact criterion exists, the

28 court need not consider the other factors and res judicata will apply. *See Mpoyo v. Litton Electro-*

7

1  *Optical Systems*, 430 F.3d 985, 988 (9th Cir. 2005) ("We have often held the common nucleus
2  criterion to be outcome determinative under the first res judicata element."). And, "[w]hether two
3  events are part of the same transaction or series depends on whether they are related to the same set
4  of facts and whether they could conveniently be tried together." *Int'l Union of Operating Engineers*
5  *v. Karr*, 944 F.2d 1426, 1429 (9th Cir. 1993).

6  Here, the claims asserted in the Complaint are identical to, or arise out of, the same common
7  nucleus of operative facts as the claims asserted in Plaintiff's adversary proceeding. *See* RJN, Ex.
8  20-23. In the adversary proceeding, Plaintiff alleged that she never received the loan proceeds, that
9  the assignment of the Second Loan was void, and that Defendants lacked authority to foreclose on
10 the Property. RJN, Ex. 20, at ¶¶ 85-86, 91, 96-98,116-118.

11  The same is true here. Now, as before, Plaintiff alleges that the assignment to NBH was
12 invalid (Cmp., ¶ 190), that all loan and title documents are fraudulent (*See* Cmp., generally), that
13 Defendants were not the true beneficiaries of the Second Loan and Second Deed of Trust (Cmp., ¶¶
14 350-351), and that the foreclosure sale was illegal (Cmp., ¶¶ 356-393). It matters not that Plaintiff
15 has added new causes of action to her Complaint in this lawsuit because "[n]ewly articulated claims
16 based on the same nucleus of facts may still be subject to a res judicata finding if the claims could
17 have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning*
18 *Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). As Plaintiff could have—and did—bring claims based
19 on these same allegations in her prior adversary complaint, the identity of claims prong is satisfied.

20  **B.  There is a Final Judgment on the Merits**

21  "An involuntary dismissal generally acts as a judgment on the merits for the purposes of res
22 judicata, regardless of whether the dismissal results from procedural error or from the court's
23 considered examination of the plaintiff's substantive claims." *United States v. Schimmels*, 127 F.3d
24 875, 884 (9th Cir. 1997).

25  In this case, a final judgment on the merits exists because Plaintiff's adversary proceeding
26 was dismissed based on Plaintiff's failure to prosecute and her flagrant violations of court orders.
27 Thus, the second factor exists. *See also* Section D, *inra*.

28  ///

8

## C. There is Privity Among the Parties

Lastly, the courts look to whether the prior action and the current lawsuit involve parties in privity with one another. The Ninth Circuit has defined privity in the res judicata context as "a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *U.S. v. Schimmels, supra*, 127 F.3d at 881 (quoting *Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977)). Privity exists if "there is sufficient commonality of interest." *Tahoe-Sierra, supra*, 322 F.3d at 1081.

Here, privity is easily established. Plaintiff was the complainant in the adversary proceeding and Defendants were named in that action and answered the adversary complaint. Thus, privity exists and res judicata bars this same action.

## D. Plaintiff's Failure to Object to NBH's Proof of Claim in the Bankruptcy is Res Judicata Barring This Action

A plaintiff may also be barred by res judicata if he or she failed to object to a proof of claim filed by a creditor. *See Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 529-531 (9th Cir. 1998). In *Siegel*, Freddie Mac filed proofs of claim in a borrower's bankruptcy with respect to loans secured by real properties. *Id.* at 528. No objections to the claims were filed. *Id.* Later on, the borrower filed a state court action against Freddie Mac under various causes of action all premised upon Freed Mac's purported failure to finance repairs and approve the sale and transfer of real property that was the subject of the proofs of claim. *Id.* at 529. In response, Freddie Mac filed a motion for summary judgment based on the res judicata effect of the bankruptcy proceeding which was ultimately granted. *Id.* at 528.

In affirming the judgment, the Ninth Circuit held that the borrower's failure to object to Freddie Mac's proofs of claims in bankruptcy precluded his litigation against Freddie Mac under the doctrine of res judicata. *Id.* at 529-530. The Ninth Circuit further held that whether or not the bankruptcy court had entered an order allowing the proofs of claim was irrelevant to the analysis. *Id.* at 530-531.

///

9

1    Likewise here, Plaintiffs did not object to the NBH proof of claim filed in Plaintiff's 2017

2    bankruptcy. *See* RJN, Ex. 15. Instead, Plaintiff acknowledged the validity of the underlying debt

3    and arrears by moving to have the Second Loan valued to $0.00. *See* RJN, Ex. 16. For these

4    reasons, Plaintiff's claims challenging the Second Loan and Second Deed of Trust are barred based

5    on the doctrine of judicial estoppel.

