**PARKER IBRAHIM & BERG LLP**
JOHN M. SORICH (CA Bar No. 125223)
john.sorich@piblaw.com
MATTHEW S. HENDERSON (CA Bar No. 274252)
matthew.henderson@piblaw.com
695 Town Center Drive, 16th Floor
Costa Mesa, California 92626
Tel: (714) 361-9550
Fax: (714) 784-4190

Attorneys for Defendants
TRINITY FINANCIAL SERVICES, LLC and
NEWPORT BEACH HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MANGAOANG,<br><br>          Plaintiff,<br><br>v.<br><br>SPECIAL DEFAULT SERVICES, INC.; TRINITY FINANCIAL SERVICES, LLC; NEWPORT BEACH HOLDINGS, LLC; WILMINGTON TRUST, NA, SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE, FOR THE BENEFIT OF REGISTERED HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3; SELECT PORTFOLIO SERVICING, INC.; Does # 1 -10, inclusive,<br><br>          Defendants. | **CASE NO.:** 5:19-cv-03125-SVK<br><br>Assigned For All Purposes To:<br>Hon. Susan van Keulen<br><br>**REPLY OF DEFENDANTS TRINITY FINANCIAL SERVICES, LLC, AND NEWPORT BEACH HOLDINGS, LLC, TO OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>**TRIAL DATE:**     None set.<br>**ACTION FILED:**  June 5, 2019 |

///

///

///

1

# MEMORANDUM

Defendants Trinity Financial Services, LLC ("TFS") and Newport Beach Holdings, LLC ("NBH") (collectively, "Defendants") respectfully submit the following points and authorities in support of their reply in response to the opposition ("Opp.") of plaintiff Cecilia Mangaoang to the motion to dismiss the complaint ("Complaint") for failure to state a claim for relief as set forth below.

## I. SUMMARY OF ARGUMENT

Plaintiffs' opposition brief fails to demonstrate that the Complaint and the claims asserted therein have been sufficiently pled against Defendants. Rather, the opposition merely repeats the same facts and untenable legal theories challenged by Defendants which, as pointed out in the operative motion, fail to state a claim and are implausible on their face. Moreover, the opposition is surprisingly sparse in supporting legal authority and fails to respond to many of the issues raised in the operative motion.

As the opposition fails to respond to arguments that are dispositive of the entire lawsuit, and relies on conclusory allegations and theories lacking factual support, and fails to demonstrate how the Complaint could be amended to allege a valid claim, the Court should grant the motion to dismiss in its entirety without leave to amend.

## II. THE COMPLAINT IS BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL

In the bankruptcy context, judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists prior to or during the pendency of her bankruptcy, but fails to disclose the cause of action as a contingent asset or to amend her schedules to reflect such asset. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 784 (9th Cir. 2001); *see also Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1614 (2011).

In Plaintiff's opposition, she contends that she did not list any third party claims in her bankruptcy schedules because she was unaware of such claims at that time. However, this claim is demonstrably false as she was aware in her 2016 bankruptcy filing that Defendants asserted a lien interest in the Property having identified NBH as a lienholder in that bankruptcy. If Plaintiff contends that Defendants never held a lien interest, or that she never even obtained a loan relating to

Defendants' lien interests (Cmp, ¶¶ 104, 114-115), certainly she was aware of the existence of such claim at the time she filed her 2018 bankruptcy.

Additionally, Plaintiff did not object to the NBH proof of claim filed in Plaintiff's 2017 bankruptcy thereby tacitly acknowledging the validity of the underlying debt.  *See* RJN, Ex. 15. Then, in the same bankruptcy, Plaintiff again acknowledged the validity of the underlying debt and arrears by moving to have the Second Loan valued to $0.00.  *See* RJN, Ex. 16.