6    ## VI.   PLAINTIFF'S CONTRADICTORY ALLEGATIONS VIOLATE RULE 8

7    As noted above, Rule 8 of the Federal Rules of Civil Procedure requires a short and plain

8    statement demonstrating that the plaintiff is entitled to relief. However, when allegations are

9    contradictory and inherently implausible, such claims violate Rule 8, *Twombly*, and *Iqbal*. *See*

10   *Warner v. Tinder Inc.*, 105 F. Supp.3d 1083, 1098 (C.D. Cal. 2015), (citing *Hernandez v. Select*

11   *Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 82922 at *24 (C.D. Cal. June 25, 2015); *see also*

12   *Rieber v. OneWest Bank FSB*, 2014 U.S. Dist. LEXIS 62682 at *8 (S.D. Cal. May 6, 2014)

13   ("Plaintiff's Complaint pleads contradictory facts that fail to provide fair notice to Defendants

14   regarding the basis of the FDCPA claim[, and]…keeps Plaintiff's FDCPA claim from meeting Rule

15   8's requirement of a short and plain statement of the claim showing that the pleader is entitled to

16   relief rising above a speculative level.") (Internal quotations omitted).

17   Here, Plaintiff's Complaint violates Rule 8 as it alleges two radically different theories of

18   recovery. On the one hand, Plaintiff alleges that she never obtained the Second Loan and disavows

19   every document related to the Second Loan, Second Deed of Trust, and each of the foreclosure

20   notices that subsequently followed, including their signatures, form, and content. *See* Cmp., ¶¶ 95-

21   115, 266-296, 356-393. On the other hand, Plaintiff alleges that she completed a loan modification

22   application for the Second Loan and that NBH breached a contract with Plaintiff by failing to grant

23   her a modification. *See* Cmp., ¶¶ 224-226. Moreover, Plaintiff alleges violations under the

24   Homeowner Bill of Rights ("HBOR") with regard to servicing of the Second Loan (Cmp., ¶¶ 314-

25   322), and also alleges that NBH did not credit all of Plaintiff's payments to her account (Cmp., ¶

26   147). Both theories cannot co-exist. Moreover, the Complaint is tantamount to a sham pleading,

27   although Plaintiff goes one step further as the conflicting allegations are embodied in a single

28   pleading.

1    Thus, Plaintiff's Complaint takes two contradictory positions with regard to the validity and

2    existence of the Second Loan. Therefore, in light of the conflicting claims raised in the Complaint,

3    each claim is inadequately pled and the motion to dismiss should be granted in its entirety.

4    **VII.   EVEN IF PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE DOCTRINES**

5    **ABOVE, PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION FAIL**

6    **SUBSTANTIVELY**

7          **A.     The First, Third and Fourth Causes of Action Fail**

8          In her Complaint, Plaintiff pleads causes of action for wrongful foreclosure, quiet title, and

9    cancellation of instruments challenging Defendants' interest in the Property on the same baseless

10   theories that Defendants never obtained an interest in the Second Loan and Second Deed of Trust.

11                **1.     The wrongful foreclosure cause of action is meritless**

12         To state a claim for wrongful foreclosure, Plaintiff must allege "(1) the trustee or mortgagee

13   caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale

14   in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or

15   mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the

16   sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from

17   tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104, 134 (2011).

18         As discussed above, Plaintiff has failed to state a claim for wrongful foreclosure based on the

19   inconsistent facts alleged in the bankruptcy petitions. Moreover, to the extent Plaintiff alleges

20   improper notice of sale or that Defendants lacked authority, no claim is stated as set forth below.

21                **a.   Plaintiff's "holder of the note" theory fails**

22         Plaintiff challenges foreclosure claiming that Defendants never possessed or had any interest

23   in the underlying promissory note. *See* Cmp., ¶¶ 350-351. This argument is meritless.

24         "California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through

25   2924k, which 'provide a comprehensive framework for the regulation of a nonjudicial foreclosure

26   sale pursuant to a power of sale contained in a deed of trust.'" *Gomes v. Countrywide Home Loans,*

27   *Inc.*, 192 Cal. App. 4th 1149, 1154. As noted by numerous courts, the party initiating foreclosure

28   need not be in possession of the note. *See Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal.