Notably, the support for judicial estoppel does not end with Plaintiff's bankruptcy filings.  In the Complaint, Plaintiff makes allegations that directly contradict her claims challenging Defendants' lien interests by stating that she completed a loan modification application for the Second Loan and that NBH breached a contract with Plaintiff by failing to grant her a modification. *See* Cmp., ¶¶ 224-226.  Moreover, Plaintiff alleges violations under the Homeowner Bill of Rights ("HBOR") with regard to servicing of the Second Loan (Cmp., ¶¶ 314-322), and she also alleges that NBH did not credit all of the payments she made to her account (Cmp., ¶ 147).

Accordingly, based on the bankruptcy filings of which the Court should take judicial notice, the entire Complaint should be barred under the doctrine of judicial estoppel based on Plaintiff's inconsistent allegations and legal theories.

### III. PLAINTIFF DOES NOT OPPOSE THE MOTION WITH REGARD TO THE DOCTRINE OF RES JUDICATA

In her opposition, Plaintiff does not make a single argument opposing the application of res judicata to her Complaint.  Courts in the Northern District have found the failure to oppose a specific claim as a concession that the claim at issue should be dismissed.  *Marziano v. County of Marin*, 2010 U.S. Dist LEXIS 109595 at *10 (N.D. Cal. Oct. 4, 2010); *GN Resound A/S v. Callpod, Inc.*, 2013 U.S. Dist. LEXIS 40402 at *13 (N.D. Cal. March 21, 2013).

Accordingly, the Court should find that each claim in the Complaint is barred by the doctrine of res judicata and dismiss the Complaint in its entirety without leave to amend.

### IV. PLAINTIFF'S CONTRADICTORY ALLEGATIONS VIOLATE RULE 8

In the opposition, Plaintiff cites to Federal Rule of Civil Procedure 8(d)(3) which provides that "[a] party may state as many separate claims or defenses as it has, regardless of consistency,"

1  presumably to argue that she is authorized to plead inconsistent claims througout the Complaint. *See* Opp., p. 3 of 21.  However, Plaintiff conflates the definitions of inconsistency and contradictory which have decidedly different meanings.  That is, while Rule 8(d)(3) allows inconsistent claims to be pled, it does not allow Plaintiff to take wholly contradictory positions. *See e.g., Rutherofrd v. FIA Card Servs., N.A.*, 2014 U.S. Dist. LEXIS 124424 at *10 (C.D. Cal. Sept. 5, 2014) ("Rule 8 does not, however, allow a plaintiff to circumvent state law by stating a claim for both express and quasi contract."); *Maloney v. Indymac Mortg. Servs.*, 2014 U.S. Dist. LEXIS 161060 at *15-16 (C.D. Cal. Nov. 17, 2014); *Warner v. Tinder Inc.*, 105 F. Supp.3d 1083, 1098 (C.D. Cal. 2015).  Indeed, while "a party is authorized to assert alternative and inconsistent claims, Rule 8(d)'s liberality has its limits…and no authority is known…which permits blowing hot and cold in the same cause of action." *Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Labs., Inc.*, 2009 U.S. Dist. LEXIS 110030 at *34-35 (E.D. Cal. Nov. 25, 2009).

As noted in the moving papers, Plaintiff's Complaint is not pled under an alternative theory, but rather an alternative universe.  Plaintiff's Complaint runs afoul of Rule 8 by alleging that the entire loan history for the Property is non-existent and the she never executed the note and Second Deed of Trust, while conversely arguing that she made payments under the Second Loan and completed a loan modification application.  The adoption of contradictory versions of facts undermines the integrity of the adjudicative process and puts a strain on the Courts and the parties. In essence, Plaintiff espouses a sham pleading without having even amended the complaint. Thus, at this point, any leave to amend would be futile because any amendment by definition would be a sham.

Accordingly, Plaintiff's Complaint is entirely implausible such that Defendants cannot reasonably be expected to respond to the allegations and the motion to dismiss should be granted without leave to amend.