11

1   App. 4th 433, 440 (2012) (collecting cases and holding "[w]e likewise see nothing in the applicable
2   statutes that precludes foreclosure when the foreclosing party does not possess the original
3   promissory note."). This holding is supported by Civil Code § 2924(a)(1), which allows a notice of
4   default to be recorded by the "trustee, mortgagee, or beneficiary, or any [] authorized agents…"

5       In the Complaint, Plaintiff questions Defendants' authority to foreclose on the Property with
6   bewildering, overly vague conclusions. Plaintiffs' speculative accusations of lack of ownership or
7   beneficial interest in the Second Loan are insufficient to maintain a cause of action under applicable
8   California law. *Hansen v. Western Progressive, LLC*, 2016 WL 4248028, at \*4, fn.6 (E.D. Cal. Aug.
9   11, 2016) (stating that "…Plaintiff, like Gomes, 'simply seeks the right to bring a lawsuit to find out
10  whether [Defendants have] such authority. No case law or statute authorizes such a speculative
11  suit.") (citing to *Gomes, supra*, 192 Cal. App. 4th at 1156).

12          **b. The property was sold in accordance with Civil Code Section 2924**

13      "As a general rule, there is a common law rebuttable presumption that a foreclosure sale has
14  been conducted regularly and fairly." *Royal Thrift & Loan Co. v. County Escrow, Inc.*, 123 Cal.
15  App. 4th 24, 32 (2004) (quoting *6 Angels Inc. v. Stuart-Wright Mortgage Inc.,* 85 Cal. App. 4th
16  1279, 1284 (2001)); *see also* Civil Code §§ 2924-2924k. "This presumption may only be rebutted
17  by substantial evidence of prejudicial procedural irregularity." *Melendrez v. D & I Investment, Inc.,*
18  127 Cal. App. 4th 1238, 1259 (2005). Thus, "[a] successful challenge to the sale requires evidence
19  of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice
20  to the person attacking the sale." *6 Angels Inc.,* 85 Cal. App. 4th at 1284. Moreover, the party
21  attacking the validity of the sale has the burden of overcoming the presumption of the sale's
22  regularity. *Hatch v. Collins*, 225 Cal. App. 3d 1104, 1113 (1990). Indeed, "foreclosure sales are
23  governed by a comprehensive statutory scheme. This scheme, which is found in Civil Code sections
24  2924 through 2924k, evidences a legislative intent that a sale which is properly conducted
25  constitutes a final adjudication of the rights of the borrower and lender." *6 Angels, Inc.*, 85 Cal.
26  App. 4th at 1283-1284 (internal quotations omitted).

27      A trustee's deed upon sale constitutes prima facie evidence of the facts set forth therein that
28  the plaintiff purchased the property at a trustee's sale in compliance with Civil Code § 2924 *et seq.*

12

1    and that title has been duly perfected in plaintiff. *Beck v. Reinholtz*, 138 Cal. App. 2d 719, 723

2    (1956). Moreover, there is a statutory presumption that if a trustee's deed recites that the trustee has

3    complied with all requirements concerning the mailing, posting, publication, or personal delivery of

4    the notice of default and the notice of sale, the recitals are conclusive in favor of bona fide

5    purchasers and encumbrancers for value and without notice. Civil Code § 2924(c); *Garfinkle v.*

6    *Superior Court*, 21 Cal. 3d 268, 279, fn. 16 (1978). In the absence of a bona fide purchaser, the

7    recitals are prima facie evidence of the facts that they allege to be true. *Beck*, 138 Cal. App. 2d at

8    723-724; *see also Seidell v. Tuxedo Land Co.*, 1 Cal. App. 2d 406, 409-410 (1934).

9    In that regard, Civil Code § 2924(c) states in relevant part:

10    A recital in the deed executed pursuant to the power of sale
      of compliance with all requirements of law regarding the mailing
11    of copies of notices or the publication of a copy of the notice of
      default or the personal delivery of the copy of the notice of default
12    or the posting of copies of the notice of sale or the publication of a
      copy thereof shall constitute prima facie evidence of compliance
13    with these requirements and conclusive evidence thereof in favor
      of bona fide purchasers and encumbrancers for value and without
14    notice.

15    Further, by express provision in a deed of trust, recitals in a trustee's deed may be furnished

16    as proof of the regularity of the sale, and no further evidence is necessary to establish the title and

17    right to possession of the purchaser. *Sorensen v. Hall*, 219 Cal. 680, 682-683 (1934); *Pacific States*

18    *Savings & Loan Co. v. O'Neill*, 7 Cal. 2d 596, 599 (1936); *Cobb v. California Bank*, 6 Cal. 2d 389,

19    390 (1936). Moreover, public policy favors the finality of nonjudicial foreclosures sales conducted

20    pursuant to the power of sale contained in a deed of trust. *See Stevens v. Plumas Eureka,* 2 Cal. 2d

21    493, 496-97 (1935); *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Nonjudicial foreclosure can

22    be commenced by the trustee, mortgagee or beneficiary or any of their authorized agents. Cal. Civ.