///
///
///
///

## V. EVEN IF PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE DOCTRINES ABOVE, PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION FAIL SUBSTANTIVELY

### A. The Opposition Fails to Support the First, Third and Fourth Causes of Action

Despite filing two separate motions requesting leave of court to file a late opposition brief, Plaintiff opposes Defendants' motion to dismiss her wrongful foreclosure, quiet title, and cancellation of instruments claims by simply repeating in her opposition the same allegations in the Complaint. These allegations purport to challenge every piece of paper ever conceived regarding the subject loans and title history to the Property. Moreover, Plaintiff didn't even bother to address the majority of arguments raised in the motion to dismiss, presumably because such arguments are indefensible, and for that reason the motion should be deemed unopposed on those grounds. As for the limited arguments set forth in the opposition, such arguments are legally and factually unsupported, confusingly stated, and fail to demonstrate how the Complaint is sufficiently pled. Furthermore, Plaintiff does not provide an offer of proof as to how the Complaint can be amended to state a valid claim.

As explained in further detail below, the motion to dismiss the wrongful foreclosure, quiet title, and cancellation of written instrument claims should be granted.

#### a. Plaintiff's arguments challenging Defendants' authority to foreclose are implausible and contradictory

In her opposition, Plaintiff opposes the motion to dismiss by arguing that Defendants were not entitled to enforce note. *See* Opp., at p. 5 of 21. Furthermore, the opposition refers to the portion of the Complaint where Plaintiff alleges, in conclusory fashion, that Defendants were "not in possession of the Second Note" and were not "entitled to enforce the Second Note." Cmp., ¶¶ 350-351. These conclusions are insufficient to state a claim for wrongful foreclosure. Moreover, as noted in the moving papers, possession of the note is not required to foreclose. *See Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 440 (2012).

///

///

Amazingly, despite claiming that Defendants have no lien interest whatsoever and that Plaintiff never signed the Second Deed of Trust and corresponding note (See Opp., at p. 7 of 21), Plaintiff then argues that she didn't default on the Second Loan and made all agreed payments. *See* Opp., at p. 8 of 21.

Plaintiff's contradictory allegations challenging Defendants' authority to foreclose are implausible and the motion should be granted in its entirety.

### b. **Plaintiff must tender the debt in order to pursue these claims**

In the opposition, Plaintiff contends that she is not required to tender because she alleges that Defendants are not mortgagees. *See* Opp., at p. 8 of 21. Of course, this argument is demonstrably false when viewed in conjunction with other allegations in the Complaint as well as Plaintiff's disclosures in bankruptcy acknowledging Defendants' lien interest.

The purpose of the tender requirement is to avoid giving plaintiffs "an inequitable windfall, allowing them to evade their lawful debt." *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011). Moreover, "[nothing] short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Gaffney v. Downey Sav. & Loan Ass'n*, 200 Cal. App. 3d 1154, 1165 (1988). This tender requirement is in tune with maxims of jurisprudence as articulated by the California Supreme Court that "[o]ne who seeks equity must do equity." *Meetz v. Mohr*, 141 Cal. 667, 673 (1904). If tender was not required at the outset, as suggested by Plaintiff, then Plaintiff would garner a windfall by maintaining an equitable claim against Defendants, without having paid for it, and without any assurance that she would be capable of tendering the amount in the event the sale were set aside.

Plaintiff's admitted failure to tender is fatal to her equitable claims for wrongful foreclosure, quiet title, and cancellation of written instruments.

### c. **The Rooker-Feldman doctrine bars Plaintiff's challenge of the foreclosure process**

In her opposition, Plaintiff contends that the Rooker-Feldman doctrine is inapplicable because the state court judgment in the unlawful detainer action only deals with possession of the Property. See Opp., at p. 9 of 21. However, Plaintiff ignores the fact that her wrongful foreclosure

claims are based, in part, on challenges to the foreclosure process. *See* Cmp., ¶¶ 356-393. Typically, unlawful detainer actions only resolve matters of possession of real property, and not complex issues of title. *High v. Cavanaugh*, 205 Cal. App. 2d 495, 498 (1962). However, one exception to this general rule involves challenges to the foreclosure process itself, which a defendant in possession of real property is entitled to assert as a defense to the unlawful detainer complaint. *See Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th 968, 973-975 (2010).