23    Code § 2924(a)(1) and 2924b(b)(4).

24    In this case, paragraph 17 of the Deed of Trust states in relevant part that the "recitals in the

25    Trustee's deed shall be prima facie evidence of the truth of the statements made therein." RJN, Ex.

26    2. Here, the TDUS recites, among other things, the following:

27    "This deed is made pursuant to the authority and powers given to Trustee (or to Successor

28    Trustee) by law and by that certain Deed of Trust dated January 9, 2007, made to CECILIA

13

1    MANGAOANG, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY and

2    recorded on January 18, 2007 as Instrument No. 19268026 of official records in the Office of the

3    Recorder of Santa Clara, Trustee (or Successor Trustee) having complied with all applicable

4    statutory provisions and having performed all of his duties under the said Deed of Trust.

5         All requirements of law and of said Deed of Trust relating to this sale and to notice thereof

6    having been complied with. Pursuant to the Notice of Trustee's Sale, the above described property

7    was sold by Trustee (or Successor Trustee) at public auction on **November 5, 2018** at the place

8    specified in said Notice, to Grantee who was the highest bidder therefore, for **$300,408.97** cash, in

9    lawful money of the United States, which has been paid, or by credit bid if the Grantee was the

10   beneficiary of said Deed of Trust at the time of said public auction."

11        Here, all of the requisite procedural requirements were met through the foreclosure process.

12   Indeed, given Plaintiff's bankruptcy filings, Plaintiff was on notice of the default and foreclosure

13   process years before the TDUS was even recorded. Thus, Plaintiff's allegations challenging the

14   foreclosure sale are meritless. *See* Cmp., ¶¶ 356-393.

15        **c. Plaintiff fails to establish that she was Prejudiced or harmed**

16        Even if a procedural defect had been properly alleged (which it was not), in order to establish

17   that a foreclosure was wrongful, and that the plaintiff is entitled to relief, the plaintiff must establish

18   a *prejudicial* defect in the foreclosure process. *See Knapp, supra*, 123 Cal. App. 4th at 93-94 (defect

19   must not be trivial, but must be material); *see also Quinteros v. Aurora Loan Services,* 740

20   F.Supp.2d 1163, 1168-69 (E.D. Cal. 2010), *cf. Spears v. First Guaranty Mortgage Corporation,*

21   2010 WL 1135803 at *3-4 (N.D. Cal. 2010)).   Courts have consistently followed this reasoning.

22   And, it is Plaintiff's burden to show the prejudice. *Miller v. California Reconveyance Co.,* 2010 WL

23   2889103 at *10 (S.D. Cal. 2010).  Here, Plaintiff has not shown any prejudice: the foreclosure took

24   place because of Plaintiff's default, not because of any action or inaction on the part of Defendants.

25        **d. Plaintiff fails to allege tender**

26        Additionally, a condition precedent to "any cause of action" arising from an alleged wrongful

27   foreclosure is that the borrower must tender or offer to tender a sum sufficient to cure the default.

28   *See Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *Lona v. Citibank,* 202 Cal.

14

App. 4th 89, 112 (2011). ."The rules which govern tenders are strict and are strictly applied..." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." *Shuster v. BAC Home Loans Servicing, LP*, 211 Cal. App. 4th 505, 512 (2012).

Furthermore, a complaint must allege more than just an offer to tender, but that there has already been a full tender of the debt, or any facts showing that it would be inequitable to require a tender, as opposed to giving the borrower a windfall by obtaining real property and evading a lawful debt. *See Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011). Without an allegation of tender in a complaint that attacks the validity of a sale, the complaint does not state a cause of action. *See FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021-1024 (1989). In this case, Plaintiff does not allege that she could tender the debt and acknowledged she was delinquent on the Second Loan through her bankruptcy filings.

Accordingly, Plaintiff fails to state a claim for wrongful foreclosure.

### e. The Rooker-Feldman doctrine bars Plaintiff's challenge of the foreclosure process

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The reason for this is that federal district courts "are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in Rooker and Feldman had litigated and lost in state court. Their federal complaints...essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, *i.e.*, properly dismissed for want of subject-matter jurisdiction." *Id.* at 283-284.

Here, the Complaint contends that Plaintiff was harmed insofar as the foreclosure notices and foreclosure sale were invalid and void *ab initio*. *See* Cmp., ¶¶ 356-393. However, the issues arising from the foreclosure sale have already been adjudicated in state court and Plaintiff no longer has possession of the Property. RJN, Ex. 27. Thus, under the Rooker-Feldman doctrine, this Court is

15

1     barred from reviewing the rulings of the Superior Court to determine if they were made in error.