Thus, to the extent Plaintiff's claims for wrongful foreclosure, quiet title, and cancellation of instruments are based upon challenges to the foreclosure process, those claims are barred by the Rooker-Feldman doctrine as those issues were already adjudicated in state court, and the federal district court lacks subject matter jurisdiction to re-litigate such issues.

### d. The assignment to NBH was proper

In support of her opposition to the motion to dismiss, Plaintiff argues that the Complaint sufficiently pleads wrongful foreclosure because Aidan, the original lender, was a suspended corporation and NBH did not exist. *See* Opp., at p. 6 of 21. However, these allegations in the Complaint were refuted in the motion to dismiss demonstrating that NBH was an extant Nevada limited liability company (RJN, Ex. 28) and that even if Aidan was suspended such suspension would only render the assignment voidable. Plaintiff has not contradicted those arguments in her opposition. Instead, Plaintiff merely recites the same conclusory allegations in the Complaint which fail for the reasons set forth herein and in the operative motion.

Accordingly, Plaintiff's claims challenging foreclosure fail to state a claim and the motion to dismiss should be granted.

### B. The Second Cause of Action Under the FDCPA Fails

In the opposition, Plaintiff fails to respond to Defendants' motion to the second claim for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff's failure to oppose the motion as to this cause of action raises a reasonable inference that the motion has merit and should be granted without leave to amend. *See supra,* Section V.

///

///

### C. The Fifth Cause of Action for Replevin Fails

Plaintiff's opposition fails to respond to Defendants' motion to dismiss with regard to Plaintiff's replevin claim. Accordingly, Plaintiff's failure to respond to Defendants' arguments should constitute a waiver and concession that the motion has merit. *See supra,* Section V.

### D. The Sixth Cause of Action for Defamation Fails

Plaintiff's opposition fails to respond to Defendants' motion to dismiss with regard to Plaintiff's defamation claim. Accordingly, Plaintiff's failure to respond to Defendants' arguments should constitute a waiver and concession that the motion has merit. *See supra,* Section V.

## VI. THE COURT SHOULD GRANT THE REQUEST FOR JUDICIAL NOTICE

In the opposition, Plaintiff challenges Defendants' request for judicial notice contending that the request improperly seeks the truth of the documents submitted as Exhibits 1-28 and that all of the documents are unauthenticated. *See* Opp., at p. 9 of 21. However, Plaintiff's arguments are vague and entirely misguided.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" and either are "(1)…generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice is mandatory if it is "requested by a party and [the Court is] supplied with the necessary information." *Id.*

Plaintiff challenges judicial notice of the recorded instruments and court filings based upon several case authorities, but most notably *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Her reliance on *Lee*, however, is misplaced. In *Lee*, a § 1983 case, the public records disputed in defendant's request for judicial notice involved two documents: (1) a waiver of extradition form; and (2) the transcript of an extradition hearing. *Lee*, 250 F.3d at 689. In that matter, the Ninth Circuit found that the court improperly took judicial notice of disputed facts, including the "validity" of the individual's waiver of extradition in dismissing the complaint. *Id.* at 690. Plaintiff's reliance on the *Lee* case is misplaced because no such analogous facts are presented here.

///

1    Indeed, even in *Lee v. City of Los Angeles,* the Ninth Circuit clearly sets forth the rule that:
2  "A court may take judicial notice of 'matters of public record' without converting a motion to
3  dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (citing *MGIC Indem. Corp. v.*
4  *Weisman,* 803 F.2d 500, 504 (9th Cir.1986)).

5    Further, courts routinely take judicial notice of official records filed with the county recorder,
6  including notices of deeds of trust, trustee's deeds upon sale, and notices of defaults. *See, e.g., Rosal*
7  *v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1120 (N.D. Cal. 2009); *Hotel Emps. & Rest. Emps.*
8  *Local 2 v. Vista Inn Mgmt. Co.,* 393 F.Supp.2d 972, 977-78 (N.D. Cal. 2005); *W. Fed. Sav. & Loan*
9  *Ass'n v. Heflin Corp.,* 797 F. Supp 790, 792 (N.D. Cal. 1992). Thus, judicial notice should properly
10 be taken of the recorded instruments, including Exhibits 1-9 purportedly challenged by Plaintiff.