2

#### f. The assignment to NBH was proper

3         In support of her wrongful foreclosure claim, Plaintiff also alleges that the First Assignment
4 was not proper claiming that NBH was a nonexistent entity at the time of transfer. Cmp., ¶ 190.
5 This allegation is demonstrably false as NBH is a Nevada limited liability company that was formed
6 on February 16, 2011. *See* RJN, Ex. 28. Plaintiff also contends that the First Assignment was void
7 because Aidan was a suspended corporation. Cmp., ¶ 189. Assuming the truth of this allegation for
8 purposes of demurrer, it also fails as a matter of law since contracts made by suspended corporations
9 are voidable rather than void and the other party can elect to affirm the contract. *Pacific States*
10 *Corp. v. Hall*, 166 F.2d 668, 671 (9th Cir. 1948); *see also Performance Plastering v. Richmond*
11 *American Homes of California, Inc.*, 153 Cal. App. 4th 659, 663 (2007). Further, to the extent
12 Plaintiff challenges MERS authority to execute the First Assignment, this argument also fails. *See*
13 *Rubio v. U.S. Bank N.A.*, 2014 WL 1318631 at *8 (N.D. Cal. Apr. 1, 2014).

14

#### g. Plaintiff disavows the validity of the Second Loan and Second Deed of Trust

15         In support of her wrongful foreclosure claim, Plaintiff alleges that she *never* obtained the
16 Second Loan and *never* signed the corresponding note. Cmp., ¶¶ 102-106. As mentioned above,
17 these arguments are inconsistent with Plaintiff's numerous bankruptcy filings and the Court should
18 disregard these claims which are contradicted by judicially noticeable documents. Moreover, these
19 arguments conflict with Plaintiff's other allegations pertaining to the HBOR and servicing of the
20 Second Loan.

21

#### h. Plaintiff's TILA claim is time-barred and a private right of action does not exist

22

23         To the extent Plaintiff alleges a violation of the Truth in Lending Act ("TILA"), such claim is
24 time barred. 15 U.S.C. 1640(e) (one-year statute of limitations). Moreover, to the extent, Plaintiff
25 alleges a TILA violation regarding the assignment to TFS, no private right of action exists. Indeed,
26 TILA is a "disclosure statute" that, generally, "requires disclosure of certain terms and conditions of
27 credit before consummation of a consumer credit transaction." *Hauk v. JPMorgan Chase Bank,*
28 *USA*, 552 F.3d 1114, 1120 (9th Cir. 2009). The statute uses the terms 'disclosure statement' to refer

16

to [the disclosure] documents provided before the extension of credit." *Evanto v. Fannie Mae*, 814 F.3d 1295, 1298 (11th Cir. 2016); *Signori v. Fannie Mae*, 934 F.Supp.2d 1364, 1368 (S.D. Fla 2013) ("[T]he TILA provisions are clear that the disclosure documents referred to in Sections 1641(a) and 1641(e)(1) are documents generated in connection with the origination of the loan. Consequently, documents generated after an assignment has occurred cannot form the basis of an assignee's liability under Section 1641.").

### i.   The HBOR claims are meritless

To the extent Plaintiff alleges that Defendants violated various provisions under the HBOR, these claims fail as a matter of law. More particularly, claims under the HBOR apply only to first lien deeds of trust for owner-occupied properties. Cal. Civ. Code § 2924.15. Here, the subject Second Deed of Trust is a second position lien and the Property was not owner occupied. *See* RJN, Ex. 2, 10, 14.

### 2.   The first cause of action for quiet title similarly fails

A party is entitled to bring an action "to establish title against adverse claims" to real property upon the filing of a verified complaint. Code Civ. Proc. § 760.020(a), (c). The plaintiff "shall" name as defendants "the persons having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property." Code Civ. Proc. § 762.060(b).

First, Plaintiff's Complaint fails to allege facts showing the foreclosure documents were "void." Second, the Complaint does not plead that Plaintiff tendered the outstanding indebtedness owed, which is a prerequisite to their quiet title claim. "A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the . . . deed of trust is based." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013); *see also Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("a mortgagor cannot quiet his title against the mortgagee without paying the debt secured"). Thus, no claim for "quiet title" is or can be stated.

### 3.   The third cause of action for cancellation of instrument(s) similarly fails

Civil Code § 3412 provides that cancellation of a written instrument is appropriate if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable...." Civ. Code § 3412. To state a claim for relief, a plaintiff must allege

17

1    facts to show the instrument was void or voidable against that particular plaintiff. *Saterbak v.*
2    *JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 818 (2016). A plaintiff must provide facts,
3    "not mere conclusions, showing the apparent validity of the instrument designated, and point out the
4    reason for asserting that it is actually invalid." *Ephraim v. Metropolitan Trust Co. of California*, 28
5    Cal. 2d 824, 833 (1946).

6           As against Defendants, Plaintiff's cause of action seeks to cancel various instruments which
7    Plaintiff contends are void *ab initio*. *See* Cmp., ¶¶ 445-474. As set forth above, Plaintiff's
8    allegations that the First Assignment, Second Assignment, NOD, SOT, NOTS1, NOTS2, and TDUS
9    are void fail to state a claim and are meritless.

10          **B.     The Second Cause of Action Under the FDCPA Fails**

11          Plaintiff's Second Cause of Action purports to allege violations of the Fair Debt Collections
12   Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., based on Defendants' collection efforts towards
13   and servicing of the Second Loan. Cmp., ¶¶ 415-439, 442-444.

14          "To state a claim under the FDCPA, a plaintiff must allege facts that establish the following:
15   (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the
16   defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the
17   defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the
18   FDCPA." *Pratap v. Wells Fargo Bank, N.A.*, 63 F.Supp.3d 1101, 1113 (N.D. Cal. 2014). Further,
19   in order to state a claim, plaintiff must "plead factual content that allows the court to draw the
20   reasonable inference that" defendants are debt collectors within the meaning of the FDCPA.
21   *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013).

22          The term "debt collector" is defined to include: (1) "any person who uses any instrumentality
23   of interstate commerce or the mails in any business the principal purpose of which is the collection
24   of any debts," and (2) any person "who regularly collects or attempts to collect, directly or
25   indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

26          In a recent decision, the United States Supreme Court affirmed that "those who engage in
27   only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act."
28   *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1038 (2019). Indeed, "[t]he law is well-

18

1  settled that creditors, mortgagors (sic), and mortgage servicing companies are not debt collectors and
2  are statutorily exempt from liability under the FDCPA." *Herrera v. U.S. Bank, N.A.*, 2014 WL
3  1806923 *2 (S.D. Cal. May 5, 2014) (citing *Aguirre v. Cal–Western Reconveyance Corp.*, 2012 WL
4  273753, at *7 (C.D. Cal. Jan. 30, 2012)). Similarly, "foreclosing on [a] property pursuant to a deed
5  of trust is not the collection of a debt within the meaning of the FDCPA." *Izenberg v. ETS Servs.,*
6  *LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).

7       Here, Plaintiff concedes that Defendants were beneficiaries and/or servicers of the Second
8  Loan given her allegations' regarding a purported loan modification application and alleged
9  violations of the HBOR. Indeed, such allegations would not be valid unless Defendants held an
10  interest in the Second Loan. Thus, the Defendants are not subject to the FDCPA. Moreover, even if
11  Plaintiff could show that Defendants somehow qualified as debt collectors under the FDCPA,
12  Plaintiff fails to explain how the act of foreclosure can amount to debt collection in the face of
13  overwhelming case law to the contrary.

14       Additionally, Plaintiff's claims fail because she has not alleged facts to show any false or
15  misleading information regarding any alleged debt owed. Instead, Plaintiff simply alleges that
16  Defendants sent a letter demanding payment in full. *See* Cmp., ¶ 424. Plaintiff also fails to allege
17  facts showing that the principal purpose of Defendants' business is to collect debts. *See Schlegal,*
18  *supra*, 720 F.3d at 1208-09 (finding plaintiff failed to allege facts sufficient to show that Wells Fargo
19  was in the business of collecting debts).

20       For these reasons, Plaintiff fails to allege sufficient facts to state any FDCPA claim, and
21  Plaintiff's Second Causes of Action should be dismissed without any leave to amend.

22  ## C. The Fifth Cause of Action for Replevin Fails

23       "[R]eplevin is a common law remedy that permits the prevailing party to recover both
24  personal property and incidental damages from an unlawful possessor." *Adler v. Taylor*, 2005 U.S.
25  Dist. LEXIS 5862 at *8 (C.D. Cal. February 2, 2005).

26       Here, Plaintiff alleges that she has satisfied the Second Loan and therefore the note should be
27  returned to her. Cmp., ¶¶ 502-503. However, no facts are pled stating to whom Plaintiff tendered
28  payment and when. Moreover, these allegations contradict Plaintiff's assertions that she *never*

19

1    signed the note (Cmp., ¶ 104) and *never* received the loan proceeds (Cmp., ¶¶ 114-115). Thus, the

2    allegations are implausible given that Plaintiff cannot enforce rights arising under contracts to which

3    she is not a party. *See Jones v. Aetna Casualty & Surety Corp.*, 26 Cal. App. 4th 1717, 1722 ("Thus,

4    someone who is not a party to the contract has no standing to enforce it or to recover

5    extracontractual damages for the wrongful withholding of benefits to the contracting party.").

6          Accordingly, Plaintiff has not stated an entitlement to the note from Defendants and thus has

7    not stated a claim for replevin. *See Credit Bureau of San Diego v. Horeth*, 60 Cal. App. 2d 47, 48

8    (1943) ("The general rule is that a complaint for the recovery of personal property must allege

9    ownership and right of possession, or facts showing right of possession at the time the action was

10    filed.").

11         **D.    The Sixth Cause of Action for Defamation Fails**

12          Defamation is "the intentional publication of a statement of fact that is false, unprivileged,

13    and has a natural tendency to injure or that causes special damage." *Ringler Associates Inc. v.*

14    *Maryland Casualty Co.*, 80 Cal. App. 4th 1165, 1179 (2000).

15         Here, Plaintiff's defamation cause of action is based on her allegation that Defendants

16    submitted false and misleading information to credit bureaus. Cmp., ¶ 506. Although no facts are

17    pled to discern the scope of the alleged reports, presumably they relate to the indebtedness of the

18    Second Loan and foreclosure of the Property. Nevertheless, assuming the truth of the allegation, the

19    cause of action still fails as "[a] credit report, even one that causes harm, is not defamatory if it is

20    true." *Francis v. Dun & Bradstreet, Inc.*, 3 Cal. App. 4th 535, 540 (1992). Moreover, a plaintiff's

21    admission of truth will bar a claim for defamation. *Hejmadi v. Amfac, Inc.*, 202 Cal. App. 3d 525,

22    553 (1988). Here, Plaintiff admitted the validity of the debt in her bankruptcy schedules and

23    attempted to strip the Second Loan. *See* RJN, Ex. 16. Plaintiff's admissions in her bankruptcy

24    schedules validating the underlying debt and default bar any claim of defamation.

25         Additionally, any claims regarding the recording of foreclosure notices are similarly barred

26    because "the statutorily required mailing, publication, and delivery of notices in nonjudicial

27    foreclosure, and the performance of statutory nonjudicial foreclosure procedures, [are] privileged

28    communications under the qualified common interest privilege of [Civil Code] section 47,

1    subdivision (c)(1)"). *Kachlon v. Markowitz,* 168 Cal. App. 4th 316, 333-34 (2008). The qualified

2    privilege of Civil Code § 47 bars any tort claim arising out of the statutorily required mailing,

3    publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory

4    nonjudicial foreclosure procedures, absent a showing of malice. *Id.* at 339. "[W]here the complaint

5    discloses a case of qualified privilege, no malice is presumed and in order to state a cause of action

6    the pleading must contain affirmative allegations of malice in fact." *Locke v. Mitchell,* 7 Cal. 2d

7    599, 602 (1936); *Smith v. Hatch,* 271 Cal. App. 2d 39, 47 (1969) ("Since the qualified privilege

8    creates a presumption that the communication is made innocently and without malice...the pleadings

9    must contain affirmative allegations of malice in fact....").

10       Accordingly, Plaintiff has failed to state a claim for defamation and the motion to dismiss

11   this cause of action should be granted.

12   **VIII.   PUNITIVE DAMAGES ARE NOT WARRANTED**

13       Additionally, to the extent Plaintiff seeks punitive damages, her claim fails as a matter of

14   law. To warrant punitive or exemplary damages, a complaint must allege conduct of "such severity

15   or shocking character that it warrants the same treatment as that accorded to willful misconduct –

16   conduct in which the defendant intends to cause harm." *Nolan v. National Convenience Stores,* 95

17   Cal. App. 3d 279, 286 (1979). Ultimate facts of the defendant's oppression, fraud or malice must be

18   alleged. *Cyrus v. Haveson,* 65 Cal. App. 3d 306, 316-17 (1976). Moreover, facts alleging actual

19   malice must be pleaded. *Toole v. Richardson-Merrell, Inc.,* 251 Cal. App. 2d 689, 713 (1967).

20       To the extent Plaintiff's conclusory allegations, claims and prayer fall under California Civil

21   Code § 3294, punitive damages are permitted only where defendant "has been guilty of oppression,

22   fraud or malice." Civ. Code § 3294(a). The terms "oppression," "fraud," and "malice" are defined

23   by Section 3294. Malice is "despicable" conduct of the defendant with a willful and conscious

24   disregard of the rights or safety of others. Oppression is despicable conduct that exposes an

25   individual to cruel and unjust hardship in conscious disregard of that individual's rights. Fraud is

26   intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with

27   the intention on the part of the defendant of thereby depriving a person of property or legal rights or

28   otherwise causing injury.

21

1    A pleading is not sufficient if it merely alleges the statutory language. Rather, sufficient
2 || facts must be pleaded to show a party's acts are oppressive, fraudulent or malicious. *Hilliard v. A.H.*
3 || *Robbins Co.*, 148 Cal. App. 3d 374, 392 (1983).  Moreover, a prayer for punitive damages may not
4 || be based on conclusory allegations.  *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 29
5 || (1975).  Where a prayer for relief for punitive damages is not based on supported conclusions, those
6 || conclusions are properly stricken.  "Whatever words are found in pleading (such, for instance, as
7 || 'carelessly, negligently, willfully, wrongfully, and in fraud of the right of these plaintiffs') going to
8 || state the pleader's conclusions, may be disregarded.  A motion to strike out would be the proper way
9 || to seek their elimination . . . ." *Smithson v. Sparber*, 123 Cal. App. 225, 232 (1932). "Allegations
10 || that the acts of [defendant] were 'arbitrary, capricious, fraudulent, wrongful and unlawful' like other
11  adjectival descriptions of such proceedings, constitute mere conclusions of law."  *Faulkner v.*
12 || *California Toll Bridge Authority*, 40 Cal. 2d 317, 319 (1952).  These rules are consistent with
13 || California's general disfavor of -- and strict pleading requirements for -- punitive or exemplary
14 || damages.  *Henderson vs. Security Pac. Nat'l. Bank*, 72 Cal. App. 3d 764, 771 (1977).

15    Here, no facts are pled demonstrating oppression, fraud, or malice.  Accordingly, punitive
16 || damages are not warranted under any cause of action and Plaintiff's prayer should be stricken.

17  **IX.   CONCLUSION**

18    For the foregoing reasons, the Court should dismiss the Complaint and each cause of action
19 || therein, for failure to state a claim upon which relief may be granted.  As these defects cannot be
20 || cured by amendment, the Court should dismiss the claims without leave to amend.

21  DATED: July 24, 2019              **PARKER IBRAHIM & BERG LLP**

22

23                                 By:   */s/ Matthew Henderson*
                                       JOHN M. SORICH
24                                     MATTHEW HENDERSON
                                       Attorneys for Defendants
25                                     TRINITY FINANCIAL SERVICES, LLC and
                                       NEWPORT BEACH HOLDINGS, LLC
26

27

28

22

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF P&A IN SUPPORT
Case No. 5:19-cv-03125-SVK
5967084.1

1

# PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF ORANGE

3

*Cecilia Mangaoang v. Special Default Services, Inc.*
USDC Northern District Case No.: 5:19-cv-03125-SVK

4

5   I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Parker Ibrahim & Berg LLC, 695 Town Center Drive, 16ᵗʰ Floor, Costa Mesa, California 92626.**

6

7   On July 24, 2019, I served the foregoing document described as **NOTICE OF MOTION AND MOTION OF DEFENDANTS TRINITY FINANCIAL SERVICES, LLC, AND NEWPORT BEACH HOLDINGS, LLC, TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

8

9

10   ☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

11

**SEE ATTACHED SERVICE LIST**

12

☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 695 Town Center Drive, 16ᵗʰ Floor, Costa Mesa, California 92626. The envelope was mailed with postage thereon fully prepaid.

13

14

15   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

16

17   **BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

18

19   ☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Golden State Overnight or Federal Express Drop Box located at 695 Town Center Drive, 16ᵗʰ Floor, Costa Mesa, California 92626. The envelope was deposited with delivery fees thereon fully prepaid.

20

21

22   ☒   **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov

23

24   ☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

25

Executed on July 24, 2019, at Costa Mesa, California.

26

*/s/ Julia Hernandez*

27                                                    Julia Hernandez

28

1

**SERVICE LIST**
*Cecilia Mangaoang v. Special Default Services, Inc.*

2

*USDC Northern District Case No.: 5:19-cv-03125-SVK*

3

4  Cecilia Mangaoang                          Plaintiff, In Pro Per
   1765 Landess Avenue
5  PMB #232                                   T: (408) 876-9950
6  Milpitas, CA 95035

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00637048.DOCX }

**PROOF OF SERVICE**