11   Additionally, Plaintiff's challenge to judicial notice of court records should also be overruled
12 because it is entirely appropriate to take judicial notice of court records, including orders. *See*
13 *generally* 9 Wright and Miller, Federal Practice and Procedure § 2410, at 359-61 (1971); *United*
14 *States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Kasey v. Molybdenum Corp. of America*, 336
15 F.2d 560 (9th Cir.1964).  Accordingly, judicial notice of Exhibits 10-27 should be granted.

16   Also, "a court may take judicial notice of records and reports of administrative bodies."
17 *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Juneau v. Kenner*,
18 2009 U.S. Dist. LEXIS 134617at *6 (C.D. Cal. May 14, 2009) (granting request for judicial notice
19 of California Secretary of State's public record showing business entity's corporate status).  Thus,
20 records on file with the Nevada Secretary of State are proper for judicial notice. *See* RJN, Ex. 28.

21   Lastly, to the extent Plaintiff challenges the authenticity of the documents presented for
22 judicial notice, the objection should be denied as vague and overly broad.  Indeed, the Complaint
23 references title records that are included in Defendants' request for judicial notice.  Without a
24 specific objection as to which documents and what portions of the documents are challenged, and
25 why they are challenged, Plaintiff's objection is lacking in support and should be overruled.

26   Based on the foregoing, this Court should take judicial notice of the documents attached to
27 the RJN as Exhibits 1-28, which are all subject to judicial notice.

28 ///

8

**REPLY IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS COMPLAINT**
Case No. 5:19-cv-03125-SVK

6154518.3

## VII. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for failure to state a plausible claim upon which relief may be granted. As these defects cannot be cured by amendment, the Court should dismiss the claims without leave to amend.

DATED: September 12, 2019                **PARKER IBRAHIM & BERG LLP**


By:   */s/ Matthew Henderson*
      JOHN M. SORICH
      MATTHEW HENDERSON
      Attorneys for Defendants
      TRINITY FINANCIAL SERVICES, LLC and
      NEWPORT BEACH HOLDINGS, LLC

# PROOF OF SERVICE

### (1013A(3) Code Civ. Proc. Revised 5/1/88)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 695 Town Center Drive, 16th Floor, Costa Mesa, California 92626.

On September 12, 2019, I served the foregoing document described as **REPLY OF DEFENDANTS TRINITY FINANCIAL SERVICES, LLC, AND NEWPORT BEACH HOLDINGS, LLC, TO OPPOSITION TO MOTION TO DISMISS COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐   by overnight delivery via GSO Overnight or Federal Express pursuant to Code of Civil Procedure section 1013.

☐   by facsimile. I caused such document to be served by facsimile pursuant to Rules of Court rule 2.306, on _____, at approximately _____ from my facsimile telephone number 714.784.4190.

The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine. A copy of the transmission report is attached to this proof of service.

☐   by personal delivery to:

☒   by mail as follows: I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   I caused such document to be served on this date by electronic transmission in accordance with standard procedures and to the e-mail address listed on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 12, 2019, at Costa Mesa, California.

  */s/ Rhonda K. Viers*
Rhonda K. Viers

1
**PROOF OF SERVICE**

6154518.3

**Case Name:**     **MANGAOANG, CECILIA V. SPECIAL DEFAULT SERVICES, ET AL.**
**Case No.:**         **19CV344274**
**Our File No.: 1268.0009**

## MAILING LIST

Cecilia Mangaoang                                   *Plaintiff In Pro Se*
1765 Landess Avenue
PMB #232
Milpitas, CA 95035
EMAIL: ceciliamangaoang@mail.com
TEL: (408) 876-9950
FAX: